LEON GREENBERG PROF. CORP..
Leon Greenberg     #8094
2965 South Jones Boulevard
Suite E-3
Las Vegas, NV 89146
Tel:  (702) 383-6085
Fax:  (702) 385-1827
Leongreenberg@overtimelaw.com

THIERMAN BUCK LLP
Mark R. Thierman #8285
Joshua Buck #12187
7287 Lakeside Drive
Reno, NV 89511
Attorney for Plaintiffs

KAMER ZUCKER ABBOTT
Gregory J. Kamer  #0270
R. Todd Creer        #10016
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
gkamer@kzalaw.com
tcreer@kzalaw.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

QUY NGOC TANG and JOSEPH
CESARZ, and all persons whose names
are set forth in Exhibit A, individually
and on behalf of all others similarly
situated,

               Plaintiffs,

vs.

WYNN LAS VEGAS, LLC,

               Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:18-cv-00891-APG-GWF

**JOINT MOTION TO APPROVE
SETTLEMENT OF FAIR
LABOR STANDARDS ACT
CLAIMS**

Plaintiffs Quy Ngoc Tang and Joseph Cesarz ("Named Plaintiffs"), on behalf of themselves and all persons who filed a consent to join this action pursuant to 29 U.S.C. § 216(b) (collectively "Plaintiffs") and proposed additional current and former employees of defendant (the "other collective action members"), and defendant Wynn Las Vegas, LLC, ("Wynn") have entered into a proposed settlement agreement (the "Settlement") to settle this action.  Because that Settlement would resolve the Fair Labor Standards Act ("FLSA") claims possessed by the Plaintiffs and other collective action members who elect to participate in it, this motion requests that the Court approve the Settlement.  Wynn joins in this motion except as to Section III (C) and (D) concerning the payment of Plaintiffs' counsel's fees and expenses and service awards to the two named plaintiffs.  It does not oppose that relief as it is sought consistent with the terms of the Settlement.

I.    **BACKGROUND**

On May 16, 2018 the Named Plaintiffs filed this putative FLSA collective action for themselves and 419 "opt in" plaintiffs.  The Plaintiffs allege Wynn violated 29 U.S.C. § 203(m)(2)(B) and 216(b) as amended and effective as of March 23, 2018.  Specifically, Plaintiffs allege they were tipped casino table games dealers at the Wynn casino who were required to give a portion of their pooled tips to their managers or supervisors or other employees in violation of 29 U.S.C. § 203(m)(2)(B).   Wynn denies the Plaintiffs' allegations and asserts the disputed employees sharing in the Plaintiffs' tip pool are not supervisors or managers of the

Plaintiffs and/or may otherwise properly share in that tip pool.  In November of 2018 Wynn ended the disputed tip pool policy and the Plaintiffs do not allege any FLSA violations arising after that policy change.

On January 21, 2013 the Named Plaintiffs filed with this Court the putative FLSA collective action case *Cesarz, et al. v. Wynn Las Vegas, LLC, et al.,* Case No. 2:13-cv-109-RCJ-CWH.   That case alleged Wynn's tip pooling policy violated the FLSA related regulations issued by the United States Department of Labor ("DOL") in 2011.  On January 10, 2014 this Court dismissed *Cesarz* finding the DOL exceeded its authority when it issued those regulations.  In 2016, a divided panel of the Ninth Circuit reversed that decision.  *Or. Rest. & Lodging Ass'n v. Perez* ("*ORLA*"), 816 F.3d 1080 (9th Cir. 2016).  While Wynn's petition for a writ of certiorari to the Supreme Court was pending, Congress amended the FLSA and stated the 2011 regulations would have "no further force or effect."  2018 Appropriations Act, Div. S § 1201(c).   The Supreme Court denied Wynn's petition and *Cesarz* was remanded to this Court.  Wynn again moved to dismiss *Cesarz* on the basis the FLSA's 2018 amendments rescinded the 2011 DOL regulations relied upon in *Cesarz*.  Judge Robert Jones of this Court agreed and dismissed *Cesarz* for the second time.  *Cesarz v. Wynn Las Vegas LLC*, No. 13- cv-1009, 2019 WL 237389, at *1 (D. Nev. Jan. 13, 2019).  Plaintiffs have filed a Notice of Appeal of that decision.  *See* Case No. 19-15166 (9th Cir.).  The *Cesarz* appeal is currently stayed pending this Settlement.  (During the pendency of their first appeal,

Plaintiffs filed a separate action, styled *Doe v. Wynn Las Vegas, LLC*, 2:16-cv-00482-JCM-NJK, which was consolidated with the *Cesarz* Action.)

A total of 943 "opt in" plaintiffs have joined this case or *Cesarz* or both cases.   The time period at issue in this case (the "*Tang* time period") is from March 23, 2018 (the effective date of the 2018 FLSA amendments) through November 11, 2018 (when the disputed tip pooling policy ended).   The time period at issue in *Cesarz* (the "*Cesarz* time period") is from May 5, 2011 (the date the disputed DOL regulations became effective) to March 23, 2018 (the date those regulations were supplanted by the 2018 FLSA amendments).

The Named Plaintiffs and their counsel, along with a representative of the Wynn and the Wynn's counsel, and Ninth Circuit Mediator Steve Saltiel conducted a successful mediation session on May 9, 2019 where they agreed to a settlement in principal of both this case and *Cesarz*.   Prior to that mediation session being conducted the Wynn provided accurate disclosures of the total amount of disputed tip pool monies separately at issue for the *Tang* and *Cesarz* time periods.

## II.   TERMS OF THE PROPOSED SETTLEMENT

The parties' Settlement (Exhibit "1" with Exhibits thereto) resolves, only for the Plaintiffs and other collective action members who elect to accept it, all claims made in this case and in *Cesarz*.   Wynn will create a fund of $5,600,000 to pay all claims and costs under the Settlement (and it will separately pay Wynn's employer payroll tax liabilities arising from Settlement claim payments).   Of that fund, up to

25% ($1,400,000) is proposed as a payment to plaintiffs' counsel for their fees; $7,497.18 for reimbursement of plaintiffs' counsel's expenses; an amount not to exceed $10,000 is proposed as a payment to each Named Plaintiff (a total of $20,000) for the services they have rendered to the other Plaintiffs and collective action members by prosecuting this case and *Cesarz*; and an amount not exceeding $20,000 would be paid to a Settlement Administrator (in the event the costs of the Settlement Administrator exceed that amount, the award of plaintiffs' counsels' fees and expense reimbursement will be reduced by such excess amount).   The remaining funds, a proposed minimum of $4,152,502.82 would be used to pay the claims of all of the Plaintiffs and other collective action members, with 70% of those funds ($2,905,000) paying the *Tang* claims and 30% of those funds ($1,245,000) paying the *Cesarz* claims.

The funds for each time period will be distributed *pro rata* to the Plaintiffs and other collective action members who participate in the Settlement as follows:

(a)     Each Settlement participant will be receive a *pro rata* portion of either the *Tang* or *Cesarz* time period funds with many being entitled to a *pro rata* portion of each fund;

(b)     If a Plaintiff or other collective action member declines to participate in the Settlement Wynn will retain their *pro rata* share of such funds.   Every Plaintiff and other collective action

member shall have 365 days after the Effective Date of the Settlement (the date 30 days after entry of final judgment or resolution of any appeal) to execute a Settlement release and receive such *pro rata* share unless they exercise their right to become a "Rejecting Plaintiff" within 60 days of the mailing of the Settlement notice;

(c)    Each *pro rata* share for the *Tang* fund is equal to the Plaintiff or other collective action member's percentage of all of the tips paid to all Wynn table games dealers from March 23, 2018 until the disputed tip policy was discontinued;

(d)    Each *pro rata* share of the *Cesarz* fund is equal to the Plaintiff or other collective action member's percentage of all of the tips paid to all Wynn table games dealers from May 5, 2011 through March 22, 2018, limited by: (1)  The date three years prior to the date each Plaintiff filed a consent to joinder in *Cesarz* under the FLSA; or (2) January 31, 2017 for collective action members who never filed a consent to joinder in *Cesarz*.  This *pro rata* distribution formula is dictated by the maximum three year statute of limitations provided for by the FLSA..

(e)     Plaintiffs and other collective action members who decline to participate in the Settlement will not have their legal claims released by the Settlement.   If they have previously "opted in" to make FLSA claims in this case or *Cesarz* those claims will be dismissed without prejudice and with the statute of limitations tolled until 30 days after the effective date of the Settlement if they elect to commence new litigation over those claims.  The Settlement provides that Plaintiffs in *Cesarz* who decline to participate in the Settlement and recommence their claims made in *Cesarz* within that tolling period shall not have those claims barred based upon *res judicata* or *collateral estoppel* arising from the decision dismissing *Cesarz*;

(f)     Plaintiffs and other collective action members may also affirmatively reject the Settlement (become a "Rejecting Plaintiff") by notifying the Settlement Administrator in writing within 60 days of the Settlement Notice mailing.   Doing so is not required to preserve the rights of any non-settling Plaintiff in this case or *Cesarz* to litigate their FLSA claims against the Wynn in a new action and receive a statute of limitations toll.

If the *pro rata* shares of the *Tang* and *Cesarz* funds allocated to all Rejecting Plaintiffs totals at least $280,000, the Wynn will have the option to void the entire Settlement.

An additional Settlement term is that this case be concluded by a final judgment and dismissal including those Plaintiffs who decline to participate in the Settlement.   Plaintiffs who do not participate in the Settlement will be dismissed from this case without prejudice and with a 30 day toll of the FLSA's statute of limitations.  They may fully litigate against the Wynn, in a promptly filed new action, the FLSA claims they have presented to the Court in this case and *Cesarz*. As discussed in the separate motion filed by plaintiffs' counsel to be relieved as counsel, this condition creates a circumstance that either allows plaintiffs' counsel to withdraw from representing any non-settling Plaintiffs in this case or requires such a withdrawal.   The parties' agreement provides that notice of the Settlement with Settlement Offer and Release forms and postage paid return envelopes for the acceptance of the Settlement will be sent to all Plaintiffs and all other collective action members.  The Settlement Administrator, CPT, will mail those documents and process Settlement acceptances and disburse Settlement funds.  On a date specified in the Court's Order (Ex. "2") approving the Settlement, such date to be more than 60 days after the Settlement Notice mailing date, the Court, unless the Settlement is voided pursuant to its terms, will hold a further hearing and/or enter a

further Order (in substantially the form at Ex. "B" to Ex. "1") entering a final judgment dismissing this case.  Such Order shall also address plaintiffs' counsel's motion to be relieved as counsel for the non-settling plaintiffs.

## III.  THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

FLSA settlements require approval by a court or supervision by the Department of Labor.  *See* 29 U.S.C. § 216(b) and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  "…claims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court."  *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) citing *Lynn's Food Stores*.  Under *Lynn's Food Stores*, a court may approve an FLSA settlement as a "fair and reasonable resolution of a bona fide dispute over [an] FLSA provision" after "scrutinizing the settlement for fairness."  *Lynn's Food Stores*, 679 F.2d at 1353, 1355.

A bona fide dispute exists when there are questions about "the existence and extent of [a] defendant's FLSA liability" and doubt that "the plaintiffs would succeed on the merits through litigation of their [FLSA] claims."  *Selk* 159 F. Supp. 3d at 1172 (quoting *Ambrosino v. Home Depot U.S.A., Inc.*, No. 11-cv-1319 L(MDD), 2014 WL 1671489, at *1(S.D. Cal. Apr. 28, 2014) and *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008)).  To determine whether the settlement is fair and reasonable under the FLSA, courts

consider: "(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Selk*, 159 F. Supp. 3d at 1173.

### A.   The Settlement Resolves a Bona Fide Dispute.

A bona fide dispute exists as to whether plaintiffs possess any actionable FLSA claims arising from Wynn's now discontinued tip pooling policy.

### 1.   Whether plaintiffs can raise any claims under the 2018 FLSA Amendments is unknown and vigorously disputed.

The 2018 FLSA amendments granted employees a right to retain certain tips and a remedy for a violation of that right.  That amendment, 29 U.S.C. Sec. 203(m)(2)(B), states:  "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Wynn argues, and would argue if this case were to proceed, that:

(a)     Wynn is not "keeping" any of the Plaintiffs' tips; and

(b)     Wynn's "Customer Service Team Leads" ("CSTL's"), whose

participation in a tip pool that included the table games dealers is what

gave rise to this dispute, were not "supervisors" or "managers."

Wynn finds support for its assertions in the DOL's interpretation of the 2018

FLSA amendments and what Wynn claims are the relevant facts.  The DOL has

opined an employer, such as Wynn, that does not take an FLSA minimum wage

"tip credit" may require employees to pool their tips with all other employees

*except* "supervisors" or "managers."  Ex. "3" DOL Field Assistance Bulletin No.

2018-3.   The DOL determines whether an employee is such a supervisor or

manager using the FLSA overtime exempt "duties test" set forth in 29 C.F.R. §

541.100(a)(2)-(4).  *Id.*  That test examines whether the employee has the "primary

duty" of management and the "authority to hire or fire other employees or whose

suggestions and recommendations as to the hiring, firing, advancement, promotion

or any other change of status of other employees are given particular weight."

Wynn asserts the CSTLs are not supervisors or managers under the test

embraced by the DOL.   It claims the CSTLs do not have the "primary duty" of

management and do not possess the authority to hire or fire other employees.  It

also insists the CSTLs do not make the sort of suggestions and recommendations that would render them supervisors or managers under the DOL's test.

The plaintiffs dispute Wynn's assertions on the duties of the CSTLs.   They do not agree under 29 U.S.C. § 203(m)(2)(B) that Wynn can require the table games dealers to share their tips with all other Wynn employees except managers and supervisors.  They maintain the DOL is improperly relying on 29 C.F.R. § 541.100(a)(2)-(4) as that regulation interprets the "executive employee" overtime exemption of 29 U.S.C. § 213(a)(1) and not the broader statutory terms "supervisor" and "manager" set forth in 29 U.S.C. § 203(m)(2)(B).

The parties set forth starkly different, and completely case dispositive, positions regarding both the applicable law and the relevant facts governing the FLSA claims made in this case.  A substantial bona fide dispute exists between the parties as to whether the Plaintiffs present any cognizable FLSA claim in this case.

## 2. Whether the claims made in *Cesarz* and arising prior to the 2018 FLSA amendments can even be brought to trial, much less prevailed upon, is unknown and vigorously disputed.

The FLSA claims in *Cesarz*, while upheld by the Ninth Circuit in 2016 in *ORLA*, have now been dismissed for a second time on the basis the 2018 FLSA amendments nullified the DOL regulations forming the basis for those claims.   It is unknown whether the Ninth Circuit would affirm or reverse that dismissal.  Yet even if were to reverse that dismissal, whether the claims made in *Cesarz* would ever reach trial, much less prevail at trial, is unknown.  The Wynn still maintains

*ORLA* was wrongly decided and it has been rejected by the Tenth Circuit in *Marlow v. New Food Guy, Inc.* 861 F.3d 1157, 1162 (10th Cir. 2017) (Holding the DOL regulations at issue in *Cesarz* are invalid).   The Eleventh Circuit has found, without addressing whether *ORLA* was correct, that private parties do not have standing to enforce those disputed DOL regulations and they are only actionable by the DOL.  *See*, *Malivuk v. Ameripark, LLC*, 694 F. Appx. 705, 708 (11th Cir. 2017). Wynn will press that issue as well if *Cesarz* is reversed on appeal and *ORLA* never addressed that potentially case dispositive standing argument.

The Ninth Circuit could also reverse its decision in *ORLA*.  Indeed, 10 of its judges joined in a dissent from the denial of *en banc* reconsideration in *ORLA*. *See*, 843 F.3d 355, 356 (9th Cir. 2016).   The United States Supreme Court could grant review of *ORLA* given the circuit split.   The claims in *Cesarz,* arising solely under DOL regulations, may also be subject to administrative extinguishment as the DOL has proposed expressly rescinding those regulations.

The plaintiffs' claims in *Cesarz* may also be greatly limited, or even entirely foreclosed, by the effective date of the rights secured to them by *ORLA* and the DOL's regulations.  This Court has previously held that the DOL regulations, as upheld by *ORLA*, only became enforceable as of February 23, 2016.  *See*, *Norsoph v. Riverside Resort and Casino,* 13-CV-580, Order of February 11, 2020, District Judge Andrew W. Gordon, p. 22-23., 2020 WL 641223 (Dist. Nev. 2020) (Prior to February 11, 2016 employers were entitled to rely on Ninth Circuit precedent and

could not be held liable for claims under the DOL's 2011 tip pooling regulations). If that determination was applied to the claims in *Cesarz*, only approximately 25 of the 81 month time period at issue in *Cesarz* (or about 31% of the potential FLSA claims at issue) would be actionable.   Wynn also asserts that a similar limitation on the actionability of the *Cesarz* claims arises as a result of the DOL's announcement in July of 2013 that it would no longer enforce the 2011 regulations within the Ninth Circuit.  If that argument was accepted, those claims would also only be actionable for a time period of 25 months.   If that argument and the *Norsoph* holding were adopted, the *Cesarz* claims would be rendered completely unactionable for the entire 81 month time period at issue in *Cesarz.*

Wynn asserts that even if the claims in *Cesarz* could proceed as a matter of law they must fail as a factual matter.  Wynn's claims the CSTLs are employees who "regularly and customarily" receive tips from customers and under the DOL's 2011 regulations may share in a tip pool with the table games dealers.   The Plaintiffs disagree and it is unknown how those disputed facts would be resolved.

In respect to the *Cesarz* claims, the parties have vastly different and completely case dispositive positions.  Accordingly, a substantial bona fide dispute

exists between the parties as to whether the Plaintiffs present any cognizable FLSA claim in the *Cesarz* case.

**B.    The Settlement is Fair and Reasonable.**

In determining whether a proposed FLSA settlement is fair and reasonable the Court examines the totality of the circumstances and the criteria used when granting approval to an FRCP Rule 23 class action settlement.  *Selk*, 159 F. Supp. 3d at 1172-1174.   While *Selk* promulgated a six factor test appropriately used by this Court, one factor of the *Selk* test is not applicable: gauging the opinions of the participating "opt in" plaintiffs to the settlement.  That is because in this case, unlike in *Selk*, the proposed Settlement is of a purely voluntary nature. [1]  It only releases the claims of the Plaintiffs and the other collective action members who affirmatively agree to the Settlement.  Plaintiffs and collective action members who fail to so agree do not lose any of their legal rights.

---

[1]    *Selk* released the claims of all 65 "opt in" consent filers and dismissed the FLSA claims of all plaintiffs with prejudice.  None (except the named plaintiff) accepted that settlement in writing.  *Selk*, despite some concerns, approved that settlement and dismissal even though there was no formal written notice given to the plaintiffs of the settlement being presented for approval and therefore "the opinions of participating plaintiffs in this case [on the settlement] eludes definitive determination."  159 F. Supp. 2d. at 1176.  In doing so it noted that the "opt in" plaintiffs had previously voluntarily agreed to join the case and that it is the settlement's fairness in totality, not its "individual component parts" that is ultimately of concern.  159 F. Supp. 2d. at 1177, citing and quoting *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

### 1.   The settlement amount bears an appropriate relationship to the claims at issue under the relevant circumstances.

The total Settlement is for $5,600,000 that is apportioned 70% ($3,920,000) to the *Tang* claim period and 30% ($1,680,000) to the *Cesarz* claim period.

As discussed in the declaration of plaintiffs' counsel, Ex. "4," declaration of Leon Greenberg, Esq., ("Greenberg Dec.") ¶ 3, the *Tang* period gross settlement payment is within 3% of the total amount paid from the table games dealers' tip pool to the CSTLs during the *Tang* claim period.   Given that there is a real possibility that the *Tang* claims, if litigated, could result in no recovery to the Plaintiffs, this is a very favorable resolution of those claims for the Plaintiffs.

The *Cesarz* period gross settlement payment equals about 6% of the tips paid from the table games dealers' tip pool to the CSTLs during the *Cesarz* claim period.  Greenberg Decl. ¶ 5.  Yet, as discussed *supra*, the potential scope of the *Cesarz* claims that may be recovered (if any) is significantly disputed.  If this Court's holding in *Norsoph* was applied to those claims the Settlement likely equals about 21% of the value of the tip pool amount paid to the CSTLs.  The *Cesarz* claims have also expired by operation for the statute of limitations for many of the current and former Wynn table games dealers

The appropriateness of the amount of the *Cesarz* claims settlement, an amount that is clearly a minority (and perhaps a small minority) of the potential claims, cannot be evaluated solely on its numeric relationship to those "potential"

claims but must be evaluated on the appropriateness of the amount under the relevant circumstances.   While the proposed Settlement is not reviewed in the same fashion as a Rule 23 class settlement (this being a purely "opt in" settlement for each Plaintiff and other collective action member), in a class action case "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Officers v. Justice v. Civil Service Commission*, 688 F.2d 615, 628 (9th Cir. 1982).  Courts within the Ninth Circuit, and elsewhere, have, under appropriate circumstances, approved class action settlements that result in a small percentage of the potential class damages being recovered.  *See*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000); *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1042 (N.D. Cal. 2008); *Bellinghausen v. Tractor Supply Company*, 306 F.R.D. 245, 256 (N.D. Cal. 2015); *Custom LED LLC v. eBay, Inc.*, 2013 WL 6114379, p. 3 (N.D. Cal. 2013) and other cases.  The recoveries in the foregoing cases were found appropriate in class settlements even though, in those cases, the legal rights of all class members were limited without their affirmative consent.  A finding that the proposed Settlement of the *Cesarz* claims is fair (given the significant obstacles to any recovery, much less a total recovery) has a far stronger basis than in any of such cases as it is on a "opt in" basis and only limits the rights of those who accept it.

### 2.    The Settlement is the product of an informed negotiation.

The settlement is fair and reasonable because it is the product of an informed negotiation between the parties.  The Wynn has provided appropriate disclosures of the amount of tip pool monies in dispute during both the *Tang* and *Cesarz* time periods.  Greenberg Decl. ¶ 2.  Counsel for the parties are well informed as to the relevant practices of the Wynn giving rise to this dispute.  Such counsel are also well aware of the legal and factual issues presented by this litigation and the lengthy *Cesarz* proceedings and those issues have greatly, and properly, influenced the parties' negotiating positions.  *See Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014) ("A settlement that occurs in an advanced stage of the proceedings indicates that the parties carefully investigated the claims before reaching a resolution.").   The proposed Settlement is based on adequate information to warrant a finding it is fair and reasonable.

### 3.    The Settlement properly considers litigation risks.

This issue is substantially discussed, *supra*.   The proposed Settlement provides for a payment of the *Tang* period claims that is essentially equal to the value of those claims, as estimated by Plaintiffs' counsel, not including the potential recovery of additional attorney's fees, costs, or FLSA liquidated damages. Yet, as discussed *supra*, Wynn would vigorously dispute those claims on both the facts and the law and the Plaintiffs cannot be assured of success on those claims. It is fair and reasonable for the Plaintiffs to accept something less than the full

measure of recovery they would secure if they were to successfully litigate those claims to judgment.

The proposed Settlement provides for a payment of the *Cesarz* period claims for an amount that is less than the potential value of those claims. That is appropriate given the multitude of unanswered legal questions bearing on those claims and their current dismissed and under appeal status, as discussed *supra*. It is difficult to even determine the proper "potential" value of those claims given that certain legal arguments raised by Wynn will drastically reduce the scope of those claims, by perhaps 70%, or could eliminate them completely. Even if the Plaintiffs resolved all of those questions of law in their favor, they would still have to prove facts vigorously disputed by Wynn. Accordingly, it is fair and reasonable for the Plaintiffs to accept a settlement that will pay them less than they might recover on those claims, given the very real prospect that they will recover nothing at all if they continue to press forward with the *Cesarz* appeal.

### 4.    The scope of the Settlement release is proper.

The scope of the release that will be given under the Settlement by the accepting Plaintiffs and other collective action members is as to "…any and all wage and hour claims and causes of action that are based on the factual allegations in the complaints in the [*Tang* and *Cesarz* ] Actions." Ex. "C" to Ex. "1" proposed form of Settlement Offer and Release.

The proposed release under the Settlement is fair and reasonable as it is limited to the claims made in this action and *Cesarz*. *See*, *Selk*, 159 F.3d at 1178, discussing collected cases on that issue and noting in FLSA cases "…a release provision should be limited to the wage and hour claims at issue." *See, also, Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011) (release proper where "released claims appropriately track the breadth of Plaintiffs' allegations in the action" and "does not release unrelated claims that class members may have against defendants").

### 5.   The informed views of counsel support the Settlement.

Plaintiffs' counsel are experienced in wage and hour class and collective actions.  Greenberg decl. ¶ 14.  Plaintiffs' counsel has determined that the Settlement's terms are substantially favorable to the current Plaintiffs and the other collective action members in respect to both the *Tang* and *Cesarz* time period claims.  *Id.*  ¶¶  3-7.  That determination involves a careful and considered analysis of the legal and factual issues raised by the claims in each case and their attendant litigation risks.  *Id.*  In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." *Larsen v. Trader Joe's Co.*, No. 11–cv–05188–WHO, 2014 WL 3404531, *5 (N.D. Cal. Jul. 11, 2014); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) ("[p]arties represented by competent counsel are better positioned than

20

courts to produce a settlement that fairly reflects each party's expected outcome in litigation" (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995))).  This factor thus weighs in favor of approval.

### 6.   The Settlement is not tainted by fraud or collusion.

The Settlement was reached after extensive investigation, information sharing, and over six years of litigation and appeals in the *Cesarz* case.  Plaintiffs' counsel has been engaged in repeated litigation (five different cases) against the Wynn in respect to the tip pooling policy in dispute in state and federal courts and administrative proceedings and multiple appeals since 2006 and has vigorously advocated for the Plaintiffs.   Greenberg Decl. ¶ 10.  The proposed Settlement is the product of informed, arm's length, negotiations between experienced counsel who have vigorously litigated this dispute for nearly 15 years.

### C.   The proposed attorney's fee and expense payment is proper.

### 1.   Plaintiffs' counsel believe that a fee of 25% of an FLSA common fund is proper, and Defendant does not oppose.

Plaintiffs' counsel seeks a fee equal to 25% of the total recovery secured in this case.   The Settlement creates a "common fund" for the benefit of all plaintiffs in this case, in *Cesarz*, and all other similarly situated persons with FLSA claims that have not yet joined this case or *Cesarz*.   As discussed in *Selk*, when an FLSA settlement creates such a common fund it is appropriate for the Court to use a "…percentage-of-recovery method to determine a reasonable attorney's fee."  159

F.Supp.3d at 1180.  In the Ninth Circuit the "benchmark" used for such a

percentage of recovery of common fund fee award is 25%.  *Id.,* citing and quoting

*In re Online DVD-Rental Antitrust Litig.,* 779 F.3d 934, 949 (9th Cir. 2015).

> **2.      Plaintiffs' counsel believe that the fee of 25%
> of the recovery is also proper based on the fee
> <u>agreement entered into by the current plaintiffs.</u>**

Every plaintiff who has opted into in this case and in *Cesarz* signed a written

contingency fee agreement with plaintiffs' counsel granting such counsel a fee of

25% of any recovery on such plaintiffs' FLSA claim.   Greenberg Decl. ¶ 8.  That

fee is properly paid to plaintiffs' counsel if the plaintiffs agree to accept the

settlement as long as it is not an "unreasonable fee" in violation of Nevada Rules of

Professional Conduct Rule 1.5.  Plaintiffs' counsel submits that percentage fee,

intended to compensate plaintiffs' counsel for the risk they would recover no fee

whatsoever (and the potential loss of the expenses advanced to prosecute such

litigation), is reasonable as a matter of law.   It is less than the typical contingency

fees charged in many tort cases where there is little or no risk of non-collection.

Nor do the FLSA claims in this case, and the possibility of an award of

statutory attorney's fees, necessarily override the terms of the plaintiffs'

contingency fee agreement with plaintiffs' counsel.  *See*, *Venegas v. Mitchell*, 495

U.S. 82 (1990) (Plaintiff's counsel can receive fee as percentage of recovery

pursuant to fee agreement with plaintiff and statutory fee award payable by

defendant).  The Ninth Circuit has not expressly opined on this issue in the FLSA

context, but the Eighth Circuit has held agreements by the parties on the fees to be paid to plaintiffs' counsel in FLSA cases are entitled to significant deference.  *See, Melgar v. OK Foods*, 902 F.3d 775, 779-80 (8th Cir. 2018) (Reversing district court's denial of agreed fees to be paid to FLSA plaintiffs' attorneys).  It subsequently found that the district court's authority to review FLSA settlements was limited to the merits of the plaintiff's claims and no such authority exists to approve or disapprove of FLSA attorney fee settlements.  *See*, *Barbee v. Big River Steel*, *Inc.*, 927 F.3d 1024, 1027 (8th Cir. 2019).[2]

      None of the opt-in plaintiffs are compelled to accept the Settlement and all agreed to pay their counsel a fee of 25% of their recovery.  To the extent non-plaintiffs may now elect to participate in the Settlement, and by doing so also agree to pay counsel a fee equal to 25% of their proposed settlement share, they are not being compelled to do so.  They can decline to participate in the Settlement, preserve their legal rights, and institute litigation over their claims with other counsel of their choosing.  Accordingly, the proposed 25% fee is fair and reasonable and should be awarded to plaintiffs' counsel in respect to the claims of all persons, both current plaintiffs and non-plaintiffs, who elect to participate in the settlement.

---

[2]  The Second Circuit, without any particular analysis, appears to disagree with that conclusion.  *See, Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3.     Plaintiffs' counsel also believe that the fee of 25% of the recovery is also proper under a "lodestar cross check."

In *Vizcaino v. Microsoft Corporation*, 290 F.3d 1043 (9th Cir. 1990) the Ninth Circuit reaffirmed that a percentage of a common fund fee award was proper even in a "megafund" case involving a common fund in excess of $96,000,000.  In upholding the district court's award of a 28% fee *Vizcaino* also approved, with a certain amount of caution, the use of a "lodestar cross-check" of a percentage of a common fund fee award.  *Vizcaino's* caution was based upon the inherent limitations of the lodestar fee analysis and the widespread criticism of its application to common fund fee awards.  *Id.* 290 F.3d at 1050 n. 5.  By relying upon "time expended" to calculate a fee the lodestar fee analysis fails to appropriately award counsel for securing the speedy and early resolution of litigation and it encourages counsel to expend unnecessary time.[3]  *Id.*

---

[3]      The lodestar approach to awarding fees in common fund cases has been severely criticized.  It has been held to be "thoroughly discredited by experience." *In re Oracle Sec. Litig.* 131 F.R.D. 688, 689 (N.D. Cal. 1990) (citing *In re Activision Sec. Litig.* 723 F.Supp. 1373 (N.D. Cal. 1989)).  It has been rejected by two circuits.  *Swedish Hosp. Corp. v. Shalala,* 1 F.3d 1261, 1266-1271 (D.C. Cir. 1993) and *Camden I Condominium Assoc., Inc. v. Dunkle* 946 F.2d 768, 774 (1lth Cir. 1991).  *See*, Conte, *Attorney Fee Awards (Second)*, §2.04, p. 34 (citing sources); *Manual For Complex Litigation (Third)*, p. 202.  In a comprehensive study, a Third Circuit Task Force recommended abandoning the lodestar approach in common fund cases.  *See*, Third Circuit Task Force Report, *Court Awarded Attorney Fees* (Arthur R. Miller, Reporter, 1985) reported at 108 F.R.D. 237, 255.

24

In evaluating the appropriateness of a common fund fee award under a lodestar cross check the Court must reference the appropriate hourly lodestar rates for plaintiffs' counsel.   Plaintiffs' counsel are highly experienced and would typically command an hourly rate of anywhere from $450 an hour to $950 an hour. Greenberg Decl. ¶ 8.  In addition, a lodestar cross-check should include a multiplier. *Vizcaino*, 290 F.3d at 1051.   A multiplier compensates counsel for the risk of non-collection and "mirrors the established practice of the private legal market" of paying enhanced fees to contingency counsel. *Id.*  In *Vizcaino ,* a multiplier of 3.65 was held to be appropriate and the Court acknowledged that multipliers as high as 4 were frequently used when applying a lodestar analysis to a common fund fee award. *Id.*   *Vizcaino* also did not preclude the appropriateness of higher multipliers, depending on the circumstances, and noted multipliers as high as 19.6 had been used in certain common fund fee cases. *Id.  See, also*, *In Re Rite Aid Sec. Litig.,* 362 F. Supp 2.d 587, 589 (E.D. Pa 2005) (25% of common fund fee that resulted in 6.96 multiplier approved).

The effective multiplier in this case for lodestar cross check purposes is 2.82 or less (lodestar of $496,450 x 2.82 = $1,400,000).  Greenberg Decl. ¶ 9.  That is within the lower range of lodestar cross check multipliers and results in an attorney's fee at the baseline percentage (25%) of typically approved common fund fees.  It is significantly less than the fee percentage (28%) and multiplier (3.65) found appropriate in *Vizcaino*. Unlike in many other cases, plaintiffs' counsel had,

and does, face a significant risk of not collecting any fee whatsoever in this case, such risk more than justifying that multiplier and resulting fee. *See, In Re Infospace, Inc. Secs. Litig.,* 330 F. Supp 2d 1203, 1215-16 (W.D. Wa. 2003) (Citing *Vizcaino* and applying a lodestar multiplier of 3.5 times the hourly rate in a "garden variety securities fraud case" with only a "modest risk" of non-recovery).

### 4.   Plaintiffs' counsel believe that the fee of 25% of the recovery is proper when the history of plaintiffs' counsel's efforts are considered in their totality.

Plaintiffs' counsel has engaged in a nearly 14 years of unpaid advocacy on behalf of the Wynn table games dealers through a series of lawsuits, appeals, and an administrative proceeding pre-dating both this case and the initiation of *Cesarz* in 2013.  Greenberg Decl. ¶ 10.   Defendant's discontinuance of the disputed tip pooling policy six months after the initiation of this lawsuit cannot, as a matter of law or fact, be attributed to this case.  Defendant, in entering into the Settlement, does not admit to any wrongdoing, does not agree it discontinued that policy in response to this litigation, and maintains that policy was proper and legal.  Yet nothing precludes the Court from taking notice of plaintiffs' counsel extensive uncompensated efforts to stop that policy at an earlier point in time when evaluating the fairness of the requested attorney's fee award.

If the uncompensated time spent on the litigations that pre-date *Cesarz* and date back to 2006 was considered, the requested fee award includes no lodestar cross check multiplier.   Greenberg Decl. ¶¶  9, 10.

5.   **Plaintiffs' counsel should be reimbursed $7,497.18 in expenses.**

Plaintiffs' counsel incurred $7,147.18 in expenses for which reimbursement is properly sought.  Greenberg Decl. ¶ 11.   Such expenses are sought for a narrow range of disbursements, such as court filing fees, process service fees, and travel outside of Nevada for argument before the Ninth Circuit.   No award is sought for legal research costs, travel within Nevada, postage or copies and the requested expense reimbursement award should be granted.

D.   **Plaintiffs' counsel believe that the proposed service award payments are proper, and Defendant does not oppose.**

The Settlement provides for a $10,000 service award to each of the named plaintiffs (total of $20,000).   The payment of such awards to named plaintiff collective action representatives in FLSA cases is proper.  See, *Selk*¸ 159 F.Supp.3d at 1181 *citing and quoting Staton v. Boeing*, 372 F.3d 938, 977 (9th Cirl 2003).   The two named plaintiffs have been essential in assisting plaintiffs' counsel in the prosecution of this case and have devoted significant time and effort to the prosecution of this case and *Cesarz* since 2013.  Greenberg Decl. ¶ 12.

The proposed service awards are not excessive or indicative of any unfair treatment towards the named plaintiffs at the expense of the other FLSA collective action members.   Nor do the proposed service awards exceed those that have been approved in other class cases, although each case and service award must, of course, be evaluated on their own merits.  *See, Van Vranken v. Atlantic Richfield*

*Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995), ($50,000 awarded to named plaintiff Van Vranken) and *Glass v. UBS Fin. Servs,* 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. 2007), ($25,000 awarded to each of the four class representatives in case involving failure to pay overtime and improper deductions from wages).

In *Van Vranken* the Court discussed several of the factors that should be considered in approving service awards to class representatives. 901 F. Supp. at 299. These include the financial and other risks assumed by the class representative; the notoriety and personal difficulties encountered by the class representative; the amount of time and effort spent by the class representative; and the duration of the litigation.

The named plaintiffs assumed a significant financial risk by prosecuting this litigation and that risk is properly compensated for by the proposed service awards. In the event a judgment in this case was entered in favor of the defendant the named plaintiffs could be held liable for defendant's costs, and those costs, if this case proceeded through depositions and extensive pre-trial proceedings, are likely to be substantially larger than the service awards they are receiving. *See, Whiteway v. Fedex Kinkos Office & Print Services, Inc.,* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 95398, (Defendant judgment in class certified wage and hour lawsuit, the representative plaintiff was assessed costs of $56,788).

The proposed service awards to the named plaintiffs are appropriate under the relevant circumstances and should be approved.

**E.     The proposed "one step" Settlement procedure is proper.**

In the interests of judicial efficiency, the parties are asking the Court to utilize a "one step" settlement procedure, as is properly done in FLSA "opt in" settlements. *See*, *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566 p. 1 (N.D. Ill. 2016) (Collected cases, explaining that "one step" approval is appropriate in FLSA "opt in" settlements as they do not trigger the due process concerns attendant to Rule 23 class action settlements).  The issue presented is whether the proposed Settlement, for those Plaintiffs and collective action members who voluntarily agree to accept it, meets the minimum requirements of fairness to warrant approval under the FLSA.  The Court is merely asked to *allow* those who choose to accept the Settlement to take action and compromise their legal rights; it is not acting, as in a Rule 23 class action settlement, as a guardian for those whose legal rights *will* be compromised by settlement if they fail to act.

A "two step" settlement process with notice to, and opportunity to comment from, the Plaintiffs and other collective action members is unnecessary and inefficient.   As noted in *Selk,* the Court's ultimate concern is with the settlement's fairness in totality, not its "individual component parts."  159 F. Supp. 2d. at 1176, 1177.   The record amply demonstrates that, in its totality, the proposed Settlement meets the "fair and reasonable resolution of a bona fide dispute" standard to merit approval under the FLSA.   Any interested Plaintiff or other collective action

member who feels the Settlement is inadequate need not accept it and may fully litigate their FLSA claims.   They cannot provide any meaningful or material commentary that would be helpful to the very limited nature of the FLSA settlement approval question that is presented to the Court.

## IV.        <u>CONCLUSION</u>

For the reasons set forth in this memorandum, the parties respectfully request that the Court: (1) grant their motion for approval of their settlement; (2) enter their proposed order directing relief consistent with that requested by their motion.


Respectfully submitted,


DATED:   December 21, 2020            LEON GREENBERG PROF. CORP.


By:  */s/ Leon Greenberg*
Leon Greenberg     #8094
2965 South Jones Boulevard
Suite E-3
Las Vegas, NV 89146
Tel:  (702) 383-6085

Attorneys for Plaintiffs

1

2                                           KAMER ZUCKER ABBOTT

3

4        DATED:  December 21, 2020          By: ___/s/ R. Todd Creer___

5

6                                           KAMER ZUCKER ABBOTT
                                            Gregory J. Kamer  #0270
7                                           R. Todd Creer            #10016
                                            3000 West Charleston Boulevard
8                                           Suite 3
                                            Las Vegas, Nevada 89102-1990
9                                           Tel: (702) 259-8640
                                            Fax: (702) 259-8646
10

11

12                                          Attorney for Defendant
                                            Wynn Las Vegas, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

  I hereby certify that on this  21st day of December, 2020, the undersigned, served a copy

3

of the foregoing **MOTION** pursuant to the Electronic Case Filing system of the United States

4

District Court, District of Nevada on the following parties:

5

6

<u>*/s/ Leon Greenberg*</u>

7

INDEX OF EXHIBITS

8

9

Exhibit "1" - Stipulation of Settlement

10

Exhibit "2" - Proposed Order

11

Exhibit "3" - U.S. Dept. of Labor Field Assistance Bulletin No. 2018-3

12

Exhibit "4" - Declaration of Leon Greenberg

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "1"

EXHIBIT "1"

1    LEON GREENBERG, P.C.
     Leon Greenberg
2    2965 South Jones Boulevard #E-3
     Las Vegas, NV 89146
3    Tel: (702) 383-6085
     Fax:  (702) 385-1827

4    THIERMAN BUCK LLP
     Mark R. Thierman #8285
5    Joshua Buck #12187
     7287 Lakeside Drive
6    Reno, NV 89511

7    Attorneys for Plaintiffs

8    KAMER ZUCKER ABBOTT
     Gregory J. Kamer      #0270
9    R.      Todd Creer         #10016
     Nicole A. Young       #13423
10   3000 West Charleston Boulevard, Suite 3
     Las Vegas, Nevada 89102-1990
11   Tel: (702) 259-8640
     Fax: (702) 259-8646
12   gkamer@kzalaw.com
     tcreer@kzalaw.com
13   nyoung@kzalaw.com

14   Attorneys for Defendant

15                  **UNITED STATES DISTRICT COURT**
16                       **DISTRICT OF NEVADA**

17   QUY NGOC TANG and JOSEPH          Case No. 2:18-cv-00891-APG-GWF
     CESARZ, and all persons whose names are
18   set forth in Exhibit A, individually and on
     behalf of all others similarly situated,
19                                                **STIPULATION OF SETTLEMENT AND**
                   Plaintiffs,                    **RELEASE**
20
21   vs.

22   WYNN LAS VEGAS, LLC,

23                   Defendant.

24

                                    1

### STIPULATION OF SETTLEMENT

This Stipulation of Settlement is voluntarily made and entered into this ___th day of November, 2020, by and between Defendant Wynn Las Vegas, LLC, and Lead Plaintiffs Quy Ngoc Tang and Joseph Cesarz.

**1.** **The Actions and Claims.**

**A.** **_Cesarz_**:  On January 21, 2013, Joseph Cesarz and Quy Ngoc Tang filed a putative opt-in collective action complaint on behalf of themselves and other similarly situated dealers, styled _Cesarz v. Wynn Las Vegas, LLC_, 2:13-cv-00109, against Defendant Wynn Las Vegas, LLC ("Wynn" or "Defendant"), alleging that Wynn violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) because boxmen and Casino Service Team Leads ("CSTLs") were included in the tip pool.  In bringing the suit, Plaintiffs relied exclusively on 2011 regulations issued by the Department of Labor regarding tip pooling.  In 2016, a divided panel of the Ninth Circuit reversed the district court's first order dismissing the Appellants' complaint. _Or. Rest. & Lodging Ass'n v. Perez_ ("_ORLA_"), 816 F.3d 1080 (9th Cir. 2016). Writing for the majority, Judge Pregerson deferred to the 2011 Department of Labor regulations.  While Wynn's petition for a writ of certiorari to the Supreme Court was pending, Congress amended the FLSA and stated that the 2011 regulations would have "no further force or effect."  2018 Appropriations Act, Div. S § 1201(c).  The Parties dispute the meaning of that provision.  But the district court agreed with Defendant, ruling that entry of any judgment against Wynn would give impermissible "further force or effect" to the 2011 regulations.  _Cesarz v. Wynn Las Vegas LLC_, No. 13- cv-1009, 2019 WL 237389, at *1 (D. Nev. Jan. 13, 2019).  Plaintiffs have filed a Notice of Appeal regarding that decision.  _See_ Case No. 19-15166 (9th Cir.).  The appeal in the Cesarz Action is currently stayed

2

pending this settlement.  The claims at issue in the *Cesarz* Action accrued from May 5, 2011 through March 22, 2018.

During the pendency of their first appeal, Plaintiffs filed a separate action, styled *Doe v. Wynn Las Vegas, LLC*, 2:16-cv-00482-JCM-NJK, which was consolidated with the Cesarz Action.

**B.**     *Tang*:  On May 16, 2018, Quy Ngoc Tang and Joseph Cesarz filed the Tang putative opt-in collective action complaint on behalf of themselves and other similarly situated dealers, styled *Tang v. Wynn Las Vegas, LLC*, 2:18-cv-00891, against Defendant Wynn Las Vegas, LLC, alleging that Wynn violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (as amended by the 2018 Appropriations Act) because boxmen and Casino Service Team Leads ("CSTLs") were included in the tip pool.  The case was stayed pending settlement discussions in the *Cesarz* Action.   The claims at issue in the *Tang* Action accrued from March 23, 2018 to November 11, 2018 when the Wynn's disputed tip pooling policy ceased.

On May 9, 2019, the Parties engaged in mediation with Ninth Circuit mediator Steven Saltiel.   The Parties reached a settlement-in-principle and executed a Memorandum of Understanding by which a Settlement in *Tang* would result in a final judgment in that case and such Settlement would also settle all claims made in *Cesarz* or that could still have been made in *Cesarz*.

**2.**     **Definitions**.   For purposes of this Stipulation of Settlement, the following definitions shall apply, in addition to the definitions set forth in other Sections of this Stipulation of Settlement:

**A.**     "Plaintiffs" or "Collective members" shall mean and refer to the individuals who filed Notices of Consent in the *Cesarz* Action and/or *Tang* Action; each may be referred to

individually as a "Plaintiff."  Solely for the purposes of this Stipulation of Settlement, "Plaintiffs" shall also include any individuals who are members of the proposed Collective for settlement of *Cesarz* Claims  and/or *Tang* Claims and who have not yet filed a Notice of Consent to joinder in either the *Cesarz* Action or *Tang* Action but could still do so and make a claim within the maximum three year FLSA statute of limitations as of January 31, 2020 .  A list of the Plaintiffs is set forth in Exhibit A.

> **B.**    "Lead Plaintiffs" shall refer to Quy Ngoc Tang and Joseph Cesarz.

> **C.**    "Released Claims" shall mean and refer to the claims released by the Plaintiffs and Collective Action Members as set forth in Section 13.

> **D.**    "Parties" shall mean and refer to Plaintiffs and Defendant, collectively; each may also be referred to separately as a "Party."

> **E.**    "Service Award" means a Court-approved sum to be paid to Cesarz and Tang in accordance with Section 12 of this Stipulation of Settlement.

> **F.**    "Settlement Administrator" shall mean CPT Group, the third party company appointed to administer the Settlement.

> **G.**    "Settlement Effective Date" shall mean and refer to the date on which the Court has entered an Order and Final Judgment of Dismissal, in all material respects in the form set forth in Exhibit B to this Stipulation of Settlement, or, in the event that the Court enters an order (or orders) in a form other than Exhibit B (an "Alternative Judgment") and neither Defendant nor either of the Lead Plaintiffs, through their respective counsel of record, elects to terminate this Stipulation of Settlement as provided herein, the date that the Parties' right to appeal any Alternative Judgment passes.  The Settlement Effective Date will not be affected by any appeal or review that involves solely the amount of the award of attorney fees or costs, as outlined in Section

17.  The Settlement Effective Date will also not be affected by any Plaintiff who individually rejects, or who does not respond to, the Settlement ("Rejecting Plaintiff" as described more fully below) and pursues any action on his or her own behalf.

      **H.**    "Released Parties" shall mean and refer to Defendant Wynn Las Vegas, LLC, and each of its present and former officers, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents, subsidiaries, affiliated entities, spouses, children, representatives, transferors, transferees, partners, principals, trustees, executors, members, insurers, investors, servants, beneficiaries, devisees, guardians, heirs, and all other persons, firms, corporations, divisions, associations, limited liability companies, and/or partnerships associated therewith or related thereto.  For the avoidance of doubt, Released Parties shall specifically include Wynn Resorts, Limited, Encore Las Vegas, Steve Wynn (currently a defendant in the *Cesarz* Action), and Andrew Pascal (formerly a defendant in the *Cesarz* Action).

      **3.**    **The Settlement**.  This settlement includes all Plaintiffs listed on Exhibit A.

      **4.**    **Settlement Amount and Allocation**.  Defendant agrees to pay Plaintiffs a settlement amount up to $5,600,000 (the "Settlement Amount"), less all applicable federal, state, and local taxes and other withholdings as described in Section 8, to resolve all of Plaintiffs' Released Claims as described in Section 13.  The Settlement Amount includes all amounts to be paid by Defendant, including attorneys' fees (up to 25% of the Settlement Amount), actual costs, Service Awards, and Settlement Administrator fees[1], with the exception of "Employer Taxes," as

---

[1]  No more that $20,000 shall be paid from the Settlement Amount as Settlement Administrator Fees.  In the event the Settlement Administrator Fees exceed $20,000 the amount in excess of $20,000 shall be paid from the amounts authorized under the Settlement as permissible awards of attorney's fees and costs and reduce such awards.

5

defined in Section 8, which will be paid by Defendant in addition to the Settlement Amount.[2] Section 7 sets forth those portions of the Settlement Amount that may be retained by or returned to Defendant.   Furthermore, except as set forth in Section 18(A), the costs of the Settlement Administrator will be paid from and deducted from the Settlement Amount.

The Settlement Amount will be allocated as follows:

(1)     Allocation between *Cesarz* and *Tang* Actions and Claims.  Seventy percent (70%) of the Net Settlement Amount will be allocated the claims made in the *Tang* Action or accrued as of January 31, 2020  (the "*Tang* Claims") and thirty percent (30%) of the Net Settlement Amount will be allocated to the claims actually made or accrued as of January 31, 2020 (if that case had not been dismissed) in the *Cesarz* Action (the "*Cesarz* Claims").  This respective allocation is based upon the procedural posture of the cases and Plaintiffs' Counsels' relative assessment of the strengths and weaknesses of each Action and set of claims; and

(2)     Pro Rata Distribution based on Timeliness of Claim and Tips.  Each Plaintiff's settlement award will be calculated based on the following formula:

The Net Settlement Amount allocated to pay Plaintiffs holding each set of claims  shall be apportioned among all Plaintiffs eligible to make each set of claims on a *pro rata* basis reflecting the percentage of each Plaintiff's relevant tip pool interest in each set of claims.   For the *Tang* Claims each Plaintiff's relevant tip pool interest is the amount of the tips they received from the dealer's tip pool for work

---

[2] The "Net Settlement Amount" is the "Settlement Amount" minus attorneys' fees (up to 25% of the Settlement Amount), actual costs, Service Awards, and Settlement Administrator fees.

performed from March 23, 2018 to November 11, 2018 as a percentage of all of the tips distributed from the dealers' tip pool to all Plaintiffs during for that time period. For the *Cesarz* Claims each Plaintiff's relevant tip pool interest is determined as follows:

(a)    For each Plaintiff who previously filed a consent to joinder in the *Cesarz* action the amount of the tips they received from the dealer's tip pool for work performed from the date three years prior to the filing with the Court of their written consent to join *Cesarz* but not earlier then May 1, 2011 and ending on March 22, 2018 has been ascertained;

(b)    For each Plaintiff who has not previously filed a consent to joinder in the *Cesarz* Action the amount of the tips they received from the dealer's tip pool starting on January 31, 2017 and ending on March 22, 2018 has been ascertained;

(c)  The amount of each plaintiff's tip receipts determined under (a) and (b) shall be totaled;

(d)  Each plaintiff's relevant tip pool interest for the *Cesarz* claims will be their *pro rata* portion of the total amount determined under (c) using their tip receipt total as specified in (a) or (b) depending on whether they previously did, or did not, file a consent to joinder in the *Cesarz* Action.

Some Plaintiffs have both *Tang* Claims and *Cesarz* Claims and will receive two (2) separate settlement awards.  Exhibit A sets forth the Individual Settlement Allocation offered to each Plaintiff by Defendant through this settlement pursuant to the foregoing method.

**5.    Settlement Offer and Release Form; Options to Respond.**

The Settlement Administrator will be responsible for distributing the Settlement Offer and

Release form, attached hereto as Exhibit C, to the Plaintiffs.  Plaintiffs will have 60 days from the date of mailing of the Settlement Offer and Release form to respond in writing to the settlement ("Response Period").  Plaintiffs who sign and return their Settlement Offer and Release form within the Response Period will be eligible to receive their settlement and are referred to herein as "Accepting Plaintiffs."

The Settlement Administrator shall make all reasonable efforts to communicate each Plaintiff's individual settlement offer and to gather signed Settlement Offer and Release forms from each Plaintiff.  Plaintiffs' Counsel will recommend that each Plaintiff accept his/her settlement offer and sign the Settlement Offer and Release form to the extent ethically appropriate. The Settlement Administrator shall provide Defendant with weekly updates regarding acceptances, rejections, and non-responses, by Plaintiffs of their individual settlement offers.

Plaintiffs who communicated their rejection of the settlement in writing to the Settlement Administrator within the Response Period are referred to herein as "Rejecting Plaintiffs." Furthermore, any Plaintiffs who do not within the Response Period either (a) submit a signed Settlement Offer and Release form or (b) submit a written rejection, will also be referred to herein as "Rejecting Plaintiffs"

The Settlement Administrator shall provide Defendant with a final list of all Accepting Plaintiffs and Rejecting Plaintiffs within four days after the close of the Response Period.

**6.**      **Effect of Rejection or Non-Response**.

Each Rejecting Plaintiff will be dismissed from the *Tang* Action if they previously filed a consent to joinder in *Tang* as of the Settlement Effective Date, without prejudice.  The FLSA claims of any Rejecting Plaintiff, in respect to both the *Tang* Claims and *Cesarz* Claims shall be tolled, from the date the Rejecting Plaintiff's Notice of Consent form was filed in the *Tang* and/or

*Cesarz* Action(s) through up to 30 days after the Settlement Effective Date or the date the Rejecting Plaintiff files an individual action, whichever is sooner.  If a Rejecting Plaintiff who previously filed a consent to joinder in the *Cesarz* action files an individual action within 30 days of the Settlement Effective Date, such Rejecting Plaintiff will not be bound by the January 16, 2019 order in the Cesarz action and Wynn agrees, as will be confirmed in the Order of Final Approval, that the January 16, 2019 order of the district court has no res judicata or collateral estoppel effect with respect to FLSA claims within the scope of that order.  However, nothing in this Agreement prevents Wynn from citing the January 16, 2019 order for its precedential and persuasive effect, if any.

7.    **Effect of Non-Response and No Separate Action**. Rejecting Plaintiffs will not be bound by the release outlined in Section 12.  Defendant shall not be obligated to pay any portion of the Settlement Amount allocated to any Rejecting Plaintiff.  Non-Responding Plaintiffs shall be treated as Rejecting Plaintiffs for all purposes as set forth in this Settlement.  However, Non-Responding Plaintiffs who do not file a separate action may claim their allocated share of the settlement up to a period of 365 days after the Effective Date by signing the Settlement Offer and Release form and returning it to the Settlement Administrator, who will then forward said documents to the Parties. Upon signing the Settlement Offer and Release form, such Non-Responding Plaintiff shall be deemed an Accepting Plaintiff.  Upon receipt of a Settlement Offer and Release by such a Plaintiff, the Settlement Administrator will issue a settlement check for that Plaintiff's settlement allocation, to Plaintiff.  The Settlement Administrator shall provide Plaintiffs' Counsel and Defendant with a copy of all Settlement Offer and Release forms signed by such Plaintiffs within seven days of receipt.

Any funds remaining after 365 days will revert to Defendant.

9

8.     **Designation of Types of Payments.**  Because the Plaintiffs' claims include claims for liquidated damages, penalties, and interest, the Parties agree that 50% of the net payment to each Plaintiff shall be treated as wages and 50% shall be treated as payment for penalties, interest, and liquidated damages.

Wage payments to Accepting Plaintiffs shall be reported on an IRS Form W-2.  Non-wage payments to Plaintiffs shall be reported on an IRS Form 1099.  The Settlement Administrator shall prepare such IRS Form W-2 and IRS Form 1099 statements and provide them to the respective Plaintiffs and applicable governmental authorities.

From the wage portion of each Plaintiff's allocated amount, Defendant shall withhold from distribution all applicable federal, state, and local income and employment taxes required to be withheld, and cause the appropriate deposits of taxes and other withholdings to occur.  Each Plaintiff's share of applicable federal, state, and local income and employment taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Stipulation of Settlement ("Employee Taxes") shall be a part of, and paid out of and shall not be in addition to, the Settlement Amount.

From the wage portion of each Plaintiff's allocated amount, Defendant shall pay all applicable federal, state, and local taxes that are normally payable by an employer from the employer's funds, for example, FUTA/SUTA and the employer's portion of FICA ("Employer Taxes").  Defendant shall make appropriate payments to the applicable governmental authorities for Employer Taxes.  The Settlement Administrator will take these Employer Taxes into account when determining the allocation of funds.  Defendant's portion of Employer Taxes are separate and apart from the Settlement Amount and shall be separately paid by Defendant. Defendant shall be responsible for calculating the Employee Taxes and Employer Taxes, as those terms are defined

in this Section.

**9.    Settlement Payment and Distribution of Checks**.   Within 30 days after the Settlement Effective Date, the Settlement Administrator will deliver:

   i.   Checks made payable to each of the Accepting Plaintiffs in the amount owed to each Accepting Plaintiff as set forth in the final settlement allocation The Settlement Administrator shall issue one check per Accepting Plaintiff for each Action that he/she is a member;

   ii.   Payment to Plaintiffs' Counsel in the amount of attorneys' fees and costs approved by the Court in this Action in such manner as directed by such counsel.

   iii.   Payment of any approved Service Awards to the Lead Plaintiffs in such manner as they through their counsel direct.

The Settlement Administrator shall promptly deliver checks to Accepting Plaintiffs upon receipt of the settlement funds from Defendant and in any event within 15 days after receipt of the funds.   The Settlement Administrator shall notify counsel for Defendant of the date that the settlement checks are sent to the Plaintiffs.

The Parties agree to work together in good faith to ensure that all settlement checks are received and cashed by the Plaintiffs.   In this regard, Defendant will request from the Settlement Administrator and provide to Plaintiffs' Counsel a list of those Plaintiffs who have not cashed their checks within 45 days after the Settlement Administrator has sent the settlement checks to the Plaintiffs.   In the event that Plaintiffs' Counsel learns that a Plaintiff's settlement check has been lost or stolen, Plaintiffs' Counsel agrees to promptly notify the Settlement Administrator and cooperate in providing all information required to stop the lost or stolen check.   The Settlement Administrator will then issue a new check to that Plaintiff.

11

1          **10.**   **Indemnification for Tax Liability**.  Defendant makes no representation as to the

2    taxability of amounts reported on any IRS Form 1099.  Accepting Plaintiffs and Non-Responding

3    Plaintiffs who later claim their allocated payment within 365 days of the Settlement Effective Date

4    agree to indemnify and hold Defendant harmless from any and all liabilities Defendant incurs

5    relating to any Plaintiff's failure to pay, or delay in paying, any income taxes, penalties, or other

6    amounts due from them to any taxing authority or jurisdiction on 1099 income.

7          **11.**   **Attorneys' Fees and Costs**.  Plaintiffs' Counsel may request Court approval for

8    payment not excess of 25% (i.e., $1,400,000) from, and not in addition to, the Settlement Amount,

9    as payment for its attorneys' fees.  Plaintiffs' Counsel may also request Court approval for

10   reimbursement of up to $10,000 from (and not in addition to) the Settlement Amount in actual

11   costs, which shall include the portion of the Settlement Administrator's fees that is attributable to

12   the mailing of notices regarding Plaintiff's Counsel's withdrawal request.  Plaintiffs' Counsel's

13   attorneys' fees and costs request will be disclosed to Plaintiffs in conjunction with the

14   communication of Plaintiffs' settlement offers as outlined above in Section 5.  This amount is

15   intended to compensate Plaintiffs' Counsel for the work already performed and costs expended in

16   this case and the work remaining to be performed and costs remaining to be expended in securing

17   Court approval of the Stipulation of Settlement, defending any appellate challenges to the

18   Stipulation of Settlement, administering the Stipulation of Settlement, ensuring that the Stipulation

19   of Settlement is fairly administered, and implementing and obtaining dismissal of the Actions with

20   prejudice.  The Settlement Administrator will issue Plaintiffs' Counsel an IRS Form 1099 for this

21   payment.

22         If the Court does not approve any portion of Plaintiffs' Counsel's requested attorneys' fees

23   or costs, such amounts that are not approved shall not revert back to Defendant (except in a case

24

12

in which this Stipulation of Settlement is voided pursuant to Section 18).  Rather, any portion of requested attorneys' fees or costs which is not approved by the Court shall be disbursed on a pro rata basis to Accepting Plaintiffs.

**12.**     **Service Awards to Cesarz and Tang**.

**A.**     In further consideration for settling this Action, and in exchange for the general release of all claims (known or unknown) against Defendant and Released Parties that have arisen or could have arisen at any time prior to the Effective Date of the Settlement, and subject to final approval by the Court, Plaintiffs' Counsel may apply for Cesarz and Tang to each receive a Service Award in an amount not to exceed $10,000.

**B.**     Any request for a Service Award shall be filed concurrently with Plaintiffs' Counsel's request for attorneys' fees and costs.

**C.**     Any Service Award approved by the Court shall be in addition to the payments that Cesarz and Tang receive as members of the settlement group and shall be deducted from the settlement Amount.

**D.**     **If the Court approves their respective requests for a Service Award, then Cesarz and Tang, in their individual capacities, agree that they will be solely responsible for correctly characterizing their Service Award for tax purposes and are solely responsible for paying any taxes owing on said amount(s).**  The Settlement Arbitrator shall report any Service Award approved by the Court to state and federal taxing authorities as non-wage income on IRS Form 1099.

13

13.     **Release**.  It is understood and agreed that Cesarz, Tang, and all Plaintiffs who execute a Settlement Offer and Release form shall be bound by the release that is set forth in the Notices.  Each Notice will contain the following release:

> In consideration of the payments provided for in this Settlement Offer and Release, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of Plaintiff and Plaintiff's respective heirs, estates, representatives, successors, assigns and agents, hereby expressly and unconditionally waives any appeal from a Court order approving this settlement and dismissing the Actions with prejudice, and releases and forever discharges Defendant and all of the Released Parties from any and all wage and hour claims and causes of action that are based on the factual allegations in the complaints in the Actions, known or unknown, that have arisen or could have arisen at any time prior to the date that this Settlement Offer and Release is executed, including, but not limited to (i) any and all claims for unpaid minimum and/or overtime wages, fines, penalties, liquidated damages, and attorneys' fees and expenses; and (ii) any and all wage and hour claims that Plaintiff asserted or could have asserted in the Actions based on the tip pool(s) at the Wynn and/or Encore, whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories.

14.     **No Admission of Liability**.  Nothing contained in this Stipulation of Settlement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of Defendant or the Released Parties.  Defendant, for itself and the Released Parties, denies any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint and further denies that conditional or final certification would be appropriate, absent a settlement.

15.     **Inadmissibility of This Agreement**.  This Stipulation of Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

16.     **Reasonable Compromise of Bona Fide Dispute**.  The Parties agree and will represent to the Court that the terms of this Stipulation of Settlement reflect a reasonable compromise of disputed claims and issues, arising from a bona fide dispute regarding liability

14

under the FLSA (including, but not limited to disputes about the following questions: whether the 2011 regulations regarding tip-pools prohibit the tip pool(s) in question, whether those regulations can be used to impose liability in a private lawsuit, whether the 2018 amendments to the FLSA foreclose any recovery based on the 2011 regulations, and whether the tip pool(s) in question comply with the FLSA as amended in 2018).  The Parties further agree that the settlement is a fair, reasonable and adequate resolution of Plaintiffs' claims.

17.   **Waiver of Appeals**.  The Parties agree to, and do hereby waive all appeals with the sole exception that Plaintiffs' Counsel can appeal a reduction, if any, in the amount of the attorneys' fees and costs that the Court award.  A denial of the requested fees and costs amount shall not void this Stipulation of Settlement or affect the entry of the Order and Final Judgment.

18.   **Voiding the Agreement.**

A.   **Defendant's Right to Void the Agreement.**  Defendant retains the right to void, at its sole discretion, the Stipulation of Settlement the net amount allocated to the Rejecting Plaintiffs totals $280,000 or more.  Defendant shall communicate its desire to exercise this option in writing via email and U.S. mail to Joshua Buck, Thierman Buck LLP, 7287 Lakeside Drive, Reno, NV 89511, josh@thiermanbuck.com.  If Defendant desires to exercise this option, it must do so within 7 days after the Settlement Administrator provides Defendant the final list of Accepting Plaintiffs and Rejecting Plaintiffs, as referenced in Sections 5, unless such deadline is extended by mutual agreement of the Parties.

In the event that Defendant elects to void the Stipulation of Settlement under this Section, Defendant will bear any costs incurred by the Settlement Administrator up to and through that date.

15

**B.      Parties' Right to Terminate as a Result of Specific Events.**

Defendant and Plaintiffs shall have the right to terminate this Stipulation of Settlement in its entirety by providing written notice of their election to do so to counsel for the other Parties hereto within 15 days after any of the following occurs: (i) the Court declines to approve this Stipulation of Settlement or any part of it; or (ii) the Court declines to enter an Order and Final Judgment in the form of Exhibit B.  In the event a Party sends such notice of intent to terminate, the Parties agree to confer and negotiate in good faith to resolve any issues that resulted in the Court's denial in an effort to obtain Court approval of the settlement.

**C.      Effect of Disapproval or Reduction in Attorneys' Fees By the Court.**

If, in approving this Stipulation of Settlement, the Court declines to approve the requested amount of Plaintiffs' Counsel's requested fees and costs, such reduction shall not be considered a material breach or change to this Stipulation of Settlement, shall not be a ground to terminate and void this Stipulation of Settlement, and shall not result in a delay in the Settlement Effective Date. However, any such reduction in the attorneys' fees or costs may be appealed by Plaintiffs' Counsel as set forth in Section 17.  In any appeals permitted under Section 17, Defendant and the Released Parties shall not take any action that may hinder Plaintiffs' Counsel's efforts to secure payments of the attorneys' fees or costs provided for in this Stipulation of Settlement.

**D.      Effect of Termination of this Stipulation of Settlement**.   If this Stipulation of Settlement is terminated as provided in this Section, then this Stipulation of Settlement shall be deemed null and void, of no force and effect, inadmissible as evidence, and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever; provided however, that notwithstanding any contrary provisions of this Stipulation of Settlement, the provisions of Section 14, shall survive termination.

In the event that this Stipulation of Settlement is voided under this Section, it is the Parties' intention that no amount will be paid by Defendant, and that Plaintiffs and the Released Parties shall be restored with all rights that they possessed prior to the execution of this Stipulation of Settlement.

19. **Timeline of Settlement Events.** The Parties agree to the following timeline for completion of settlement:

1. **Within 20 days after the signing of this agreement:** Plaintiffs' Counsel and Defendant's Counsel shall agree upon and file with the Court a joint motion and proposed order for consolidation, conditional certification for purposes of the Settlement, approval of notice, and approval of the Settlement as fair, reasonable and adequate under the FLSA and in all other respects.   Simultaneously with the filing of that joint motion Plaintiffs' Counsel will file, in a form approved of by Defendant's Counsel, a motion to be relieved as counsel for any Rejecting Plaintiffs upon entry of an Order and Final Judgment as provided for by the Settlement.

2. **15 days after court approval of notice:** Settlement Administrator to distribute Settlement Offer and Release forms.

3. **60 days after notice distributed:** Postmark Deadline for Plaintiffs to return signed Plaintiff Settlement Offer and Release forms or to reject the settlement in writing.

4. **5 days after postmark deadline**: Deadline for Settlement Administrator to provide to the Parties (a) copies of signed Settlement Offers and Release forms and copies of written rejections and (b) a final list of Accepting Plaintiffs, Rejecting Plaintiffs, and Non-Responding Plaintiffs.

5. **7 days after postmark deadline:** Deadline for Defendant to exercise right to void

Stipulation of Settlement pursuant to Section 18.   In the event the Settlement Administrator does not provide the list by the date required in Section 19(4) this deadline shall be extended such that the time to exercise that right shall be seven days from Defendant's Counsel's receipt of the list.   Furthermore, as set forth in Section 18, the Parties may agree to extend this deadline.

6.  **28 days after postmark deadline:**   Parties to file Proposed Order and Final Judgment of Dismissal (which will in all material respects be in the form set forth in Exhibit B to this Stipulation of Settlement).

7.  **14 Days After Settlement Effective Date:** Settlement Administrator to calculate and provide final payment details to the Parties, including the calculation of settlement proceeds for all Plaintiffs who are participating in the settlement, the award of attorneys' fees and costs, the Settlement Administrator fees, and Defendant's share of Employer Taxes.

8.  **30 Days After Settlement Effective Date:** Settlement Administrator to distribute settlement checks to Plaintiffs, Plaintiffs' Counsel's attorneys fees and cost award, and Service Awards as approved by the Court.

9.  **45 Days After Settlement Checks Distributed by Settlement Administrator to Plaintiffs:** Settlement Administrator to advise Defendant's counsel and Plaintiffs' Counsel of any uncashed checks.

10. **365 Days After Effective Date:** Any unclaimed checks to be returned to Defendant.

18

20. **Mutual Full Cooperation.**  Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Stipulation of Settlement, and neither Party shall take any action to oppose implementation of this Stipulation of Settlement or any of its terms.  Defense counsel shall provide Plaintiffs' Counsel with reasonable assistance necessary to draft all papers to be filed with the Court in conjunction with approval of this settlement.

21. **Conditional Certification and Consolidation.**  Solely for the purposes of this Stipulation of Settlement, the Parties will jointly request that the *Cesarz* action be consolidated into the *Tang* Action to effectuate this Settlement.  In the event that the Court in *Tang* does not enter as part of the Settlement an Order granting such a consolidation order the parties agree that the *Tang* case's collective action members solely for the purposes of this Settlement shall include all persons holding FLSA claims actually made or that could have been made in *Cesarz* (including persons who would not otherwise have claims in *Tang*) and this Settlement, if otherwise approved by the Court, shall full resolve all FLSA claims of all such *Tang* collective action members who accept it. In the event that the Court does not approve the Settlement to settle all of the Collective member claims as proposed, or Settlement is otherwise voided, nothing in this Stipulation of Settlement shall be construed to effectuate or favor the consolidation into a single case the *Tang* Action and the *Cesarz* Action or the claims made in each such case or to effectuate or favor the collective action certification of the claims made in either case.  The Parties acknowledge that the two Actions are premised on different theories of liability under the FLSA, and nothing in this Stipulation of Settlement generally or in this Section particularly is intended to alter or waive the protections of 29 U.S.C. § 216(b), which provides that, "No employee shall be a party plaintiff to

19

any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

22.    **Communications.**  Unless otherwise specifically provided, all notices, demands, or other communications given under this Stipulation of Settlement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

> **To the Plaintiffs:**
>
> Joshua Buck
> Thierman Buck, LLP
> 7287 Lakeside Drive
> Reno, NV 89511
> Telephone: (775) 284-1500
> josh@thiermanbuck.com
>
> Leon Greenberg
> Leon Greenberg, P.C.
> 2965 South Jones Boulevard #E-3
> Las Vegas, NV 89146
> Tel: (702) 383-6085
> Fax: (702) 385-1827
>
> **To the Defendant and Released Parties:**
>
> Amanda C. Machin
> Gibson, Dunn & Crutcher LLP
> 1050 Connecticut Ave N.W.
> Washington, D.C. 20036
> Telephone: (202) 887-3705
> amachin@gibsondunn.com

23.    **Construction.**  The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy and intensive arms'-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement.   The Parties request that before declaring any provision of this Stipulation of Settlement invalid, the Court shall first attempt to construe all provisions valid to

20

the fullest extent possible consistent with applicable precedents and the intent expressed in this Stipulation of Settlement.

24.     **Representation by Counsel and Authority.**  Counsel for the Parties represent and warrant that they are fully authorized to enter into this Stipulation of Settlement.

25.     **Captions and Interpretations.**   Section titles or captions contained in this Stipulation of Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any of its provisions.

26.     **Modification.**  This Stipulation of Settlement, including the attached Exhibits, may not be changed, altered, or modified, except in writing and signed by counsel for the Parties.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Courts.

27.     **Integration Clause.**   This Stipulation of Settlement, including the attached Exhibits, contains the entire agreement between the Parties relating to the settlement of the Actions, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Stipulation of Settlement. No rights under this Stipulation of Settlement may be waived except in writing signed by the counsel for the Parties as set forth in Section 28.

28.     **Binding on Assigns.**  This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties, including the Released Parties as third- party beneficiaries to this Stipulation of Settlement, and their respective heirs, trustees, executors, administrators, successors, and assigns.

29.     **Counterparts and Facsimile Signatures.**  This Stipulation of Settlement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart,

21

1   each counterpart shall be deemed an original, and, when taken together with other signed

2   counterparts, shall constitute one Stipulation of Settlement. This Stipulation of Settlement may be

3   executed by facsimile signatures or email, which shall be deemed to be originals.

4       **30.**     **Applicable Law.** This Stipulation of Settlement shall be governed by and

5   construed in accordance with federal law and the law of the State of Nevada, to the extent federal

6   law does not apply.

7       **31.**     **Retention of Jurisdiction.** The Parties intend to request that the Court retain

8   jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation of

9   Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing

10  and enforcing the terms of this Stipulation of Settlement.

11  **IT IS SO STIPULATED.**

12  _____

    Joseph Cesarz, Plaintiff            Date

13  

14  _____
    Quy Ngoc Tang, Plaintiff            Date   12/10/2020

15  WYNN LAS VEGAS, LLC
    Defendant

16  

17  _____
    By:                                 Date          Approved as to Form:

18                                                     THIERMAN BUCK LLP

19                                                     By:_____
                                                       Joshua Buck, Attorneys for Plaintiffs

20  

21                                                     LEON GREENBERG, P.C.

                                                       By:_____   12/10/20
22                                                     Leon Greenberg, Attorneys for Plaintiffs

23  

24  
                                         22

1    each counterpart shall be deemed an original, and, when taken together with other signed

2    counterparts, shall constitute one Stipulation of Settlement. This Stipulation of Settlement may be

3    executed by facsimile signatures or email, which shall be deemed to be originals.

4         **30.**    **Applicable Law.**    This Stipulation of Settlement shall be governed by and

5    construed in accordance with federal law and the law of the State of Nevada, to the extent federal

6    law does not apply.

7         **31.**    **Retention of Jurisdiction.**    The Parties intend to request that the Court retain

8    jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation of

9    Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing

10    and enforcing the terms of this Stipulation of Settlement.

11    **IT IS SO STIPULATED.**

12    _J. Cesarz_    12/12/2020

       Joseph Cesarz, Plaintiff      Date

13

14    Quy Ngoc Tang, Plaintiff      Date

15    WYNN LAS VEGAS, LLC
       Defendant

16

17    By:          Date      Approved as to Form:

18                                  THIERMAN BUCK LLP

19                                  By:
                                 Joshua Buck, Attorneys for Plaintiffs

20

21                                  LEON GREENBERG, P.C.

                                 By:

22                                  Leon Greenberg, Attorneys for Plaintiffs

23

24

1    each counterpart shall be deemed an original, and, when taken together with other signed

2    counterparts, shall constitute one Stipulation of Settlement. This Stipulation of Settlement may be

3    executed by facsimile signatures or email, which shall be deemed to be originals.

4        **30.    Applicable Law.** This Stipulation of Settlement shall be governed by and

5    construed in accordance with federal law and the law of the State of Nevada, to the extent federal

6    law does not apply.

7        **31.    Retention of Jurisdiction.** The Parties intend to request that the Court retain

8    jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation of

9    Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing

10   and enforcing the terms of this Stipulation of Settlement.

11   **IT IS SO STIPULATED.**

12   _____
     Joseph Cesarz, Plaintiff          Date

13   _____
     Quy Ngoc Tang, Plaintiff          Date

14

15   WYNN LAS VEGAS, LLC
     Defendant

16   _Marilyn G Spiegel_  12·21·20

17   By:                               Date          Approved as to Form:

18                                                   THIERMAN BUCK LLP

19                                                   By:_____
                                                     Joshua Buck, Attorneys for Plaintiffs

20
                                                     LEON GREENBERG, P.C.
21
                                                     By:_____
22                                                   Leon Greenberg, Attorneys for Plaintiffs

23

24
                                    22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

GIBSON DUNN & CRUTCHER

By:_____

Amanda C. Machin, Attorneys for
Defendant Wynn Las Vegas, LLC

23

EXHIBIT "A"

Exhibit "A" - Cesarz Claimants and Claim Amounts

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 1 | EE No | Last Name, First Name as listed in Wynn records | If previously filed consent in *Cesarz* date from which interest is calculated. If blank no consent was filed and the date used is 1/31/207 | Percentage Interest in Cesarz Settlement Fund (Based On Percentage of Tip Pool Received) | Claim Amount to be Paid as Gross Taxable Settlement from the Net Cesarz Fund of $1,245,000 for distribution |
| 2 | 67331 | Abea Cindy Jinzu | 3/7/2013 | 0.09108% | $1,133.97 |
| 3 | 34850 | Abea Justin R | 4/7/2013 | 0.12390% | $1,542.59 |
| 4 | 13677 | Abebe Etagegn T | 3/4/2013 | 0.11056% | $1,376.45 |
| 5 | 7178 | Abuan Maria E | 3/7/2013 | 0.10870% | $1,353.29 |
| 6 | 70877 | Adabashi Lauren Darcy | 3/14/2013 | 0.07164% | $891.88 |
| 7 | 21687 | Addo William B | 12/8/2013 | 0.10006% | $1,245.75 |
| 8 | 35351 | Adugna Mekonen L | 4/6/2013 | 0.11511% | $1,433.17 |
| 9 | 64601 | Agassi Tseday Elen | 7/17/2015 | 0.02000% | $248.97 |
| 10 | 23166 | Aguero-Hernandez Alejandr | 6/27/2013 | 0.06765% | $842.27 |
| 11 | 65899 | Aguirre Sarah Anne | 3/14/2013 | 0.09700% | $1,207.60 |
| 12 | 11100 | Ahn Misuk | 5/5/2011 | 0.07341% | $913.94 |
| 13 | 7747 | Albanese Joseph C | 3/9/2013 | 0.10702% | $1,332.41 |
| 14 | 59953 | Alee Chris | | 0.01130% | $140.71 |
| 15 | 35291 | Allan Stacy L | 11/12/2015 | 0.04805% | $598.21 |
| 16 | 83428 | Alvarenga Jennifer Chelsea | | 0.01692% | $210.67 |
| 17 | 21736 | Amare Genet B | 3/1/2013 | 0.09176% | $1,142.41 |
| 18 | 9383 | Amie Frederick | 5/5/2011 | 0.16647% | $2,072.59 |
| 19 | 9793 | An Youn M | 5/5/2011 | 0.18045% | $2,246.61 |
| 20 | 65763 | Andrei Maria Teodora | 4/11/2013 | 0.09462% | $1,178.05 |
| 21 | 21703 | Angelo Savath Sim | 7/6/2015 | 0.06437% | $801.35 |
| 22 | 10978 | Angosta Conrado Jr A | 5/5/2011 | 0.15347% | $1,910.72 |
| 23 | 8569 | Angus III Arsenio L | 5/5/2011 | 0.17619% | $2,193.60 |
| 24 | 60162 | Arboleda Mark Anthony Ma | 3/7/2013 | 0.10682% | $1,329.93 |
| 25 | 7423 | Arceo Corazon | 5/5/2011 | 0.14583% | $1,815.56 |
| 26 | 60523 | Arceo Lilyvel Aqui | 7/7/2014 | 0.07870% | $979.87 |
| 27 | 34508 | Armfield Judith A | 7/6/2015 | 0.06290% | $783.12 |
| 28 | 10846 | Armstrong Renee Marie | 5/5/2011 | 0.03576% | $445.23 |
| 29 | 6058 | Aromin Bryan D | 3/2/2013 | 0.12894% | $1,605.31 |
| 30 | 29916 | Aromin Rosemarie R | 3/7/2013 | 0.09345% | $1,163.45 |
| 31 | 86548 | Artates Larry Taberna | | 0.00598% | $74.40 |
| 32 | 4988 | Artiga Fredi | 5/5/2011 | 0.13312% | $1,657.38 |
| 33 | 70892 | Asitimang Matinee | 12/17/2015 | 0.04812% | $599.10 |
| 34 | 19663 | Assad Eman J | 5/5/2011 | 0.17688% | $2,202.16 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|    | A | B | C | D | E |
|----|---|---|---|---|---|
| 35 | 34516 | Ataris Benjamin R | 3/23/2013 | 0.10930% | $1,360.78 |
| 36 | 26349 | Atkins Darryl C | 3/7/2013 | 0.05526% | $687.97 |
| 37 | 80536 | Aurelio Jelyn Ambida |  | 0.02087% | $259.83 |
| 38 | 34321 | Ayele Genet A | 4/6/2013 | 0.11364% | $1,414.78 |
| 39 | 34478 | Bailey Odell | 3/7/2013 | 0.09626% | $1,198.46 |
| 40 | 35586 | Baker-Benitez Laura L | 5/18/2013 | 0.11704% | $1,457.10 |
| 41 | 9347 | Ball Julie A | 5/5/2011 | 0.16533% | $2,058.40 |
| 42 | 60520 | Ballensky Jason | 3/14/2013 | 0.08830% | $1,099.36 |
| 43 | 74415 | Ballew Ki Chon |  | 0.01490% | $185.54 |
| 44 | 4524 | Balzer Lawrence W | 3/7/2013 | 0.08484% | $1,056.21 |
| 45 | 9116 | Bannourah Hanna M | 5/5/2011 | 0.17074% | $2,125.71 |
| 46 | 73482 | Barber James L | 7/17/2015 | 0.05229% | $650.98 |
| 47 | 7987 | Barilla Michelle | 5/5/2011 | 0.01516% | $188.78 |
| 48 | 21689 | Barker Patti Ann | 3/28/2013 | 0.05126% | $638.16 |
| 49 | 34545 | Barros Luisa H | 7/3/2015 | 0.06260% | $779.35 |
| 50 | 34439 | Barrow Katrina Viloria |  | 0.01378% | $171.61 |
| 51 | 62175 | Bashford Glenn Robert |  | 0.02314% | $288.15 |
| 52 | 34757 | Batten Jeffrey W |  | 0.00938% | $116.84 |
| 53 | 72912 | Baty-Kruegel Marcie | 3/9/2013 | 0.06397% | $796.42 |
| 54 | 5671 | Baute Lina L | 5/5/2011 | 0.17639% | $2,196.05 |
| 55 | 36614 | Beard Jessica L | 3/23/2013 | 0.09581% | $1,192.88 |
| 56 | 49100 | Beard Sam Alexander John | 4/6/2013 | 0.04385% | $545.96 |
| 57 | 36873 | Beckham III James D |  | 0.01801% | $224.19 |
| 58 | 6182 | Beese Ronda L | 5/5/2011 | 0.14959% | $1,862.37 |
| 59 | 64598 | Beller Garrett Michael | 3/23/2013 | 0.06913% | $860.72 |
| 60 | 9089 | Benfanti Leah M | 5/5/2011 | 0.15476% | $1,926.74 |
| 61 | 8611 | Benitez Roselle C | 3/7/2013 | 0.11900% | $1,481.59 |
| 62 | 7655 | Bennett Stacey A | 5/5/2011 | 0.06766% | $842.35 |
| 63 | 26368 | Benson Richard J | 4/16/2015 | 0.06894% | $858.32 |
| 64 | 23162 | Bentzen Carol |  | 0.02491% | $310.14 |
| 65 | 87431 | Berhane Nebiyu |  | 0.00293% | $36.47 |
| 66 | 64034 | Bermudez Daniel J |  | 0.00914% | $113.74 |
| 67 | 64599 | Bernabe Arlene Alvarez | 3/14/2013 | 0.06943% | $864.44 |
| 68 | 8341 | Bernard Maria M | 5/5/2011 | 0.12184% | $1,516.94 |
| 69 | 36488 | Berry Jeffrey William | 10/12/2013 | 0.04924% | $613.07 |
| 70 | 7671 | Bigsot Florentino T | 5/5/2011 | 0.16067% | $2,000.28 |
| 71 | 8829 | Binger Charles B | 5/5/2011 | 0.16221% | $2,019.57 |
| 72 | 61605 | Birincioglu Berkay |  | 0.01135% | $141.26 |
| 73 | 7962 | Bise Stephen A | 5/5/2011 | 0.15370% | $1,913.59 |
| 74 | 88265 | Bituin Allan David San Luis |  | 0.00094% | $11.75 |
| 75 | 6577 | Bixenmann Nancy A | 5/5/2011 | 0.12347% | $1,537.16 |
| 76 | 8553 | Blair Donna M | 5/5/2011 | 0.17714% | $2,205.43 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                            | C          | D        | E          |
|-----|-------|------------------------------|------------|----------|------------|
| 77  | 9329  | Blakstad Christine E         | 11/12/2015 | 0.05693% | $708.78    |
| 78  | 8818  | Blaney Linda S               | 3/2/2013   | 0.09487% | $1,181.08  |
| 79  | 21743 | Block Patricia N             | 3/7/2013   | 0.10646% | $1,325.37  |
| 80  | 7749  | Boone Tynisia L              | 5/5/2011   | 0.15686% | $1,952.90  |
| 81  | 36539 | Bordinhao Cesar              |            | 0.02670% | $332.43    |
| 82  | 6556  | Borsick Chong K              | 3/7/2013   | 0.12833% | $1,597.68  |
| 83  | 49185 | Bosnjak Milos                |            | 0.02309% | $287.45    |
| 84  | 21862 | Bosnjak Renata               | 4/9/2015   | 0.06635% | $826.10    |
| 85  | 9401  | Bott Helen L                 | 5/5/2011   | 0.00773% | $96.21     |
| 86  | 35350 | Botticello Alan              | 5/5/2011   | 0.14458% | $1,800.08  |
| 87  | 8591  | Bouchard Kyusuh              |            | 0.02563% | $319.04    |
| 88  | 35298 | Bounmasanonh Dianna khar     | 3/14/2013  | 0.10468% | $1,303.29  |
| 89  | 72493 | Brasi Kenneth R              |            | 0.02464% | $306.81    |
| 90  | 29898 | Brasi Sandro D               |            | 0.02332% | $290.32    |
| 91  | 35480 | Brooke Sadiye G              | 4/16/2015  | 0.06906% | $859.77    |
| 92  | 20672 | Brooks Carla D               | 4/6/2013   | 0.10187% | $1,268.24  |
| 93  | 7425  | Brossart David W             | 5/5/2011   | 0.12847% | $1,599.41  |
| 94  | 76147 | Brown Aliya                  |            | 0.02231% | $277.79    |
| 95  | 36940 | Brown Estella                | 3/4/2013   | 0.08569% | $1,066.83  |
| 96  | 4179  | Brown Tracy O                | 5/5/2011   | 0.10947% | $1,362.89  |
| 97  | 36491 | Brune Cheryl F               | 4/11/2013  | 0.10468% | $1,303.29  |
| 98  | 34266 | Bruno Vince P                | 9/7/2013   | 0.11249% | $1,400.48  |
| 99  | 21768 | Burbank Ashley L             | 3/1/2013   | 0.11897% | $1,481.22  |
| 100 | 34562 | Burton Brian A               | 5/5/2011   | 0.15946% | $1,985.24  |
| 101 | 35179 | Burton Michael R             | 4/6/2013   | 0.05365% | $668.00    |
| 102 | 9737  | Bush Mu Cho                  | 5/5/2011   | 0.05834% | $726.39    |
| 103 | 8840  | Butler Montana E             | 5/5/2011   | 0.18035% | $2,245.37  |
| 104 | 8179  | Buzz Scott L                 | 5/5/2011   | 0.15536% | $1,934.28  |
| 105 | 14244 | Byrne Sheila M               | 3/9/2013   | 0.12683% | $1,579.05  |
| 106 | 83157 | Calieri Richard Paul         |            | 0.01984% | $247.06    |
| 107 | 7127  | Calogero Vincent J           | 5/5/2011   | 0.00866% | $107.79    |
| 108 | 73523 | Calvelli Scott               | 4/2/2013   | 0.06378% | $794.01    |
| 109 | 8135  | Camera Jeffrey C             | 5/5/2011   | 0.08411% | $1,047.23  |
| 110 | 35211 | Canney Brian J               | 4/11/2013  | 0.08718% | $1,085.45  |
| 111 | 36833 | Carabasu Anca A              | 3/4/2013   | 0.09796% | $1,219.66  |
| 112 | 7887  | Carabasu Tanasica A          | 5/5/2011   | 0.17142% | $2,134.13  |
| 113 | 8512  | Carbone Richard F            | 5/5/2011   | 0.16837% | $2,096.15  |
| 114 | 9408  | Carboni Michael J            | 5/5/2011   | 0.16238% | $2,021.65  |
| 115 | 60243 | Cardos Sebastian Vasile      | 3/14/2013  | 0.06175% | $768.78    |
| 116 | 7770  | Cartwright Gregory S         | 4/11/2013  | 0.02317% | $288.49    |
| 117 | 76072 | Cartwright Melissa Sue       |            | 0.02239% | $278.76    |
| 118 | 34410 | Casacchia-Anderson Marian    | 3/4/2013   | 0.08119% | $1,010.80  |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                            | C          | D        | E          |
|-----|-------|------------------------------|------------|----------|------------|
| 119 | 29911 | Casanova Jose Miguel         | 3/7/2013   | 0.12887% | $1,604.43  |
| 120 | 9637  | Casanova Marilda             | 5/5/2011   | 0.16799% | $2,091.41  |
| 121 | 34561 | Caudillo Juan M              | 3/14/2013  | 0.10487% | $1,305.65  |
| 122 | 7146  | Cenzer Richard               | 5/5/2011   | 0.10382% | $1,292.60  |
| 123 | 7200  | Cesarz Joseph J              | 5/5/2011   | 0.17353% | $2,160.50  |
| 124 | 67088 | Cesarz Mitaphone             | 3/16/2013  | 0.08651% | $1,077.02  |
| 125 | 11052 | Cespedes Jr Carlos M         | 5/5/2011   | 0.10549% | $1,313.38  |
| 126 | 22955 | Chakarov Petar N             | 3/2/2013   | 0.09218% | $1,147.70  |
| 127 | 49073 | Chakarova Malina             | 3/2/2013   | 0.09068% | $1,128.98  |
| 128 | 7300  | Chan Amanda S                | 5/6/2013   | 0.05696% | $709.13    |
| 129 | 4425  | Chan Amy N                   | 5/5/2011   | 0.16033% | $1,996.06  |
| 130 | 83071 | Chan Andy                    | 11/20/2015 | 0.01958% | $243.81    |
| 131 | 49568 | Chang Connie                 | 10/12/2013 | 0.10656% | $1,326.64  |
| 132 | 85772 | Chang Kara Li                |            | 0.00879% | $109.40    |
| 133 | 67255 | Chantharath Danny Souriyet   | 4/6/2013   | 0.06950% | $865.27    |
| 134 | 34481 | Chanthrathip Pany P          | 4/20/2013  | 0.06550% | $815.49    |
| 135 | 76133 | Chapman Regina Marie         | 1/27/2014  | 0.05047% | $628.40    |
| 136 | 62067 | Chau Freddie Kwok            | 3/9/2013   | 0.08616% | $1,072.63  |
| 137 | 35412 | Chau Linda                   | 3/2/2013   | 0.11332% | $1,410.84  |
| 138 | 8211  | Chau Minh D                  | 5/5/2011   | 0.17913% | $2,230.11  |
| 139 | 9702  | Chau Qing B                  | 5/5/2011   | 0.17926% | $2,231.80  |
| 140 | 7744  | Chen Airong                  | 3/14/2013  | 0.13525% | $1,683.92  |
| 141 | 62345 | Chen Alice Sarah             | 3/4/2013   | 0.10071% | $1,253.84  |
| 142 | 36529 | Chen Angie                   | 3/4/2013   | 0.09634% | $1,199.49  |
| 143 | 7356  | Chen Brenda Y                | 5/5/2011   | 0.17693% | $2,202.75  |
| 144 | 66599 | Chen Jessica                 | 10/30/2015 | 0.04643% | $578.01    |
| 145 | 34537 | Chen Karena M                |            | 0.02772% | $345.14    |
| 146 | 60156 | Chen Xia                     | 10/12/2015 | 0.05405% | $672.87    |
| 147 | 49186 | Chen Yanling                 | 3/9/2013   | 0.13105% | $1,631.59  |
| 148 | 83130 | Chen Ziyu                    | 7/6/2015   | 0.01953% | $243.15    |
| 149 | 29984 | Cheng Andy                   | 7/6/2015   | 0.06622% | $824.40    |
| 150 | 67042 | Cheng Baiq Quan              | 3/14/2013  | 0.05099% | $634.77    |
| 151 | 34673 | Cheng Waichi                 |            | 0.02888% | $359.51    |
| 152 | 59191 | Chen-Ge Sophie Lu            | 4/2/2015   | 0.04074% | $507.22    |
| 153 | 25717 | Chenh Jenny                  | 3/16/2013  | 0.12328% | $1,534.83  |
| 154 | 49167 | Cher Malissa                 |            | 0.00035% | $4.31      |
| 155 | 26387 | Cheung Chi T                 | 3/23/2013  | 0.13255% | $1,650.26  |
| 156 | 8463  | Cheung Christopher K         | 5/5/2011   | 0.16343% | $2,034.66  |
| 157 | 36897 | Cheung King                  |            | 0.01129% | $140.54    |
| 158 | 8898  | Chewjalearn Chinnavut        | 4/6/2013   | 0.06234% | $776.08    |
| 159 | 63675 | Chiang Kai Hong              | 3/2/2013   | 0.10875% | $1,353.89  |
| 160 | 36712 | Chiang Ping C                |            | 0.00979% | $121.88    |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A | B | C | D | E |
|-----|------|--------------------------|------------|----------|------------|
| 161 | 35889 | Chin Shawna M | | 0.02590% | $322.50 |
| 162 | 27172 | Cho Sang W | | 0.02685% | $334.28 |
| 163 | 77164 | Choi Chloe | 7/6/2015 | 0.05015% | $624.42 |
| 164 | 8904 | Choi Chong M | 3/7/2013 | 0.11788% | $1,467.63 |
| 165 | 23507 | Choksawaengkarn Kreingsak | 5/5/2011 | 0.00485% | $60.38 |
| 166 | 4568 | Chong Jin Ah | 5/5/2011 | 0.11392% | $1,418.34 |
| 167 | 36881 | Chow Cheong B | 12/17/2015 | 0.05316% | $661.80 |
| 168 | 35185 | Chow Lisa K | 12/17/2015 | 0.05900% | $734.59 |
| 169 | 21728 | Christian Dona A | 2/25/2013 | 0.13512% | $1,682.27 |
| 170 | 66872 | Chuencharoenwong Sumala | 3/7/2013 | 0.09678% | $1,204.92 |
| 171 | 35504 | Chun Jeanie R | 8/3/2015 | 0.05728% | $713.12 |
| 172 | 9761 | Chung Cheryl V | 5/5/2011 | 0.14748% | $1,836.10 |
| 173 | 67244 | Chung Li | 3/29/2015 | 0.05990% | $745.80 |
| 174 | 62466 | Chung Phu Thanh | 7/6/2015 | 0.06064% | $754.91 |
| 175 | 35210 | Ciliberti Christina T | 3/2/2013 | 0.07202% | $896.69 |
| 176 | 8848 | Cincotto Matthew | 3/4/2013 | 0.12912% | $1,607.49 |
| 177 | 34839 | Cipriani Scott | 3/2/2013 | 0.12212% | $1,520.33 |
| 178 | 36092 | Cliett Derrick J | 5/5/2011 | 0.17157% | $2,136.06 |
| 179 | 35511 | Collingbourne Susan | 3/9/2013 | 0.11647% | $1,450.07 |
| 180 | 9951 | Collins Wendy Teruya | 5/5/2011 | 0.16786% | $2,089.86 |
| 181 | 5897 | Colovic Luka | 4/2/2015 | 0.07055% | $878.37 |
| 182 | 6166 | Comastro Joseph F | 5/5/2011 | 0.14415% | $1,794.61 |
| 183 | 36880 | Conchiglia Michael S | 3/9/2013 | 0.08452% | $1,052.32 |
| 184 | 34277 | Condron Patricia A | 5/5/2011 | 0.05803% | $722.47 |
| 185 | 8825 | Connelly Marla L | 5/5/2011 | 0.14142% | $1,760.72 |
| 186 | 4798 | Conner William D | 3/23/2013 | 0.11183% | $1,392.30 |
| 187 | 8277 | Cooper Connie L | 5/5/2011 | 0.11963% | $1,489.44 |
| 188 | 5961 | Corbin Elizabeth A | 5/5/2011 | 0.16454% | $2,048.52 |
| 189 | 8524 | Corona Mercy C | 5/5/2011 | 0.17664% | $2,199.18 |
| 190 | 72620 | Costales Wilma | 3/17/2013 | 0.06715% | $835.97 |
| 191 | 73623 | Cross Laura Patricia | | 0.02116% | $263.40 |
| 192 | 15489 | Crossley Carlotta C | 5/5/2011 | 0.00024% | $2.98 |
| 193 | 9658 | Cruz Charito L | 5/5/2011 | 0.17634% | $2,195.47 |
| 194 | 35352 | Cruz Teresita J | | 0.02613% | $325.37 |
| 195 | 74989 | Cui Renyong | | 0.02474% | $308.00 |
| 196 | 62248 | Cullers Hailing Xue | 3/14/2013 | 0.09583% | $1,193.05 |
| 197 | 62346 | Dadaloglu Nurden | | 0.02282% | $284.12 |
| 198 | 71227 | Dai Vivian | 1/10/2014 | 0.08071% | $1,004.78 |
| 199 | 29450 | D'Amore Joseph A | 4/7/2013 | 0.13050% | $1,624.67 |
| 200 | 10130 | Dandrea Bryan A | 5/5/2011 | 0.16974% | $2,113.27 |
| 201 | 21729 | Dang Chuong V | 10/23/2015 | 0.04563% | $568.11 |
| 202 | 34459 | Dangelo Phil A | 10/23/2015 | 0.05850% | $728.35 |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 203 | 60137 | D'angelo Richard Anthony | 3/1/2013 | 0.11359% | $1,414.22 |
| 204 | 34350 | Dao Meimy | | 0.01128% | $140.49 |
| 205 | 9611 | Dao Scott | 5/5/2011 | 0.13212% | $1,644.94 |
| 206 | 35460 | Davies Justin E | 11/20/2015 | 0.02349% | $292.50 |
| 207 | 10217 | Davila Ana R | 5/5/2011 | 0.17175% | $2,138.31 |
| 208 | 35295 | Davis Suki | 4/7/2013 | 0.10762% | $1,339.88 |
| 209 | 6210 | Davis Thomas L | 3/16/2013 | 0.06845% | $852.23 |
| 210 | 63007 | Dawson Lexi Marie | | 0.02253% | $280.49 |
| 211 | 21718 | Day David | 4/20/2013 | 0.00152% | $18.92 |
| 212 | 34686 | Defillippo Joan D | 3/7/2013 | 0.11420% | $1,421.77 |
| 213 | 8603 | Del Prado Javier | 5/5/2011 | 0.18336% | $2,282.80 |
| 214 | 35900 | Delphin Sandra A | 5/5/2011 | 0.15319% | $1,907.25 |
| 215 | 34506 | Deng Vivian J | 3/2/2013 | 0.11901% | $1,481.64 |
| 216 | 35315 | Desherlia Roberta L | 3/7/2013 | 0.10042% | $1,250.29 |
| 217 | 79223 | Devine Patricia L | 11/12/2015 | 0.03324% | $413.88 |
| 218 | 14186 | Devitte Heather K | 5/5/2011 | 0.13051% | $1,624.81 |
| 219 | 62439 | Dezii Melodey | | 0.02112% | $262.97 |
| 220 | 3679 | Dheressa Lomi K | 12/8/2013 | 0.10275% | $1,279.19 |
| 221 | 9266 | Dhue Hunter C | 5/5/2011 | 0.07496% | $933.29 |
| 222 | 74764 | Diec Nancy Tuyet | 11/12/2015 | 0.04885% | $608.20 |
| 223 | 70758 | Diep Kevin | 4/9/2015 | 0.05400% | $672.26 |
| 224 | 34420 | Dieu Victor | | 0.02907% | $361.95 |
| 225 | 8092 | Digiorgio Michael J | 3/2/2013 | 0.12743% | $1,586.45 |
| 226 | 5434 | DiLisio Tanya M | 5/5/2011 | 0.11935% | $1,485.86 |
| 227 | 34488 | Diloreanu Daniel I | 4/6/2013 | 0.10691% | $1,331.01 |
| 228 | 59611 | Dimic Ana | 3/7/2013 | 0.10648% | $1,325.70 |
| 229 | 62158 | Dingeanu Carmen Elena | 3/23/2013 | 0.11161% | $1,389.55 |
| 230 | 23510 | Dizon Jr Zoilo V | 4/11/2013 | 0.13121% | $1,633.60 |
| 231 | 29800 | Dizon Rosalie V | 4/11/2013 | 0.13506% | $1,681.53 |
| 232 | 75594 | Doan Phuong Hoa | | 0.02602% | $323.99 |
| 233 | 29914 | Dobson Kim D | 9/12/2013 | 0.10353% | $1,288.92 |
| 234 | 5839 | Dominguez Zarina Bayani | 5/5/2011 | 0.13452% | $1,674.79 |
| 235 | 73037 | Dong Ze | 11/18/2013 | 0.04908% | $611.04 |
| 236 | 9725 | Dongmann Klaus | 5/5/2011 | 0.01501% | $186.83 |
| 237 | 34825 | Donner Kay | 3/2/2013 | 0.12573% | $1,565.34 |
| 238 | 30863 | Doxie Jr Larry D | 3/28/2013 | 0.09523% | $1,185.65 |
| 239 | 21735 | Draggon Leighton B | 1/10/2014 | 0.09960% | $1,240.04 |
| 240 | 76044 | Draper Joana Marie | | 0.02042% | $254.18 |
| 241 | 76298 | Dryjanski Devona Kaitlin | | 0.02075% | $258.31 |
| 242 | 49074 | Du Lina | 4/6/2013 | 0.10984% | $1,367.47 |
| 243 | 36958 | Duca Sue A | 5/5/2011 | 0.07226% | $899.67 |
| 244 | 70198 | Duenas Candida | 3/2/2013 | 0.08120% | $1,010.91 |

|     | A | B | C | D | E |
|-----|-------|------------------------|-------------|----------|-----------|
| 245 | 27175 | Dunne John J |  | 0.00936% | $116.54 |
| 246 | 85765 | Duong Isabel | 7/6/2015 | 0.00763% | $94.99 |
| 247 | 29902 | Duong Ngoc-xuan Thi | 11/20/2015 | 0.06032% | $750.97 |
| 248 | 9413 | Duong Vivian | 5/5/2011 | 0.18192% | $2,264.96 |
| 249 | 34412 | Durando Dennis C | 2/25/2013 | 0.13178% | $1,640.70 |
| 250 | 34411 | Durando Marie A | 2/25/2013 | 0.11614% | $1,446.00 |
| 251 | 9342 | Dyer Jason C | 3/1/2013 | 0.11590% | $1,442.94 |
| 252 | 34286 | Dzama Christina M | 2/25/2013 | 0.10768% | $1,340.63 |
| 253 | 8629 | Ealy Jr Thomas H | 3/4/2013 | 0.07833% | $975.25 |
| 254 | 64345 | Egan Lauren Marion | 3/4/2013 | 0.08097% | $1,008.01 |
| 255 | 7688 | Eitelberg Ray M |  | 0.01877% | $233.63 |
| 256 | 19667 | Elliott Earnest E | 5/5/2011 | 0.12637% | $1,573.34 |
| 257 | 34613 | Elmagrabi Peter | 11/29/2014 | 0.04688% | $583.65 |
| 258 | 9362 | Elston Brian L | 5/5/2011 | 0.17898% | $2,228.32 |
| 259 | 34400 | Encabo Robert A |  | 0.02723% | $339.07 |
| 260 | 21800 | Enriques Lei S | 5/6/2013 | 0.13836% | $1,722.52 |
| 261 | 8920 | Ericksten Jeanne P | 4/6/2013 | 0.03289% | $409.43 |
| 262 | 19855 | Eslinger Jeffrey J | 5/5/2011 | 0.16043% | $1,997.34 |
| 263 | 21692 | Esparza Nieves R |  | 0.03021% | $376.07 |
| 264 | 9677 | Espiritu Evangeline B | 3/7/2013 | 0.12718% | $1,583.42 |
| 265 | 36838 | Espiritu Jr Lutgardo R | 3/7/2013 | 0.11917% | $1,483.64 |
| 266 | 36382 | Espiritu Mark R A | 5/5/2011 | 0.14668% | $1,826.16 |
| 267 | 83233 | Espiritu Melchor R |  | 0.00683% | $85.00 |
| 268 | 34614 | Esposito John M | 3/14/2013 | 0.06779% | $843.94 |
| 269 | 9477 | Eubanks Dawn K | 3/14/2013 | 0.10832% | $1,348.58 |
| 270 | 21739 | Evans Jake R | 3/2/2013 | 0.13711% | $1,707.06 |
| 271 | 6192 | Fadel Claudia | 3/4/2013 | 0.09264% | $1,153.38 |
| 272 | 8842 | Falchi Roberto A | 5/5/2011 | 0.16079% | $2,001.84 |
| 273 | 7032 | Farley-keagy Cynthia A | 5/5/2011 | 0.04773% | $594.20 |
| 274 | 21719 | Fatooh Su-kyoung | 4/20/2013 | 0.12721% | $1,583.75 |
| 275 | 9331 | Felix Edwin C | 5/5/2011 | 0.05162% | $642.73 |
| 276 | 85524 | Fernandez Jaime |  | 0.01076% | $133.99 |
| 277 | 36359 | Fernandez John D |  | 0.02651% | $330.01 |
| 278 | 36797 | Ferrara Dan | 9/29/2013 | 0.12221% | $1,521.49 |
| 279 | 66909 | Filipovic Nada | 11/12/2015 | 0.04769% | $593.77 |
| 280 | 6205 | Fite Bulcha | 5/5/2011 | 0.17096% | $2,128.42 |
| 281 | 4990 | Flanagan Adriana | 3/7/2013 | 0.10200% | $1,269.94 |
| 282 | 7396 | Fletcher Shirley D | 5/5/2011 | 0.04199% | $522.83 |
| 283 | 6064 | Fontana Sebastiana | 5/5/2011 | 0.15591% | $1,941.07 |
| 284 | 5191 | Ford Gregory R | 5/5/2011 | 0.17717% | $2,205.75 |
| 285 | 19367 | Fosburg Gary L |  | 0.02201% | $274.06 |
| 286 | 9971 | Fox Amber M | 5/5/2011 | 0.08950% | $1,114.33 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                          | C          | D        | E          |
|-----|-------|----------------------------|------------|----------|------------|
| 287 | 21731 | Francis Chad D             | 5/7/2015   | 0.06093% | $758.56    |
| 288 | 71285 | Frazier Taem Katelin       | 7/3/2015   | 0.06647% | $827.59    |
| 289 | 7122  | Frey Michael T             | 11/20/2015 | 0.04770% | $593.82    |
| 290 | 7175  | Frey Mimi N                | 5/5/2011   | 0.16986% | $2,114.72  |
| 291 | 62407 | Friedman Daniel Nathan     | 3/1/2013   | 0.11073% | $1,378.60  |
| 292 | 8831  | Fujino Kent S              | 5/5/2011   | 0.18153% | $2,260.00  |
| 293 | 49563 | Fuller Colleen             | 5/5/2011   | 0.16891% | $2,102.90  |
| 294 | 10448 | Fuller Terri L             | 5/5/2011   | 0.16516% | $2,056.26  |
| 295 | 34621 | Fung Lana S                | 4/7/2013   | 0.07183% | $894.26    |
| 296 | 4682  | Funk Dezari J              | 5/5/2011   | 0.12344% | $1,536.88  |
| 297 | 8938  | Gabriel Maile M            | 5/5/2011   | 0.11697% | $1,456.31  |
| 298 | 64741 | Gadberry Christopher David | 3/1/2013   | 0.09026% | $1,123.74  |
| 299 | 8562  | Gahagan Barron             | 5/5/2011   | 0.14951% | $1,861.39  |
| 300 | 35282 | Gaines Roger N             |            | 0.01937% | $241.16    |
| 301 | 9088  | Gallo Elizabeth            | 5/5/2011   | 0.08760% | $1,090.58  |
| 302 | 6207  | Gan Xiumei                 | 5/5/2011   | 0.17362% | $2,161.63  |
| 303 | 19851 | Gannon Janice              | 5/5/2011   | 0.14423% | $1,795.68  |
| 304 | 71269 | Gao Shan                   | 4/6/2013   | 0.07733% | $962.72    |
| 305 | 23311 | Garber Brian               | 4/9/2015   | 0.07856% | $978.12    |
| 306 | 11673 | Garces Liwliwa R           | 4/12/2015  | 0.06935% | $863.44    |
| 307 | 6980  | Garcia David               | 3/7/2013   | 0.12567% | $1,564.60  |
| 308 | 6728  | Garcia Lourdes L           | 5/5/2011   | 0.16498% | $2,054.06  |
| 309 | 63650 | Garcia Racelle             |            | 0.02266% | $282.09    |
| 310 | 9269  | Garcia Wiston              | 3/1/2013   | 0.12169% | $1,515.08  |
| 311 | 62868 | Garcia Yelina              | 3/1/2013   | 0.08482% | $1,056.06  |
| 312 | 5823  | Gazda Keith J              | 3/28/2013  | 0.06285% | $782.50    |
| 313 | 62472 | Ge Xin                     | 4/2/2015   | 0.06341% | $789.40    |
| 314 | 8930  | Geiger Chris F             | 5/5/2011   | 0.18232% | $2,269.88  |
| 315 | 9462  | Gentry Richard D           | 5/5/2011   | 0.14618% | $1,819.95  |
| 316 | 29912 | George Alejandro           | 3/7/2013   | 0.12798% | $1,593.37  |
| 317 | 86464 | George Esther              |            | 0.00682% | $84.87     |
| 318 | 21684 | George Julia               | 3/7/2013   | 0.12411% | $1,545.22  |
| 319 | 27329 | Georgette Bobbie           | 4/16/2015  | 0.06907% | $859.88    |
| 320 | 21690 | Georgiev Katina T          | 3/2/2013   | 0.13841% | $1,723.22  |
| 321 | 59612 | Getsova Dragoslava Angelov  | 3/9/2013   | 0.12773% | $1,590.23  |
| 322 | 14275 | Ghang James J              | 5/5/2011   | 0.02420% | $301.27    |
| 323 | 85527 | Ghebremicael Lia Andemesk  |            | 0.00982% | $122.24    |
| 324 | 36379 | Giancola Kevin D           | 7/1/2013   | 0.06608% | $822.73    |
| 325 | 9341  | Giang Yoon Hee             | 5/5/2011   | 0.16174% | $2,013.67  |
| 326 | 40443 | Giannetti Patricia Marie   | 4/7/2013   | 0.08759% | $1,090.53  |
| 327 | 53076 | Gidey Nigist               |            | 0.02401% | $298.91    |
| 328 | 36896 | Gilbert Michael E          |            | 0.00140% | $17.38     |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                      | C          | D        | E          |
|-----|-------|------------------------|------------|----------|------------|
| 329 | 36390 | Gilley Michael W       | 3/28/2013  | 0.10968% | $1,365.56  |
| 330 | 15534 | Giordani Louis A       | 5/5/2011   | 0.12841% | $1,598.66  |
| 331 | 35402 | Gipson Mikki Michelle  | 3/1/2013   | 0.09930% | $1,236.25  |
| 332 | 14207 | Gitisetan Kourosh      |            | 0.02789% | $347.26    |
| 333 | 6988  | Gleason Michael D      | 5/5/2011   | 0.14430% | $1,796.49  |
| 334 | 49170 | Gleich Karen Jean      | 12/17/2015 | 0.04614% | $574.49    |
| 335 | 25697 | Glennon Mael           | 4/6/2013   | 0.08459% | $1,053.12  |
| 336 | 35302 | Golden Haeyon          | 5/5/2011   | 0.17656% | $2,198.18  |
| 337 | 88251 | Golub Velibor          |            | 0.00059% | $7.34      |
| 338 | 35038 | Gomez Dorotea C        | 5/11/2015  | 0.06106% | $760.16    |
| 339 | 35408 | Gomez Oscar M          | 4/20/2013  | 0.06432% | $800.79    |
| 340 | 34402 | Gong Amy H             |            | 0.03243% | $403.73    |
| 341 | 9998  | Goodelman Jay I        | 5/5/2011   | 0.15313% | $1,906.47  |
| 342 | 8936  | Grant Hsiu-hsiang      | 3/7/2013   | 0.12105% | $1,507.06  |
| 343 | 64585 | Graves Minchu          |            | 0.01369% | $170.49    |
| 344 | 7741  | Graves Orly L          | 3/28/2013  | 0.04165% | $518.58    |
| 345 | 7230  | Green Diane Evonne      | 5/5/2011   | 0.15940% | $1,984.54  |
| 346 | 7325  | Grilo Julie H          | 4/20/2013  | 0.11328% | $1,410.38  |
| 347 | 21712 | Guan Leilani           |            | 0.02926% | $364.30    |
| 348 | 23525 | Guan Shu Y             |            | 0.02932% | $365.03    |
| 349 | 7900  | Guest Jesse L          | 5/5/2011   | 0.15378% | $1,914.62  |
| 350 | 29903 | Guevara Kim            | 7/6/2015   | 0.05686% | $707.86    |
| 351 | 35405 | Guiao Ronald L         |            | 0.00953% | $118.59    |
| 352 | 72101 | Guidara April          | 3/14/2013  | 0.06017% | $749.09    |
| 353 | 49075 | Guillory Dwayne        |            | 0.02378% | $296.09    |
| 354 | 35099 | Guillory Kathleen C    |            | 0.01114% | $138.70    |
| 355 | 73630 | Gumenyuk Yaroslav      | 4/16/2015  | 0.06592% | $820.69    |
| 356 | 85550 | Gungor Semra           |            | 0.00483% | $60.19     |
| 357 | 25677 | Guzelkucuk Sema        |            | 0.02575% | $320.53    |
| 358 | 25693 | Guzman Rodolfo         | 4/6/2013   | 0.05006% | $623.19    |
| 359 | 35182 | Ha Jonathan            | 3/1/2013   | 0.14227% | $1,771.26  |
| 360 | 66093 | Haagenson Jason Ryan   |            | 0.00392% | $48.74     |
| 361 | 29983 | Hackney Kenneth S      | 10/12/2013 | 0.10425% | $1,297.89  |
| 362 | 7277  | Hadeed Youssef         | 9/29/2013  | 0.09073% | $1,129.65  |
| 363 | 70905 | Hall Shilah Christy    | 4/11/2013  | 0.07553% | $940.30    |
| 364 | 35341 | Hamblin Catherine S    |            | 0.02261% | $281.44    |
| 365 | 34419 | Hamel Sr Jeffrey M     | 3/2/2013   | 0.07283% | $906.67    |
| 366 | 76627 | Han Xiao               | 4/2/2015   | 0.05063% | $630.37    |
| 367 | 8802  | Hanley David V         | 3/23/2013  | 0.12656% | $1,575.61  |
| 368 | 23941 | Haro George L          | 3/1/2013   | 0.13706% | $1,706.44  |
| 369 | 22960 | Harper Charles M       | 3/7/2013   | 0.11520% | $1,434.24  |
| 370 | 7349  | Hart Jr Richard N      | 3/2/2013   | 0.12708% | $1,582.10  |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                           | C          | D        | E          |
|-----|-------|-----------------------------|------------|----------|------------|
| 371 | 62348 | Hartman Hilda Monica        | 3/14/2013  | 0.10922% | $1,359.81  |
| 372 | 36595 | Hasbrouck Brett J           | 3/28/2013  | 0.09895% | $1,231.94  |
| 373 | 64742 | He Jason Junsong            | 4/7/2013   | 0.08994% | $1,119.76  |
| 374 | 64658 | He Qinli                    | 7/6/2015   | 0.05251% | $653.79    |
| 375 | 24913 | Hebte Helen                 |            | 0.02707% | $337.04    |
| 376 | 9017  | Hefner Gloria C             | 5/5/2011   | 0.10269% | $1,278.50  |
| 377 | 8091  | Hemsey Mariana              | 5/5/2011   | 0.09015% | $1,122.41  |
| 378 | 74921 | Henderson-Dean Brooklynn    | 2/23/2014  | 0.05110% | $636.21    |
| 379 | 36534 | Hendrix Suzy Y              | 11/20/2015 | 0.03784% | $471.06    |
| 380 | 7128  | Hensley James W             | 5/5/2011   | 0.01631% | $203.08    |
| 381 | 29945 | Heon Chong S                | 7/6/2015   | 0.06399% | $796.66    |
| 382 | 76108 | Heredia Villanueva Claudia  |            | 0.02427% | $302.14    |
| 383 | 4661  | Herman Courtney E           | 5/5/2011   | 0.15600% | $1,942.22  |
| 384 | 36681 | Hill John P                 |            | 0.02303% | $286.77    |
| 385 | 8851  | Hill Lili A                 | 5/5/2011   | 0.13841% | $1,723.25  |
| 386 | 4443  | Hill Shurronda L            | 5/5/2011   | 0.01773% | $220.70    |
| 387 | 8483  | Hillers William A           | 5/5/2011   | 0.13414% | $1,670.03  |
| 388 | 85764 | Hills Gil                   |            | 0.00791% | $98.46     |
| 389 | 4252  | Hinh Garry                  | 5/5/2011   | 0.17092% | $2,127.96  |
| 390 | 34571 | Hinojosa Snjezana           | 4/20/2013  | 0.11283% | $1,404.74  |
| 391 | 7721  | Ho Charly X                 | 5/5/2011   | 0.15543% | $1,935.05  |
| 392 | 8959  | Ho Nancy                    | 5/5/2011   | 0.18120% | $2,255.96  |
| 393 | 83301 | Hoang Johnny                |            | 0.01156% | $143.87    |
| 394 | 7312  | Hoevener Greg O             | 5/5/2011   | 0.02955% | $367.90    |
| 395 | 35186 | Hoffman Jeff C              | 4/20/2013  | 0.12162% | $1,514.11  |
| 396 | 62406 | Holden Jamie Elizabeth      | 7/3/2015   | 0.03723% | $463.46    |
| 397 | 64602 | Holland Ma Andrea Sangco    | 3/13/2015  | 0.06650% | $827.93    |
| 398 | 9527  | Hollowell Britt L           | 5/5/2011   | 0.15798% | $1,966.84  |
| 399 | 67024 | Holmes Karl Richard         | 4/6/2013   | 0.02918% | $363.31    |
| 400 | 9251  | Holton Sandra P             | 5/5/2011   | 0.13769% | $1,714.23  |
| 401 | 30182 | Horita Myong C              |            | 0.02929% | $364.71    |
| 402 | 7368  | Horwitz Michael Isadore     | 4/20/2013  | 0.10846% | $1,350.33  |
| 403 | 61915 | Hotaki Aziza Malal          | 4/6/2013   | 0.11603% | $1,444.62  |
| 404 | 36352 | Hou Danny C                 | 5/5/2011   | 0.09878% | $1,229.76  |
| 405 | 82946 | Hou Siying                  | 7/6/2015   | 0.02081% | $259.03    |
| 406 | 67254 | Hou Yuzhi                   | 3/14/2013  | 0.09131% | $1,136.79  |
| 407 | 84944 | Hristova Temenuga Zhivkova  |            | 0.01374% | $171.11    |
| 408 | 76293 | Hsia Emily                  |            | 0.02365% | $294.43    |
| 409 | 9618  | Hsu Jim C                   | 11/4/2013  | 0.11357% | $1,413.94  |
| 410 | 23682 | Hsu Joyce                   | 3/2/2013   | 0.13970% | $1,739.25  |
| 411 | 36949 | Huang Cindy O               |            | 0.02121% | $264.00    |
| 412 | 49122 | Huang Jinman                | 3/4/2013   | 0.11370% | $1,415.61  |

|     | A     | B                        | C          | D        | E          |
|-----|-------|--------------------------|------------|----------|------------|
| 413 | 14272 | Huang Leanne Y           | 3/2/2013   | 0.12339% | $1,536.22  |
| 414 | 49125 | Huang Ling Wei           | 5/7/2015   | 0.06679% | $831.48    |
| 415 | 29987 | Huang Nancy              |            | 0.02765% | $344.18    |
| 416 | 21767 | Huang Yen M              |            | 0.02545% | $316.88    |
| 417 | 34285 | Huang Zhihua E           |            | 0.02921% | $363.71    |
| 418 | 4645  | Hubert Cameron B         | 5/5/2011   | 0.14238% | $1,772.58  |
| 419 | 74987 | Hughes Kena Tadesse      |            | 0.01413% | $175.94    |
| 420 | 6253  | Hui Lohelani Kahookele   | 5/5/2011   | 0.16000% | $1,991.99  |
| 421 | 8096  | Humble Barbara J         | 3/1/2013   | 0.11299% | $1,406.74  |
| 422 | 84926 | Hunt Matthew Scott       | 4/16/2015  | 0.01382% | $172.04    |
| 423 | 6154  | Hupp Nicky R             | 4/11/2013  | 0.11580% | $1,441.75  |
| 424 | 21616 | Hutcheson Christopher D  | 5/5/2011   | 0.01013% | $126.06    |
| 425 | 7145  | Hutchings Jill S         | 5/5/2011   | 0.12425% | $1,546.95  |
| 426 | 8864  | Huynh John               | 5/5/2011   | 0.16367% | $2,037.66  |
| 427 | 30008 | Huynh Nhung Thi          | 11/12/2015 | 0.05721% | $712.25    |
| 428 | 49567 | Huynh Thao               |            | 0.01618% | $201.38    |
| 429 | 5162  | Hwang In K               | 5/5/2011   | 0.03336% | $415.27    |
| 430 | 8064  | Hwang Shun Ling          | 4/6/2013   | 0.05991% | $745.85    |
| 431 | 73603 | Ikeda Cindy Tao          | 3/9/2013   | 0.06324% | $787.29    |
| 432 | 4266  | Imperial Joseph E        | 4/7/2013   | 0.07417% | $923.46    |
| 433 | 35410 | Insixiengmai Viphakone   | 4/7/2013   | 0.08213% | $1,022.47  |
| 434 | 4901  | Iorgulescu Adrian        | 3/9/2013   | 0.12246% | $1,524.59  |
| 435 | 9361  | Iorgulescu Mihaela C     | 3/9/2013   | 0.08061% | $1,003.58  |
| 436 | 21727 | Irvin Valarie A          | 4/12/2015  | 0.07645% | $951.77    |
| 437 | 10213 | Jackson Joanne T         | 5/5/2011   | 0.18319% | $2,280.69  |
| 438 | 53808 | Jackson Jr Herbert       | 3/7/2013   | 0.04751% | $591.48    |
| 439 | 11166 | Jaeger Jeffrey A         | 4/6/2013   | 0.10564% | $1,315.27  |
| 440 | 9961  | Jatico Roy L             | 5/5/2011   | 0.18095% | $2,252.80  |
| 441 | 49157 | Jenkins Vivian Tomasa T  | 3/7/2013   | 0.08598% | $1,070.42  |
| 442 | 40078 | Jiang Jessica Q          | 3/4/2013   | 0.12746% | $1,586.92  |
| 443 | 71179 | Jiang Jinhua             | 5/7/2015   | 0.06204% | $772.39    |
| 444 | 10266 | Jiao Rao                 | 5/5/2011   | 0.15348% | $1,910.80  |
| 445 | 34492 | Jimenez Jr Oscar M       |            | 0.01728% | $215.15    |
| 446 | 69822 | Jimenez Wally            | 4/2/2015   | 0.04465% | $555.92    |
| 447 | 63665 | Jing Meijia              |            | 0.02185% | $272.02    |
| 448 | 31747 | Johnson Edith L          | 4/20/2013  | 0.05213% | $649.07    |
| 449 | 4749  | Johnson Kyong S          | 5/5/2011   | 0.17847% | $2,221.92  |
| 450 | 8176  | Johonnot Thomas S        | 5/5/2011   | 0.17459% | $2,173.68  |
| 451 | 23156 | Jokic Milica             | 4/7/2013   | 0.12057% | $1,501.12  |
| 452 | 35285 | Jones Elvis L            | 3/4/2013   | 0.11515% | $1,433.68  |
| 453 | 30118 | Jones Jesse J            | 3/9/2013   | 0.07843% | $976.46    |
| 454 | 21741 | Jones Mai Anh            | 3/1/2013   | 0.10859% | $1,351.94  |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                       | C          | D        | E          |
|-----|-------|-------------------------|------------|----------|------------|
| 455 | 27137 | Jones Marlon Y          | 3/1/2013   | 0.11568% | $1,440.26  |
| 456 | 60188 | Jones Stephen Michael   |            | 0.02437% | $303.42    |
| 457 | 60347 | Jung Sun Yeun           | 3/28/2013  | 0.11242% | $1,399.61  |
| 458 | 8297  | Kaphengst Judy Haruko   | 3/14/2013  | 0.10425% | $1,297.95  |
| 459 | 50837 | Karaffa Joseph          | 5/5/2011   | 0.03048% | $379.44    |
| 460 | 4454  | Kastroll Kanie G        | 5/5/2011   | 0.18123% | $2,256.31  |
| 461 | 4756  | Katzenberger Daniel P   | 5/5/2011   | 0.16449% | $2,047.86  |
| 462 | 66625 | Keck Tasha Lynn         | 3/2/2013   | 0.09163% | $1,140.81  |
| 463 | 64593 | Keldysheva Olga         | 3/28/2015  | 0.06692% | $833.10    |
| 464 | 5017  | Kelley Babeth Marie     | 3/2/2013   | 0.09629% | $1,198.76  |
| 465 | 10456 | Kelley John K           | 5/5/2011   | 0.14762% | $1,837.83  |
| 466 | 34369 | Kellogg Joseph A        |            | 0.02805% | $349.25    |
| 467 | 9648  | Kelly Saakanoush        | 5/5/2011   | 0.16449% | $2,047.88  |
| 468 | 82948 | Kenina Anna A           |            | 0.02014% | $250.69    |
| 469 | 50984 | Keomany Bouthda         | 4/20/2013  | 0.11327% | $1,410.19  |
| 470 | 6726  | Kerbs Hope J            | 5/5/2011   | 0.17615% | $2,193.06  |
| 471 | 34671 | Ketema Redate           |            | 0.02667% | $332.09    |
| 472 | 29691 | Ketterer Meng Yan       | 7/6/2015   | 0.03953% | $492.21    |
| 473 | 62870 | Khemsar Samshrita       | 3/23/2013  | 0.11236% | $1,398.93  |
| 474 | 71531 | Kidane Michael Woldehawa |           | 0.02522% | $314.05    |
| 475 | 83073 | Kieffer Amber A         |            | 0.01621% | $201.81    |
| 476 | 34681 | Kievit Christopher R    | 5/5/2011   | 0.03120% | $388.49    |
| 477 | 14311 | Killebrew Martha G      | 5/5/2011   | 0.15303% | $1,905.26  |
| 478 | 36711 | Kim Alex Y              | 3/4/2013   | 0.12081% | $1,504.08  |
| 479 | 34534 | Kim Eun K               |            | 0.02661% | $331.34    |
| 480 | 9420  | Kim Jin Y               | 5/5/2011   | 0.16684% | $2,077.22  |
| 481 | 5556  | Kim Kayla               | 5/5/2011   | 0.15184% | $1,890.37  |
| 482 | 9119  | Kim Kiong               | 3/7/2013   | 0.13068% | $1,626.99  |
| 483 | 4539  | Kim Toan D              | 3/7/2013   | 0.10922% | $1,359.84  |
| 484 | 61171 | Kim Tony Dong Hyun      | 3/7/2013   | 0.09649% | $1,201.29  |
| 485 | 27171 | Kim Woo Chin            | 7/6/2015   | 0.06002% | $747.21    |
| 486 | 8347  | Kim Yonghui J           | 5/5/2011   | 0.17993% | $2,240.10  |
| 487 | 25696 | King Pheleance          | 4/27/2015  | 0.07089% | $882.60    |
| 488 | 6155  | Kissman Michael P       | 3/4/2013   | 0.13140% | $1,635.97  |
| 489 | 36905 | Kittipongdaja Supeecha  | 5/5/2011   | 0.14218% | $1,770.19  |
| 490 | 49757 | Kleiner Randall         | 3/14/2013  | 0.06735% | $838.46    |
| 491 | 4520  | Klestinec Edward        | 5/5/2011   | 0.15793% | $1,966.23  |
| 492 | 36532 | Kline Emily V           | 3/23/2013  | 0.09991% | $1,243.85  |
| 493 | 8650  | Kloos Christy A         | 5/5/2011   | 0.13956% | $1,737.50  |
| 494 | 5950  | Knepper Brian M         |            | 0.02618% | $325.94    |
| 495 | 35416 | Ko Ki S                 | 3/4/2013   | 0.12305% | $1,531.92  |
| 496 | 29099 | Kocienski Kevin M       | 4/6/2013   | 0.05096% | $634.45    |

|     | A     | B                        | C          | D        | E          |
|-----|-------|--------------------------|------------|----------|------------|
| 497 | 8165  | Kohistani Masooma        | 5/5/2011   | 0.01303% | $162.25    |
| 498 | 79773 | Kongmun Prangthip        | 7/17/2015  | 0.03442% | $428.55    |
| 499 | 9673  | Kornfeld Ray J           | 5/5/2011   | 0.07269% | $905.01    |
| 500 | 5087  | Koronik Saudia M         | 5/5/2011   | 0.15874% | $1,976.31  |
| 501 | 6847  | Kosaiyakanon Maria Lourdes | 5/5/2011 | 0.11068% | $1,377.91  |
| 502 | 35296 | Kounovsky Billy J        | 1/10/2014  | 0.03567% | $444.12    |
| 503 | 78125 | Kozup Jessica L          |            | 0.02250% | $280.08    |
| 504 | 4413  | Kreml Jeannine N         | 2/25/2013  | 0.08641% | $1,075.75  |
| 505 | 36674 | Kridler Roy B            | 5/5/2011   | 0.08217% | $1,022.96  |
| 506 | 34494 | Kruegel Jason J          | 5/5/2011   | 0.12120% | $1,508.91  |
| 507 | 60300 | Kubota Wade Masami       | 10/12/2013 | 0.08236% | $1,025.38  |
| 508 | 86557 | Kumar Chandrabhanu       |            | 0.00462% | $57.53     |
| 509 | 35401 | Kung Alvin S             |            | 0.02996% | $372.95    |
| 510 | 21621 | Kusasira Martin          | 3/16/2013  | 0.11069% | $1,378.15  |
| 511 | 9112  | Kwon Esther K            | 3/9/2013   | 0.13236% | $1,647.93  |
| 512 | 86458 | Kwon Kong Moon           |            | 0.00561% | $69.87     |
| 513 | 7710  | Lacey Yvette A           | 3/16/2013  | 0.02553% | $317.87    |
| 514 | 11082 | Lai Vinny                | 5/5/2011   | 0.03306% | $411.62    |
| 515 | 49123 | Lam Cheng Man            | 3/19/2015  | 0.06752% | $840.66    |
| 516 | 34295 | Lam Dung                 |            | 0.02812% | $350.13    |
| 517 | 25845 | Lam Duy P                | 11/20/2015 | 0.06060% | $754.42    |
| 518 | 8910  | Lam Eithne               | 5/5/2011   | 0.04768% | $593.56    |
| 519 | 16615 | Lam Raymond Y            | 3/2/2013   | 0.09847% | $1,225.92  |
| 520 | 21723 | Lam Sandy C              | 3/1/2013   | 0.12097% | $1,506.10  |
| 521 | 49296 | Lambert Tina Helena      | 3/28/2013  | 0.02670% | $332.43    |
| 522 | 8522  | Lambert Tina I           | 5/5/2011   | 0.15398% | $1,917.01  |
| 523 | 9774  | Lambris John             |            | 0.02706% | $336.89    |
| 524 | 6602  | Lange Lawrence M         | 3/9/2013   | 0.11323% | $1,409.67  |
| 525 | 36673 | Laporta Joseph F         | 3/28/2013  | 0.12279% | $1,528.68  |
| 526 | 61565 | Larrieu Alain Jacques    | 3/1/2013   | 0.12505% | $1,556.83  |
| 527 | 5369  | Larson Ronda L           | 5/5/2011   | 0.13945% | $1,736.18  |
| 528 | 74338 | Lau Julie                | 3/28/2015  | 0.04580% | $570.24    |
| 529 | 25692 | Lau Loretta L            | 3/4/2013   | 0.11912% | $1,483.02  |
| 530 | 59613 | Lauret Isbert Armando    | 3/1/2013   | 0.11244% | $1,399.84  |
| 531 | 35275 | Laursen Jeffrey R        | 5/5/2011   | 0.15131% | $1,883.78  |
| 532 | 70693 | Lavigne John David       |            | 0.01377% | $171.42    |
| 533 | 6177  | Lay Elly S               | 4/7/2013   | 0.11127% | $1,385.36  |
| 534 | 30018 | Lazendic Marina          | 4/7/2013   | 0.09811% | $1,221.51  |
| 535 | 49101 | Le Hai C                 |            | 0.03009% | $374.62    |
| 536 | 36701 | Le Hanh Chi T            | 3/7/2013   | 0.12131% | $1,510.28  |
| 537 | 35219 | Le Nho X                 | 11/12/2015 | 0.05373% | $668.95    |
| 538 | 36964 | Le Nhu Q                 | 5/5/2011   | 0.13069% | $1,627.15  |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 539 | 83838 | Le Nhung Thi | | 0.01724% | $214.67 |
| 540 | 36960 | Le Tan B | | 0.02302% | $286.64 |
| 541 | 49131 | Leavitt Kathryn B | 4/20/2013 | 0.10497% | $1,306.93 |
| 542 | 35810 | LeBeau Wayne R | 4/27/2015 | 0.07391% | $920.16 |
| 543 | 36692 | Leddy Donna A | 5/18/2013 | 0.11489% | $1,430.41 |
| 544 | 8161 | Lee Anita | 5/5/2011 | 0.15527% | $1,933.12 |
| 545 | 7734 | Lee Bokyu | 3/7/2013 | 0.12345% | $1,536.96 |
| 546 | 71570 | Lee Da Mi | 7/17/2015 | 0.04750% | $591.33 |
| 547 | 8622 | Lee Hei S | 3/9/2013 | 0.12250% | $1,525.07 |
| 548 | 22953 | Lee Hsiu T | 5/5/2011 | 0.17789% | $2,214.67 |
| 549 | 36977 | Lee Hyunsok | 4/20/2013 | 0.10703% | $1,332.53 |
| 550 | 9406 | Lee Jacky | 5/5/2011 | 0.17519% | $2,181.12 |
| 551 | 15488 | Lee Jade H | 3/7/2013 | 0.12455% | $1,550.68 |
| 552 | 34503 | Lee Jenny | | 0.02929% | $364.71 |
| 553 | 34293 | Lee Kelly S | | 0.02657% | $330.76 |
| 554 | 8565 | Lee Kenny | 5/5/2011 | 0.17683% | $2,201.54 |
| 555 | 23683 | Lee Lydia Z | 3/28/2013 | 0.09256% | $1,152.37 |
| 556 | 9367 | Lee Sang Y | 5/5/2011 | 0.16917% | $2,106.21 |
| 557 | 35520 | Lee Sei J | | 0.02468% | $307.32 |
| 558 | 21738 | Lee Tai Kyung | 3/7/2013 | 0.13142% | $1,636.20 |
| 559 | 8257 | Lee Terri | 5/5/2011 | 0.16829% | $2,095.24 |
| 560 | 36768 | Lee Ting | 5/5/2011 | 0.15852% | $1,973.61 |
| 561 | 8878 | Lee Winston | 3/7/2013 | 0.13379% | $1,665.63 |
| 562 | 25707 | Lei Leila | 3/1/2013 | 0.13026% | $1,621.79 |
| 563 | 34427 | Lei Yuanyu S | | 0.02782% | $346.42 |
| 564 | 75510 | Leong Taylor K | 4/9/2015 | 0.04705% | $585.79 |
| 565 | 34623 | Leung Franklin C | 3/1/2013 | 0.13629% | $1,696.85 |
| 566 | 35196 | Leung Joyce Y | | 0.02975% | $370.40 |
| 567 | 34291 | Leung Lily | 6/27/2015 | 0.01770% | $220.36 |
| 568 | 27145 | Leung Pei G | 8/8/2015 | 0.06888% | $857.53 |
| 569 | 7666 | Lhuillier Jody L | 5/5/2011 | 0.02490% | $309.95 |
| 570 | 8178 | Li Dan | 5/5/2011 | 0.18425% | $2,293.87 |
| 571 | 71666 | Li De Jian | 3/9/2013 | 0.07940% | $988.54 |
| 572 | 49076 | Li Jiemin | 4/27/2015 | 0.06524% | $812.24 |
| 573 | 23524 | Li Jinyuan | 3/1/2013 | 0.14191% | $1,766.75 |
| 574 | 49077 | Li Wai Chuen | 4/11/2013 | 0.07743% | $964.02 |
| 575 | 62517 | Li Ying Hua | 3/28/2015 | 0.04946% | $615.76 |
| 576 | 62176 | Li Ying Wa | 3/28/2015 | 0.06250% | $778.17 |
| 577 | 50873 | Liang Eileen Zheng | 3/4/2013 | 0.10274% | $1,279.16 |
| 578 | 6990 | Liang Jia Zhu | 5/5/2011 | 0.15851% | $1,973.45 |
| 579 | 70891 | Liang Yun | 10/12/2013 | 0.07688% | $957.18 |
| 580 | 39058 | Liang Yung | 11/20/2015 | 0.03885% | $483.73 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 581 | 71387 | Lieu Phuong | 3/28/2015 | 0.06846% | $852.35 |
| 582 | 21691 | Lightford Cheryl S | 10/17/2013 | 0.11553% | $1,438.41 |
| 583 | 8167 | Lim Karen | 3/7/2013 | 0.13597% | $1,692.85 |
| 584 | 25678 | Lim Roger | 11/20/2015 | 0.05181% | $645.09 |
| 585 | 83131 | Lin Qiaoyan |  | 0.01989% | $247.60 |
| 586 | 34436 | Lindqwister Janice D | 5/5/2011 | 0.14544% | $1,810.78 |
| 587 | 49169 | Lingbloom Duangporn | 7/17/2015 | 0.05673% | $706.32 |
| 588 | 74608 | Liosi Catherine Marie | 3/29/2015 | 0.05585% | $695.31 |
| 589 | 85881 | Lisojo Lisboa Benjamin | 11/12/2015 | 0.00930% | $115.75 |
| 590 | 49176 | List John J | 10/23/2015 | 0.02416% | $300.80 |
| 591 | 74405 | Liu Chuan-Wei |  | 0.00419% | $52.19 |
| 592 | 8509 | Liu Chunxia | 5/5/2011 | 0.15067% | $1,875.90 |
| 593 | 27173 | Liu Michelle Yan | 5/5/2011 | 0.14971% | $1,863.91 |
| 594 | 29852 | Liu Suifen | 4/27/2015 | 0.06999% | $871.37 |
| 595 | 7261 | Liu Yan J | 3/4/2013 | 0.13259% | $1,650.74 |
| 596 | 29950 | Lo Wei Hong | 3/16/2013 | 0.13845% | $1,723.68 |
| 597 | 5919 | Locanas Varias Merle V | 5/5/2011 | 0.03797% | $472.76 |
| 598 | 40424 | Locklear Amanda K | 5/5/2011 | 0.03304% | $411.29 |
| 599 | 11010 | Lody Jr Charles E | 5/5/2011 | 0.17537% | $2,183.36 |
| 600 | 36806 | Long May | 4/6/2013 | 0.11751% | $1,463.06 |
| 601 | 8502 | Louie Jocelyn S | 3/13/2015 | 0.07490% | $932.56 |
| 602 | 10114 | Lovrince Jeannine R | 5/5/2011 | 0.16903% | $2,104.37 |
| 603 | 8568 | Lowrey Mary E | 5/5/2011 | 0.14613% | $1,819.37 |
| 604 | 8820 | Lowther Peter E | 5/5/2011 | 0.04424% | $550.73 |
| 605 | 69309 | Lu Ping | 4/20/2013 | 0.07912% | $985.02 |
| 606 | 9949 | Lubarsky Jen Fen | 5/5/2011 | 0.18194% | $2,265.10 |
| 607 | 34899 | Lubrano Gina C |  | 0.02136% | $265.88 |
| 608 | 23684 | Ludwick Steve E | 8/1/2013 | 0.12292% | $1,530.32 |
| 609 | 27134 | Luk Yang | 4/6/2013 | 0.12595% | $1,568.04 |
| 610 | 7359 | Luna Sheileen M | 3/2/2013 | 0.08299% | $1,033.25 |
| 611 | 8927 | Luna William F | 5/5/2011 | 0.16550% | $2,060.47 |
| 612 | 49181 | Luo Xing Ping | 3/19/2015 | 0.06607% | $822.51 |
| 613 | 21696 | Luo Zhi Hong | 3/1/2013 | 0.13684% | $1,703.62 |
| 614 | 35581 | Luong Hinh |  | 0.02681% | $333.74 |
| 615 | 78014 | Luong Kelley | 11/20/2015 | 0.03808% | $474.14 |
| 616 | 8872 | Luu Phuong L | 5/5/2011 | 0.17508% | $2,179.79 |
| 617 | 74310 | Ly Ann Chan | 2/23/2014 | 0.05039% | $627.42 |
| 618 | 62869 | Ma Ying Xian | 3/4/2013 | 0.07627% | $949.61 |
| 619 | 35299 | Macaspac Norma G |  | 0.02685% | $334.28 |
| 620 | 49152 | Mach Michele |  | 0.02603% | $324.10 |
| 621 | 6583 | Maestas Freddy M | 5/5/2011 | 0.17548% | $2,184.71 |
| 622 | 34325 | Mahany Michael D | 4/20/2013 | 0.07495% | $933.13 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A | B | C | D | E |
|-----|-----|-----|-----|-----|-----|
| 623 | 23499 | Maniscalco Joseph A | 3/23/2013 | 0.11526% | $1,435.00 |
| 624 | 9275 | Manning Billy J | 10/12/2013 | 0.10541% | $1,312.36 |
| 625 | 8234 | Manzi Chris A | 5/5/2011 | 0.13710% | $1,706.88 |
| 626 | 66912 | Maralit William DeChavez | 10/30/2015 | 0.04679% | $582.48 |
| 627 | 77304 | Marrero Mangual Camille | 7/6/2015 | 0.03876% | $482.54 |
| 628 | 4235 | Martin David L | 5/5/2011 | 0.13891% | $1,729.47 |
| 629 | 10138 | Martin Delia D | 5/5/2011 | 0.17249% | $2,147.48 |
| 630 | 36493 | Martin Timothy L | 5/6/2013 | 0.08491% | $1,057.17 |
| 631 | 6623 | Martinez Maria Veronica | 5/5/2011 | 0.11932% | $1,485.56 |
| 632 | 80577 | Martinez Melissa |  | 0.02111% | $262.83 |
| 633 | 60346 | Martinez-Curra Mariolys | 3/9/2013 | 0.08597% | $1,070.38 |
| 634 | 35307 | Mason Joseph R | 10/12/2013 | 0.11010% | $1,370.78 |
| 635 | 8138 | Mason Mary K | 5/5/2011 | 0.14385% | $1,790.95 |
| 636 | 16613 | Matteucci Thomas A | 5/5/2011 | 0.13274% | $1,652.55 |
| 637 | 71317 | Matthews Andre Luis | 3/29/2015 | 0.05529% | $688.37 |
| 638 | 76034 | Mattio Carrie Ann |  | 0.02388% | $297.34 |
| 639 | 9962 | Mauro Claudio | 9/29/2013 | 0.10595% | $1,319.02 |
| 640 | 21629 | Mawanay Steve A | 10/23/2015 | 0.06021% | $749.58 |
| 641 | 21693 | McAnallen Uyen K | 3/7/2013 | 0.12474% | $1,553.04 |
| 642 | 8180 | McCall Kenneth E | 5/5/2011 | 0.15415% | $1,919.13 |
| 643 | 21773 | McCall Zinash A | 4/7/2013 | 0.10857% | $1,351.74 |
| 644 | 9982 | McCann Vicki G | 5/5/2011 | 0.09543% | $1,188.13 |
| 645 | 7362 | McClelland Joshua J | 5/5/2011 | 0.03263% | $406.28 |
| 646 | 10129 | Mccracken Darrell D | 5/5/2011 | 0.15424% | $1,920.26 |
| 647 | 10271 | McCracken Maria J | 5/5/2011 | 0.11121% | $1,384.50 |
| 648 | 29854 | McCully-Sexton Darcy | 5/5/2011 | 0.10583% | $1,317.54 |
| 649 | 9334 | McDaniels Michael J | 5/5/2011 | 0.12472% | $1,552.77 |
| 650 | 49174 | McDowell Janice | 9/12/2013 | 0.08967% | $1,116.41 |
| 651 | 5815 | Mcewan Laura | 5/5/2011 | 0.15172% | $1,888.94 |
| 652 | 68464 | Mcglynn James Terrance | 12/27/2013 | 0.05013% | $624.17 |
| 653 | 10267 | Mckenzie Tramel G | 5/5/2011 | 0.16245% | $2,022.50 |
| 654 | 10218 | Meacham Marcus R |  | 0.02678% | $333.44 |
| 655 | 66583 | Measho Biniam Teame | 4/2/2015 | 0.05934% | $738.72 |
| 656 | 7019 | Meci Maureen D | 5/5/2011 | 0.05211% | $648.71 |
| 657 | 85933 | Medina Geraldine Ivonne |  | 0.00845% | $105.15 |
| 658 | 61959 | Medina Toni Rattana | 3/2/2013 | 0.10026% | $1,248.26 |
| 659 | 23497 | Meeke Pamela A | 4/7/2013 | 0.11228% | $1,397.85 |
| 660 | 10187 | Melchionne Marianne Marie | 5/5/2011 | 0.17299% | $2,153.78 |
| 661 | 61958 | Melgar Anndy A | 3/1/2013 | 0.11045% | $1,375.09 |
| 662 | 67501 | Mendez Franklin | 4/16/2015 | 0.06216% | $773.88 |
| 663 | 85526 | Meng Fanli | 11/20/2015 | 0.01122% | $139.68 |
| 664 | 71050 | Mergen Gozdem |  | 0.01981% | $246.58 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                       | C         | D        | E          |
|-----|-------|-------------------------|-----------|----------|------------|
| 665 | 7665  | Messol William          | 5/5/2011  | 0.16751% | $2,085.54  |
| 666 | 29921 | Meyer David A           | 5/5/2011  | 0.05320% | $662.34    |
| 667 | 34867 | Miguel Harry Joe R      | 5/5/2011  | 0.10845% | $1,350.18  |
| 668 | 36810 | Mihai Mihaela           | 7/3/2015  | 0.06548% | $815.17    |
| 669 | 5023  | Miller Jeffrey M        | 5/5/2011  | 0.16615% | $2,068.55  |
| 670 | 36709 | Mirabelli Donna L       | 5/5/2011  | 0.16040% | $1,996.99  |
| 671 | 49165 | Mirica Mary             | 6/27/2015 | 0.01228% | $152.87    |
| 672 | 64326 | Misca Andreas           | 3/1/2013  | 0.11592% | $1,443.19  |
| 673 | 7144  | Mitchell Michael Scott  | 5/5/2011  | 0.11246% | $1,400.11  |
| 674 | 76073 | Moeller Jana Kay        |           | 0.00037% | $4.60      |
| 675 | 88313 | Montazeri Elham         |           | 0.00078% | $9.66      |
| 676 | 8549  | Montenegro Irma         | 5/5/2011  | 0.16924% | $2,107.05  |
| 677 | 49688 | Moore Dennis            | 5/5/2011  | 0.09212% | $1,146.87  |
| 678 | 8172  | Moore Derek F           | 5/5/2011  | 0.15305% | $1,905.46  |
| 679 | 4584  | Moore Holly L           | 5/5/2011  | 0.17149% | $2,135.10  |
| 680 | 29952 | Morales Perez Osmany    | 4/11/2013 | 0.11990% | $1,492.69  |
| 681 | 34699 | Morgan David E          |           | 0.02194% | $273.21    |
| 682 | 34596 | Morishita Cassandra K   | 3/4/2013  | 0.08990% | $1,119.24  |
| 683 | 77350 | Morris Evie Joe         |           | 0.02182% | $271.68    |
| 684 | 13047 | Morrison John           | 5/6/2013  | 0.08105% | $1,009.08  |
| 685 | 7711  | Moss Michael R          | 5/5/2011  | 0.17474% | $2,175.57  |
| 686 | 24889 | Moss Myung J            | 5/5/2011  | 0.18118% | $2,255.69  |
| 687 | 4420  | Mukai David M           | 5/5/2011  | 0.05716% | $711.64    |
| 688 | 34547 | Munoz Gerry M           |           | 0.02361% | $293.99    |
| 689 | 19990 | Munoz Verna D           | 3/1/2013  | 0.08943% | $1,113.36  |
| 690 | 11101 | Murphy Karen Anne       | 5/5/2011  | 0.10629% | $1,323.29  |
| 691 | 5662  | Murray Shaffner Kelly Ann | 5/5/2011 | 0.16870% | $2,100.27  |
| 692 | 9600  | Mussa Maria L           | 5/5/2011  | 0.16287% | $2,027.75  |
| 693 | 7871  | Myers David C           | 5/5/2011  | 0.15264% | $1,900.35  |
| 694 | 26366 | Myrick David B          | 5/18/2013 | 0.11866% | $1,477.31  |
| 695 | 39080 | Nabit Donald Allen      |           | 0.01684% | $209.62    |
| 696 | 86555 | Nabua Milanie Bueno     |           | 0.00493% | $61.37     |
| 697 | 6689  | Nanao Vivian            | 3/16/2013 | 0.13310% | $1,657.11  |
| 698 | 21694 | Nance Sylvester L       |           | 0.00758% | $94.33     |
| 699 | 21717 | Napoli Alphonso C       | 3/16/2013 | 0.13459% | $1,675.65  |
| 700 | 34287 | Nasseri Ferozan         | 4/6/2013  | 0.12686% | $1,579.38  |
| 701 | 9936  | Nazareno Gina T         | 5/5/2011  | 0.13906% | $1,731.35  |
| 702 | 34495 | Nebab Eva Mina          | 3/28/2013 | 0.10665% | $1,327.75  |
| 703 | 4493  | Negash Mestawet T       | 3/7/2013  | 0.10711% | $1,333.51  |
| 704 | 62250 | Nehls Jeannette Wan     |           | 0.01100% | $136.96    |
| 705 | 25740 | Neighbors Brian R       | 4/6/2013  | 0.06427% | $800.14    |
| 706 | 35561 | Nelson Maria Luisa B    | 3/7/2013  | 0.10405% | $1,295.41  |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                          | C          | D        | E          |
|-----|-------|----------------------------|------------|----------|------------|
| 707 | 34328 | Newton Andrew P            | 4/11/2013  | 0.11565% | $1,439.80  |
| 708 | 5428  | Ng Rebecca Y               | 5/5/2011   | 0.17042% | $2,121.77  |
| 709 | 49355 | Ngo Chung                  |            | 0.02662% | $331.36    |
| 710 | 25688 | Ngo Mong Trinh             | 10/23/2015 | 0.05671% | $706.04    |
| 711 | 36823 | Nguyen Benson T            |            | 0.02677% | $333.33    |
| 712 | 34538 | Nguyen Cindy G             |            | 0.02292% | $285.34    |
| 713 | 8546  | Nguyen Helen               | 3/7/2013   | 0.10066% | $1,253.25  |
| 714 | 5840  | Nguyen Henri               | 3/7/2013   | 0.09998% | $1,244.75  |
| 715 | 23808 | Nguyen Hung N              | 10/23/2015 | 0.05270% | $656.13    |
| 716 | 29925 | Nguyen Ken                 | 3/7/2013   | 0.14051% | $1,749.31  |
| 717 | 8868  | Nguyen Khiem T             | 5/5/2011   | 0.15065% | $1,875.64  |
| 718 | 40077 | Nguyen Khoi V              |            | 0.00830% | $103.38    |
| 719 | 34841 | Nguyen Myhanh T            | 11/12/2015 | 0.02077% | $258.54    |
| 720 | 63664 | Nguyen Peter Tran          | 7/3/2015   | 0.03938% | $490.26    |
| 721 | 50753 | Nguyen Phuong              | 3/2/2013   | 0.11967% | $1,489.89  |
| 722 | 4416  | Nguyen Shu                 | 5/5/2011   | 0.16442% | $2,047.03  |
| 723 | 49078 | Nguyen Son                 | 3/7/2013   | 0.12415% | $1,545.72  |
| 724 | 49564 | Nguyen Steve H             |            | 0.01575% | $196.04    |
| 725 | 49130 | Nguyen Thuhang             | 12/17/2015 | 0.05222% | $650.18    |
| 726 | 60301 | Nguyen Trung Duc           | 3/2/2013   | 0.07583% | $944.06    |
| 727 | 70489 | Nguyen Tuan Ngoc           |            | 0.02712% | $337.60    |
| 728 | 5096  | Nguyen Xuanthu T           | 5/5/2011   | 0.18069% | $2,249.56  |
| 729 | 75497 | Nia Naz                    |            | 0.02625% | $326.84    |
| 730 | 8653  | Nilat Chanida              | 5/5/2011   | 0.16185% | $2,015.02  |
| 731 | 9337  | Norman Christopher S       | 5/5/2011   | 0.13289% | $1,654.45  |
| 732 | 27686 | Norman Cindy G             | 5/5/2011   | 0.18688% | $2,326.61  |
| 733 | 5453  | Nowotarski Jeffrey M       | 5/5/2011   | 0.08497% | $1,057.85  |
| 734 | 26350 | Nuas Adam D                | 3/28/2013  | 0.13598% | $1,692.89  |
| 735 | 70822 | O Neill James Joseph       | 11/4/2013  | 0.06319% | $786.69    |
| 736 | 15475 | Oak Julissa                | 5/5/2011   | 0.16972% | $2,113.00  |
| 737 | 6554  | Odo Randy Y                | 5/5/2011   | 0.18071% | $2,249.81  |
| 738 | 67402 | O'Donovan Lynn Christine   |            | 0.02485% | $309.34    |
| 739 | 8951  | Oguma Ho Yong              | 5/5/2011   | 0.14056% | $1,750.01  |
| 740 | 27133 | Okbazion Yonatan G         | 4/27/2015  | 0.06912% | $860.48    |
| 741 | 9676  | Olaivar Noemi B            | 5/5/2011   | 0.16940% | $2,109.04  |
| 742 | 21721 | Olivas Rodolfo E           | 4/16/2015  | 0.07519% | $936.11    |
| 743 | 36721 | Olmo Jane E                | 3/7/2013   | 0.11548% | $1,437.67  |
| 744 | 8545  | Olson Corey J              | 3/2/2013   | 0.12925% | $1,609.16  |
| 745 | 34368 | Oprea Oya                  | 3/7/2013   | 0.09934% | $1,236.81  |
| 746 | 36809 | Overcast Jr Lewis D        |            | 0.01287% | $160.18    |
| 747 | 62007 | Owens Matthew Morris       | 3/2/2013   | 0.11793% | $1,468.27  |
| 748 | 50770 | Pacpaco Kevin              |            | 0.01102% | $137.16    |

|     | A | B | C | D | E |
|-----|------|------------------------------|------------|-----------|-----------|
| 749 | 34434 | Padilla Maria V | 5/6/2013 | 0.10471% | $1,303.66 |
| 750 | 35111 | Padir Sertac | | 0.01324% | $164.84 |
| 751 | 23160 | Padron Sandro | 3/2/2013 | 0.11754% | $1,463.31 |
| 752 | 80576 | Paiz Olivia Patrice | | 0.02182% | $271.66 |
| 753 | 34366 | Palmaira Ric S | 4/7/2013 | 0.13519% | $1,683.12 |
| 754 | 9733 | Palmer Bobby W | 5/5/2011 | 0.11980% | $1,491.49 |
| 755 | 35312 | Palmer Ebru A | 5/6/2013 | 0.10805% | $1,345.26 |
| 756 | 66744 | Pan Hong da | 3/28/2015 | 0.06887% | $857.43 |
| 757 | 87085 | Pan MinChang | 10/23/2015 | 0.00521% | $64.92 |
| 758 | 8166 | Parente William Orlando | 5/5/2011 | 0.13712% | $1,707.20 |
| 759 | 71576 | Park Yoojung | | 0.02208% | $274.89 |
| 760 | 66924 | Parker Elorrey Catabay | 3/14/2013 | 0.08569% | $1,066.83 |
| 761 | 9281 | Pascual Siden H | 5/5/2011 | 0.17826% | $2,219.28 |
| 762 | 64653 | Pastrana Vanessa Opalo | 4/16/2015 | 0.05006% | $623.23 |
| 763 | 4452 | Payanouvong Nang K | 5/5/2011 | 0.16823% | $2,094.45 |
| 764 | 36035 | Payne John M | 4/11/2013 | 0.09051% | $1,126.89 |
| 765 | 9498 | Pena Caban Marina | 5/5/2011 | 0.16244% | $2,022.41 |
| 766 | 60525 | Pena De Crockett Nurys | 3/4/2013 | 0.12269% | $1,527.53 |
| 767 | 34362 | Peng Kitty Rui Xia | | 0.02261% | $281.54 |
| 768 | 71348 | Perekhoda Liliana Alexevna | | 0.02421% | $301.41 |
| 769 | 5068 | Perez David A | 5/5/2011 | 0.09998% | $1,244.79 |
| 770 | 8932 | Perez Ramon I | 5/5/2011 | 0.14283% | $1,778.21 |
| 771 | 64612 | Perez Rodolfo | 4/6/2013 | 0.10675% | $1,329.05 |
| 772 | 85547 | Peron Alan | 3/28/2015 | 0.01046% | $130.23 |
| 773 | 7640 | Perreault William J | 5/5/2011 | 0.09846% | $1,225.86 |
| 774 | 9489 | Perri Nicholas J | 3/4/2013 | 0.12161% | $1,514.06 |
| 775 | 21686 | Perry Richard D | 11/18/2013 | 0.11017% | $1,371.65 |
| 776 | 67232 | Peters Aileen Blaza | 3/14/2013 | 0.06966% | $867.32 |
| 777 | 63807 | Petrakos Melissa Danielle | 4/27/2015 | 0.03788% | $471.64 |
| 778 | 10113 | Petrescu Gabriel S | 5/5/2011 | 0.03975% | $494.87 |
| 779 | 10257 | Petty Marlene | 5/5/2011 | 0.15495% | $1,929.07 |
| 780 | 49127 | Phan Kim | | 0.02733% | $340.30 |
| 781 | 29909 | Phan Vanessa M | 10/23/2015 | 0.02682% | $333.92 |
| 782 | 34490 | Phay Heang L | 4/6/2013 | 0.09708% | $1,208.61 |
| 783 | 5926 | Phetdaovieng Nikone | 5/5/2011 | 0.16502% | $2,054.56 |
| 784 | 35197 | Phetdaovieng Somphone | 3/17/2013 | 0.12056% | $1,500.91 |
| 785 | 8493 | Phetdaovieng Soukie | 5/5/2011 | 0.12932% | $1,610.10 |
| 786 | 34276 | Phipps Peter W | 9/29/2013 | 0.11197% | $1,394.03 |
| 787 | 88159 | Pillay Sudayvan | | 0.00084% | $10.52 |
| 788 | 63166 | Pinar Yardlie Adela | 3/7/2013 | 0.10500% | $1,307.29 |
| 789 | 8278 | Pineyro Robert | 5/5/2011 | 0.06816% | $848.56 |
| 790 | 83429 | Pitts Ralph | | 0.00185% | $23.08 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 791 | 59615 | Placeres Walter | 4/6/2013 | 0.11365% | $1,415.00 |
| 792 | 9145 | Plourde Danny L | 5/5/2011 | 0.14458% | $1,799.97 |
| 793 | 7303 | Plourde Victoria Y | 5/5/2011 | 0.00243% | $30.31 |
| 794 | 9122 | Pochiro Jennifer K | 5/5/2011 | 0.15529% | $1,933.38 |
| 795 | 9601 | Pocras Samuel H | | 0.01295% | $161.17 |
| 796 | 4991 | Pontrelli Tom | 3/28/2013 | 0.11693% | $1,455.75 |
| 797 | 7057 | Poon Juneau M | 5/5/2011 | 0.18365% | $2,286.49 |
| 798 | 34872 | Porter-Thomas Sellina M | 4/11/2013 | 0.12215% | $1,520.79 |
| 799 | 60750 | Posey Ferihan | 3/7/2013 | 0.03114% | $387.75 |
| 800 | 61566 | Postirnac Ana Maria | | 0.00901% | $112.22 |
| 801 | 6904 | Powell Unchu | 5/5/2011 | 0.16616% | $2,068.68 |
| 802 | 6758 | Praus Michelle K | 3/7/2013 | 0.10087% | $1,255.81 |
| 803 | 14273 | Premvaree Nakorn | 3/4/2013 | 0.12582% | $1,566.44 |
| 804 | 62405 | Price Laura | | 0.02282% | $284.08 |
| 805 | 67064 | Price Lavone Carrie | 3/23/2013 | 0.09032% | $1,124.46 |
| 806 | 49015 | Provenzano Jr James A | 10/30/2015 | 0.05589% | $695.84 |
| 807 | 10616 | Pu Martha A | 3/14/2013 | 0.11727% | $1,460.00 |
| 808 | 64103 | Pu Vonn | 3/14/2013 | 0.05318% | $662.11 |
| 809 | 67041 | Pudar Vesna | 10/30/2015 | 0.05209% | $648.50 |
| 810 | 8171 | Puentes Fermin | 5/5/2011 | 0.17640% | $2,196.21 |
| 811 | 50775 | Pujaz Natasa | | 0.01278% | $159.07 |
| 812 | 76145 | Qian Cheryl D | | 0.02543% | $316.54 |
| 813 | 34695 | Qian-galarotti Jing | 3/14/2013 | 0.10991% | $1,368.37 |
| 814 | 29920 | Qin Chun Lan | 3/28/2013 | 0.00090% | $11.23 |
| 815 | 28130 | Quirk Jason P | 10/23/2013 | 0.02520% | $313.72 |
| 816 | 34515 | Rabago Kesalin S | 10/12/2015 | 0.03778% | $470.40 |
| 817 | 34409 | Race Courtney K | 3/14/2013 | 0.11366% | $1,415.05 |
| 818 | 10272 | Radan Kimberly A | 5/5/2011 | 0.14552% | $1,811.71 |
| 819 | 36972 | Radnic Mia Mirjana | 11/20/2015 | 0.04368% | $543.86 |
| 820 | 49124 | Raftery Michael T | 4/6/2013 | 0.10482% | $1,304.95 |
| 821 | 62507 | Ramis Allan Balute | 3/23/2013 | 0.11122% | $1,384.72 |
| 822 | 5255 | Ramos Holly M | 4/6/2013 | 0.11041% | $1,374.55 |
| 823 | 34618 | Ranallo Michael D | 5/5/2011 | 0.14306% | $1,781.14 |
| 824 | 34292 | Randall Jeffrey D | 3/17/2013 | 0.11614% | $1,445.97 |
| 825 | 9991 | Randall Lisa A | 5/5/2011 | 0.11672% | $1,453.18 |
| 826 | 85874 | Rasamee Ranee Crook | | 0.00616% | $76.73 |
| 827 | 34303 | Ratanametee Manilak | | 0.02765% | $344.28 |
| 828 | 36522 | Reagan Sarah E | 10/1/2013 | 0.03980% | $495.49 |
| 829 | 9613 | Reaume Susan Y | 5/5/2011 | 0.13856% | $1,725.10 |
| 830 | 10630 | Reese Stella B | 6/12/2014 | 0.10044% | $1,250.48 |
| 831 | 25687 | Reeves Christopher W | | 0.01920% | $239.04 |
| 832 | 5853 | Regos Andrew | 4/12/2015 | 0.07004% | $871.99 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|     | A     | B                             | C          | D        | E          |
|-----|-------|-------------------------------|------------|----------|------------|
| 833 | 4227  | Reiner Carla M                | 5/5/2011   | 0.16907% | $2,104.95  |
| 834 | 86781 | Reitz Ashley Christine        |            | 0.00523% | $65.11     |
| 835 | 83074 | Ren Cheng Yan                 |            | 0.01994% | $248.28    |
| 836 | 67835 | Reynolds Michael James        | 6/12/2014  | 0.07957% | $990.70    |
| 837 | 21720 | Richardson Brenda L           | 3/2/2013   | 0.12111% | $1,507.84  |
| 838 | 4165  | Richichi Salvatore J          | 11/4/2013  | 0.04117% | $512.52    |
| 839 | 8589  | Rischenole Russell A          | 5/5/2011   | 0.10908% | $1,358.05  |
| 840 | 7752  | Ritchie Cam D                 | 3/7/2013   | 0.12578% | $1,566.00  |
| 841 | 26313 | Ritchie Xu                    | 3/1/2013   | 0.11741% | $1,461.80  |
| 842 | 36822 | Roach Anthony S               | 3/17/2013  | 0.11356% | $1,413.87  |
| 843 | 9374  | Robertson Carol M             | 5/5/2011   | 0.15797% | $1,966.77  |
| 844 | 8916  | Robinson Laura J              | 5/5/2011   | 0.16804% | $2,092.07  |
| 845 | 34465 | Rodman Roxanne M              |            | 0.02625% | $326.83    |
| 846 | 65963 | Rodriguez Hernandez Denise    | 3/9/2013   | 0.09505% | $1,183.38  |
| 847 | 74652 | Rodriguez Jr Raymond          | 11/12/2015 | 0.04536% | $564.79    |
| 848 | 85972 | Rodriguez Remon Legna         | 7/6/2015   | 0.00870% | $108.34    |
| 849 | 8392  | Rodriguez Ricardo             | 5/5/2011   | 0.00428% | $53.29     |
| 850 | 34602 | Rodriguez Tatiana N           | 9/7/2013   | 0.10027% | $1,248.34  |
| 851 | 86374 | Rodriguez-Quinones Abigail    | 11/12/2015 | 0.00479% | $59.62     |
| 852 | 4246  | Rodsawahng Sandy C            | 5/5/2011   | 0.15020% | $1,869.96  |
| 853 | 10788 | Rogers Michelle Francisco     | 5/5/2011   | 0.11784% | $1,467.15  |
| 854 | 7869  | Rogers Tammy R                | 3/2/2013   | 0.03227% | $401.79    |
| 855 | 8169  | Roh Jehee                     | 5/5/2011   | 0.17592% | $2,190.16  |
| 856 | 27130 | Roh Sung                      | 3/9/2013   | 0.12459% | $1,551.16  |
| 857 | 26720 | Rojas Armando D               | 1/27/2014  | 0.03485% | $433.86    |
| 858 | 34526 | Rosenbaum Craig M             |            | 0.01263% | $157.23    |
| 859 | 64604 | Rosenberg Jeffrey Michael     |            | 0.00488% | $60.71     |
| 860 | 36675 | Ross Michelle K               | 4/6/2013   | 0.11711% | $1,457.97  |
| 861 | 26312 | Rossi Kelli M                 | 4/11/2013  | 0.13062% | $1,626.19  |
| 862 | 9273  | Rothman Daniel A              | 3/7/2013   | 0.11770% | $1,465.43  |
| 863 | 60399 | Roxas Casey Abagat            | 3/7/2013   | 0.11089% | $1,380.54  |
| 864 | 75040 | Rozniece Oksana               | 12/17/2015 | 0.04877% | $607.15    |
| 865 | 35191 | Ruffy Pavinda S               | 3/23/2013  | 0.08638% | $1,075.47  |
| 866 | 8706  | Ruiter Cindi L                | 5/5/2011   | 0.17579% | $2,188.62  |
| 867 | 4398  | Rutecki Jeffrey J             | 5/5/2011   | 0.11603% | $1,444.58  |
| 868 | 35192 | Ryan Beata E                  | 4/6/2013   | 0.11178% | $1,391.69  |
| 869 | 36906 | Sabaghanvari Jean Paul        | 3/28/2015  | 0.07582% | $943.94    |
| 870 | 10524 | Sachanko Susan Beth           | 5/5/2011   | 0.00725% | $90.21     |
| 871 | 25689 | Sachs Grace J                 | 9/7/2013   | 0.08452% | $1,052.31  |
| 872 | 9138  | Sackin David A                | 5/5/2011   | 0.13755% | $1,712.44  |
| 873 | 36714 | Salamoun Shadi S              | 3/1/2013   | 0.13106% | $1,631.64  |
| 874 | 34267 | Salazar Annabelle             | 4/7/2013   | 0.07544% | $939.27    |

Exhibit "A" - Cesarz Claimants and Claim Amounts

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 875 | 76396 | Salazar Rojas Ana M | | 0.01954% | $243.25 |
| 876 | 34282 | Sama Carlos E | | 0.00950% | $118.22 |
| 877 | 61319 | Sampson Ae Joung | | 0.01727% | $215.04 |
| 878 | 8651 | Sanders Gail L | 5/5/2011 | 0.09533% | $1,186.90 |
| 879 | 9360 | Sandoval Yaneth | 5/5/2011 | 0.16250% | $2,023.17 |
| 880 | 35959 | Sands Brian S | 3/28/2015 | 0.05527% | $688.15 |
| 881 | 5520 | Santos Dan R | 5/5/2011 | 0.04865% | $605.71 |
| 882 | 22889 | Santos Jr Jaime D | | 0.02882% | $358.78 |
| 883 | 7737 | Santos Marites L | 5/5/2011 | 0.16865% | $2,099.73 |
| 884 | 7884 | Santos Rachel N | 5/5/2011 | 0.15067% | $1,875.85 |
| 885 | 9608 | Saowan Jarunee S | 5/5/2011 | 0.15209% | $1,893.50 |
| 886 | 7017 | Sarabia Leticia | 5/5/2011 | 0.15072% | $1,876.52 |
| 887 | 74193 | Sarabia Maria A | | 0.02366% | $294.60 |
| 888 | 8696 | Sarant Romilda | 3/4/2013 | 0.05325% | $662.99 |
| 889 | 25708 | Sax Charles A | 3/1/2013 | 0.13548% | $1,686.74 |
| 890 | 34896 | Sayetta Adam S | 4/6/2013 | 0.07957% | $990.69 |
| 891 | 4994 | Sbraccia Gary J | 5/5/2011 | 0.11276% | $1,403.89 |
| 892 | 80350 | Scaringe David Joseph | | 0.02279% | $283.70 |
| 893 | 26385 | Schultz Brian J | 5/6/2013 | 0.00008% | $0.98 |
| 894 | 34703 | Schwartz Cecilia A | 12/17/2015 | 0.05181% | $645.09 |
| 895 | 34846 | Schwartz Jonathan J | 5/5/2011 | 0.15431% | $1,921.17 |
| 896 | 4806 | Scott Charan | 5/5/2011 | 0.16842% | $2,096.81 |
| 897 | 9775 | Sell Abegaille L | 3/7/2013 | 0.11836% | $1,473.57 |
| 898 | 4529 | Sellers Richard D | 5/5/2011 | 0.17766% | $2,211.89 |
| 899 | 86520 | Septelici Viorel | | 0.00501% | $62.32 |
| 900 | 29948 | Shabanava Natallia | 3/2/2013 | 0.11058% | $1,376.68 |
| 901 | 88297 | Shakoori Nasim | | 0.00050% | $6.19 |
| 902 | 8873 | Sharp John D | 5/5/2011 | 0.17907% | $2,229.37 |
| 903 | 34557 | Shelfer Christine E | 5/6/2013 | 0.04884% | $608.11 |
| 904 | 9765 | Shen Xiangqun | 5/5/2011 | 0.14978% | $1,864.72 |
| 905 | 8149 | Shiferaw Gobena | 5/5/2011 | 0.16821% | $2,094.20 |
| 906 | 70239 | Shih Vivian | 11/12/2015 | 0.04887% | $608.45 |
| 907 | 36513 | Shin Keum Hee | 3/7/2013 | 0.08835% | $1,099.99 |
| 908 | 8491 | Shin Young S | 3/14/2013 | 0.12531% | $1,560.10 |
| 909 | 5377 | Shu Pamela Y | 5/5/2011 | 0.14325% | $1,783.48 |
| 910 | 84928 | Shullo Amy Lorraine | | 0.01436% | $178.79 |
| 911 | 76564 | Shvets Victoria | | 0.02096% | $260.99 |
| 912 | 23800 | Silim Ty | 4/27/2015 | 0.07484% | $931.76 |
| 913 | 14163 | Silvas Jr Hector J | 3/9/2013 | 0.11296% | $1,406.41 |
| 914 | 18647 | Sim Byung R | 5/5/2011 | 0.16636% | $2,071.22 |
| 915 | 29720 | Singer Billye | 4/12/2015 | 0.06359% | $791.71 |
| 916 | 77487 | Siraphaiboon Phanida | | 0.02638% | $328.43 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 917 | 83112 | Sires Campos Carlos | | 0.01760% | $219.17 |
| 918 | 70454 | Sisowath Sonia | 4/6/2013 | 0.07457% | $928.44 |
| 919 | 34603 | Sith Charlie | 11/20/2015 | 0.05423% | $675.23 |
| 920 | 51016 | Siu Chung Kit | | 0.02649% | $329.78 |
| 921 | 74363 | Slepsky Joshua Anthony | 7/3/2015 | 0.05090% | $633.73 |
| 922 | 8097 | Smiley Gary A | 5/5/2011 | 0.17326% | $2,157.12 |
| 923 | 34638 | Smith Eric Scott | 5/7/2015 | 0.06216% | $773.91 |
| 924 | 86556 | Smith Heather Danielle | 11/12/2015 | 0.00520% | $64.75 |
| 925 | 35286 | Smith Monica | 3/14/2013 | 0.11613% | $1,445.82 |
| 926 | 86582 | Smith Reiko | 10/30/2015 | 0.00600% | $74.74 |
| 927 | 23740 | Smith Villarosa P | 4/11/2013 | 0.12878% | $1,603.32 |
| 928 | 86020 | Snitzel Eric Raymond | | 0.00370% | $46.03 |
| 929 | 85707 | Soberano Jeffrey Allen Galla | | 0.00955% | $118.95 |
| 930 | 87384 | Soderberg Sam J | | 0.00320% | $39.80 |
| 931 | 35292 | Solano Enrique A | 6/17/2013 | 0.12066% | $1,502.24 |
| 932 | 3893 | Soleski Maria Lourdes A | | 0.00684% | $85.13 |
| 933 | 6581 | Solorzano Miguel | 5/5/2011 | 0.16366% | $2,037.60 |
| 934 | 35045 | Somers Jennifer L | 5/5/2011 | 0.15625% | $1,945.31 |
| 935 | 77572 | Somsanith Chanda | | 0.02297% | $285.99 |
| 936 | 87230 | Song Cassandra Ellano | | 0.00318% | $39.63 |
| 937 | 34487 | Song Roderfida B | 8/20/2015 | 0.06668% | $830.16 |
| 938 | 9155 | Songprasit Thawatchai | 3/4/2013 | 0.13136% | $1,635.37 |
| 939 | 71270 | Songsee Tapanee | 4/20/2013 | 0.03250% | $404.62 |
| 940 | 65804 | Sora Marius Ovidiu | 9/29/2013 | 0.10291% | $1,281.19 |
| 941 | 36080 | Sosna Thomas A | 3/4/2013 | 0.12697% | $1,580.74 |
| 942 | 16612 | Spencer Carless R | 3/1/2013 | 0.07161% | $891.49 |
| 943 | 25738 | Speraw Angela M | 5/5/2011 | 0.11656% | $1,451.21 |
| 944 | 6635 | Spotti Bettyjo | 5/5/2011 | 0.15096% | $1,879.43 |
| 945 | 8208 | Sprenkel Jamie L | 3/9/2013 | 0.06013% | $748.57 |
| 946 | 49112 | Sri Boramy | 5/6/2013 | 0.12334% | $1,535.61 |
| 947 | 4324 | Staana Primo S | 5/5/2011 | 0.14969% | $1,863.67 |
| 948 | 11888 | Starks Jacinta L | 5/5/2011 | 0.11630% | $1,447.90 |
| 949 | 35951 | Starr Katy M | 5/5/2011 | 0.10564% | $1,315.17 |
| 950 | 5092 | Steffon Paul G | 5/5/2011 | 0.17261% | $2,149.04 |
| 951 | 34398 | Stepanian Daniel P | 4/20/2013 | 0.03881% | $483.19 |
| 952 | 27708 | Stratford Stephen | 4/11/2013 | 0.09882% | $1,230.28 |
| 953 | 19369 | Stybel Martin | 5/5/2011 | 0.12483% | $1,554.11 |
| 954 | 76510 | Sudak III Richard A | | 0.00113% | $14.11 |
| 955 | 8484 | Sun Hong | 5/5/2011 | 0.17899% | $2,228.44 |
| 956 | 4992 | Sun Maiya H | 5/5/2011 | 0.17325% | $2,156.95 |
| 957 | 59957 | Suriano Mark Allen | | 0.02091% | $260.37 |
| 958 | 26390 | Surmen Lerzan | 4/20/2013 | 0.12383% | $1,541.74 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 959 | 26386 | Surmen Lutfi M | 4/20/2013 | 0.11845% | $1,474.71 |
| 960 | 21695 | Swain Emma |  | 0.01314% | $163.56 |
| 961 | 34344 | Sydney-Smith Jessica |  | 0.01659% | $206.49 |
| 962 | 9505 | Szekely Ronald J | 5/5/2011 | 0.12615% | $1,570.58 |
| 963 | 35247 | Tan David A | 3/2/2013 | 0.09711% | $1,209.07 |
| 964 | 65421 | Tan Li Fang | 4/6/2013 | 0.09877% | $1,229.65 |
| 965 | 86022 | Tan Qiaoyi | 11/20/2015 | 0.00836% | $104.08 |
| 966 | 34341 | Tan Weida | 3/1/2013 | 0.11913% | $1,483.14 |
| 967 | 6386 | Tang Quy Ngoc T | 5/5/2011 | 0.16486% | $2,052.45 |
| 968 | 62318 | Tang Xiuhong |  | 0.02345% | $292.00 |
| 969 | 35347 | Tanis Eve-nika | 3/1/2013 | 0.12829% | $1,597.16 |
| 970 | 60350 | Tanis Wilnor | 3/1/2013 | 0.12760% | $1,588.63 |
| 971 | 36805 | Tasie Genet N |  | 0.02399% | $298.68 |
| 972 | 25685 | Telahun Workbicha Y |  | 0.02554% | $317.95 |
| 973 | 70499 | Terry Christian Dane | 7/17/2015 | 0.04054% | $504.69 |
| 974 | 29690 | Tewelde Alganesh |  | 0.02882% | $358.79 |
| 975 | 8212 | Thai Jack |  | 0.00518% | $64.46 |
| 976 | 82945 | Thibaut Debra Ann | 5/11/2015 | 0.02118% | $263.66 |
| 977 | 9285 | Thomson Patricia D | 5/5/2011 | 0.03589% | $446.80 |
| 978 | 10110 | Thum Ken | 5/5/2011 | 0.17706% | $2,204.34 |
| 979 | 25711 | Tong Iek C | 3/1/2013 | 0.11516% | $1,433.72 |
| 980 | 35713 | Torres Judy | 3/2/2013 | 0.10772% | $1,341.16 |
| 981 | 32129 | Toutounji Rita E | 6/3/2013 | 0.00860% | $107.08 |
| 982 | 35281 | Tran Adam T | 5/6/2013 | 0.04015% | $499.81 |
| 983 | 21722 | Tran Amy | 11/12/2015 | 0.05753% | $716.21 |
| 984 | 8286 | Tran Anthony T | 5/5/2011 | 0.16534% | $2,058.48 |
| 985 | 26520 | Tran Bao Long V |  | 0.02926% | $364.24 |
| 986 | 9096 | Tran Chau B | 4/27/2015 | 0.06699% | $834.01 |
| 987 | 64165 | Tran Diem Thu-Thi | 1/10/2014 | 0.09535% | $1,187.17 |
| 988 | 36763 | Tran Doanthuc V |  | 0.02533% | $315.31 |
| 989 | 8560 | Tran Melissa T | 5/5/2011 | 0.16845% | $2,097.21 |
| 990 | 34278 | Tran Nga K | 10/30/2015 | 0.05823% | $724.96 |
| 991 | 71266 | Tran Patria Yen | 3/7/2013 | 0.08143% | $1,013.75 |
| 992 | 36703 | Tran Thanh T |  | 0.02464% | $306.74 |
| 993 | 9387 | Tran Thoa K | 5/5/2011 | 0.18880% | $2,350.61 |
| 994 | 36901 | Tran William M | 3/7/2013 | 0.08962% | $1,115.83 |
| 995 | 8684 | Trinh Kiet T | 5/5/2011 | 0.17842% | $2,221.35 |
| 996 | 23850 | Trinh Peter |  | 0.01781% | $221.75 |
| 997 | 4434 | Trinidad Glorifina P | 5/5/2011 | 0.18291% | $2,277.29 |
| 998 | 34502 | Trinidad Milani Yoshiko C | 2/28/2015 | 0.06096% | $758.94 |
| 999 | 59636 | Trinidad Salvador Del Carme | 3/6/2015 | 0.04633% | $576.76 |
| 1000 | 5016 | Truong Khuu G | 5/5/2011 | 0.05666% | $705.47 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 1001 | 34374 | Trzebinska Agata | 3/7/2013 | 0.09397% | $1,169.87 |
| 1002 | 21819 | Tsang Lily FungPing | 11/20/2015 | 0.05358% | $667.04 |
| 1003 | 25732 | Tsui Morris W | 3/1/2013 | 0.12492% | $1,555.31 |
| 1004 | 5041 | Uganiza Adrian S | 5/5/2011 | 0.15197% | $1,892.04 |
| 1005 | 34308 | Uljar Snezana | 4/11/2013 | 0.12257% | $1,525.96 |
| 1006 | 21725 | Underwood Jr Paul W | 4/11/2013 | 0.07336% | $913.29 |
| 1007 | 62509 | Ung Ieng Kieng | 11/12/2015 | 0.03836% | $477.53 |
| 1008 | 61916 | Urban Danielle Laine | 8/3/2015 | 0.01263% | $157.28 |
| 1009 | 4810 | Vaccaro Thomas | 5/5/2011 | 0.17761% | $2,211.19 |
| 1010 | 71171 | Valdes Lopez Ada | 3/17/2013 | 0.07216% | $898.45 |
| 1011 | 67053 | Valdez Abagail Rene |  | 0.02520% | $313.79 |
| 1012 | 5215 | Valesky Brian | 5/5/2011 | 0.11123% | $1,384.86 |
| 1013 | 35346 | Valiente Alfredo |  | 0.01807% | $225.00 |
| 1014 | 27281 | Vance William M | 3/23/2013 | 0.06220% | $774.35 |
| 1015 | 63521 | Vanderbeek Cheryl Denise | 3/14/2013 | 0.07056% | $878.47 |
| 1016 | 73979 | Vang Heidi Caroline | 3/13/2015 | 0.05912% | $736.01 |
| 1017 | 73356 | Vargo Judy Li | 11/20/2015 | 0.00652% | $81.11 |
| 1018 | 71102 | Vasilakopoulou Evangelia | 4/2/2013 | 0.06399% | $796.62 |
| 1019 | 49103 | Veith James | 3/19/2015 | 0.05013% | $624.08 |
| 1020 | 50771 | Vekovic Marko | 8/1/2013 | 0.05786% | $720.41 |
| 1021 | 7177 | Verba Peter J | 5/5/2011 | 0.11829% | $1,472.68 |
| 1022 | 85816 | Verville Kristopher Keith |  | 0.00792% | $98.60 |
| 1023 | 35353 | Viado Marlon M | 5/5/2011 | 0.13528% | $1,684.21 |
| 1024 | 21704 | Victoria Ariel V | 3/16/2013 | 0.12808% | $1,594.62 |
| 1025 | 76042 | Villa Ramirez Wendy Yaremi | 7/3/2015 | 0.04854% | $604.30 |
| 1026 | 34474 | Villaflor Faith | 4/7/2013 | 0.09501% | $1,182.91 |
| 1027 | 88289 | Villafranca Lam Ladys Diana |  | 0.00057% | $7.12 |
| 1028 | 71519 | Villalobos Pinero Anamarys | 11/4/2013 | 0.05142% | $640.20 |
| 1029 | 34826 | Vo Nga T |  | 0.01195% | $148.79 |
| 1030 | 34363 | Vongprachanh Malisa |  | 0.02402% | $299.02 |
| 1031 | 34330 | Vongvixay Christina Y |  | 0.01300% | $161.88 |
| 1032 | 71006 | Vongvixay Fongsamout |  | 0.02379% | $296.14 |
| 1033 | 5576 | Vowell Lisa M | 5/5/2011 | 0.12158% | $1,513.62 |
| 1034 | 72618 | Vu Chi |  | 0.02430% | $302.55 |
| 1035 | 27691 | Vuong Minh V | 12/17/2015 | 0.05583% | $695.08 |
| 1036 | 36826 | Vuong Nuoi | 4/6/2013 | 0.03489% | $434.33 |
| 1037 | 30030 | Vuong Vinh T | 3/28/2013 | 0.13930% | $1,734.27 |
| 1038 | 23489 | Vuong Vinnie Q |  | 0.02826% | $351.80 |
| 1039 | 9743 | Wade Howard | 3/16/2013 | 0.12754% | $1,587.86 |
| 1040 | 10441 | Walesa Anthony P | 5/5/2011 | 0.01163% | $144.78 |
| 1041 | 73582 | Walker Kevin C | 7/6/2015 | 0.06024% | $750.01 |
| 1042 | 9981 | Wan Ronnie Chi | 5/5/2011 | 0.17883% | $2,226.47 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 1043 | 26063 | Wang Heidi | 7/3/2015 | 0.07179% | $893.83 |
| 1044 | 49114 | Wang Hongmei | 3/2/2013 | 0.12195% | $1,518.23 |
| 1045 | 9791 | Wang Jerry | 5/5/2011 | 0.15358% | $1,912.08 |
| 1046 | 21730 | Wang Jiandong | | 0.02734% | $340.39 |
| 1047 | 23526 | Wang Mei Ying | 7/17/2015 | 0.06645% | $827.28 |
| 1048 | 36829 | Wang Shih-ping | 3/14/2013 | 0.11094% | $1,381.20 |
| 1049 | 64743 | Wang Tiffany Ying | 11/12/2015 | 0.04292% | $534.33 |
| 1050 | 35516 | Wang Yang | | 0.02532% | $315.22 |
| 1051 | 34373 | Wang Yvonne | | 0.02042% | $254.20 |
| 1052 | 21710 | Ward Yow R | 3/4/2013 | 0.10756% | $1,339.06 |
| 1053 | 6236 | Watkins Richard D | 5/5/2011 | 0.17046% | $2,122.28 |
| 1054 | 4299 | Watkins Tammi M | 5/5/2011 | 0.16188% | $2,015.40 |
| 1055 | 35651 | Watts Bradley K | 10/30/2015 | 0.02404% | $299.33 |
| 1056 | 49172 | Weber Traci L | 5/5/2011 | 0.16017% | $1,994.16 |
| 1057 | 26367 | Wei Jun M | 3/7/2013 | 0.11011% | $1,370.92 |
| 1058 | 7150 | Weinstock Lian | 5/5/2011 | 0.14671% | $1,826.51 |
| 1059 | 21698 | Welt Jr John H | 3/1/2013 | 0.08406% | $1,046.59 |
| 1060 | 21724 | Welt Shannon M | 3/1/2013 | 0.10806% | $1,345.30 |
| 1061 | 8269 | Wendt Jamie W | 5/5/2011 | 0.06000% | $746.98 |
| 1062 | 34509 | Wescott Supavadee | | 0.02912% | $362.56 |
| 1063 | 7907 | Whitcomb Mary-Noel M | | 0.02356% | $293.29 |
| 1064 | 40465 | White Stephen R | 4/6/2013 | 0.11749% | $1,462.78 |
| 1065 | 34684 | Whitten Sean P | 3/14/2013 | 0.10979% | $1,366.84 |
| 1066 | 13627 | Williams Shannon L | 5/5/2011 | 0.13024% | $1,621.45 |
| 1067 | 22957 | Williamson Karin M | 4/27/2015 | 0.06359% | $791.74 |
| 1068 | 27298 | Wilmore Sharon D | | 0.01223% | $152.32 |
| 1069 | 8828 | Wilson Brian V | 1/2/2015 | 0.04093% | $509.55 |
| 1070 | 21700 | Wilson Janette B | 8/1/2013 | 0.09228% | $1,148.91 |
| 1071 | 5462 | Wilson Martin D | 3/28/2013 | 0.06829% | $850.15 |
| 1072 | 6041 | Winchester Otis L | 5/5/2011 | 0.03789% | $471.73 |
| 1073 | 59827 | Winzer Aaron Jerel | 12/17/2015 | 0.04836% | $602.02 |
| 1074 | 21774 | Witner Gerald T | 5/5/2011 | 0.13896% | $1,730.08 |
| 1075 | 60246 | Wodowski Diane Lynn | 7/6/2015 | 0.05006% | $623.21 |
| 1076 | 5627 | Woldie Negest A | | 0.02653% | $330.26 |
| 1077 | 23807 | Wong Andy | 3/2/2013 | 0.11720% | $1,459.20 |
| 1078 | 7173 | Wong Bonnie | 3/2/2013 | 0.11054% | $1,376.27 |
| 1079 | 34314 | Wong Denis A | 12/17/2015 | 0.02142% | $266.62 |
| 1080 | 8537 | Wong Johnny | 5/5/2011 | 0.15581% | $1,939.86 |
| 1081 | 34498 | Wong Kurt K | 6/11/2015 | 0.04427% | $551.14 |
| 1082 | 34317 | Wong Stephanie Y | | 0.02864% | $356.54 |
| 1083 | 36957 | Wong Timmy | 3/7/2013 | 0.06505% | $809.89 |
| 1084 | 27136 | Woo Woy Yin | 8/8/2015 | 0.06885% | $857.15 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 1085 | 34334 | Worgull Nancy Y | 3/4/2013 | 0.12279% | $1,528.68 |
| 1086 | 35273 | Wu Biling L | 3/16/2013 | 0.10899% | $1,356.95 |
| 1087 | 34827 | Wu Kaiching | 3/2/2013 | 0.12930% | $1,609.79 |
| 1088 | 64664 | Wu Lily | 11/12/2015 | 0.04746% | $590.87 |
| 1089 | 35434 | Wu Xiu L | 3/14/2013 | 0.11475% | $1,428.69 |
| 1090 | 49126 | Wu Xue-Qiong | 3/19/2015 | 0.07094% | $883.20 |
| 1091 | 25681 | Wu Yi Fan | 3/4/2013 | 0.13035% | $1,622.86 |
| 1092 | 8116 | Wuertz Jamie M | 5/5/2011 | 0.16523% | $2,057.09 |
| 1093 | 29954 | Xia Yi | 3/9/2013 | 0.11667% | $1,452.49 |
| 1094 | 21701 | Xie Christine Y | 3/1/2013 | 0.12026% | $1,497.29 |
| 1095 | 8290 | Xiong Kabee | 5/5/2011 | 0.13109% | $1,632.08 |
| 1096 | 21702 | Xu Belinda |  | 0.02890% | $359.79 |
| 1097 | 5572 | Xu David Gang | 10/12/2015 | 0.05563% | $692.65 |
| 1098 | 9318 | Xu Shi P |  | 0.02694% | $335.43 |
| 1099 | 75100 | Xu Summer | 1/10/2014 | 0.05194% | $646.71 |
| 1100 | 49231 | Yamzon Raymundo | 3/7/2013 | 0.09744% | $1,213.11 |
| 1101 | 26064 | Yan Ying |  | 0.02871% | $357.44 |
| 1102 | 34273 | Yang James S |  | 0.01486% | $185.00 |
| 1103 | 79807 | Yang Liwei |  | 0.02410% | $300.01 |
| 1104 | 49173 | Yang Yongming | 4/27/2015 | 0.03449% | $429.34 |
| 1105 | 21626 | Yaquinto Jason C | 4/2/2015 | 0.07168% | $892.42 |
| 1106 | 74607 | Yaros Michael John | 4/6/2013 | 0.05796% | $721.63 |
| 1107 | 84529 | Yazdabadi Mansour V | 10/23/2015 | 0.00472% | $58.72 |
| 1108 | 23506 | Ye Ying | 4/27/2015 | 0.07818% | $973.39 |
| 1109 | 5740 | Yearke Carol E | 5/5/2011 | 0.15687% | $1,953.03 |
| 1110 | 21688 | Yerger Ilona U | 4/11/2013 | 0.13429% | $1,671.88 |
| 1111 | 49080 | Yi Seong J |  | 0.01972% | $245.57 |
| 1112 | 5884 | Yilmaz Levent | 5/5/2011 | 0.17879% | $2,225.88 |
| 1113 | 36952 | Yilmaz Senem | 4/11/2013 | 0.05776% | $719.08 |
| 1114 | 36523 | Yim Myong S | 4/7/2013 | 0.10968% | $1,365.50 |
| 1115 | 85771 | Yin Jinxia | 11/20/2015 | 0.00919% | $114.38 |
| 1116 | 64591 | Ying Haiyan |  | 0.02372% | $295.27 |
| 1117 | 22952 | Yip Eric | 3/7/2013 | 0.13616% | $1,695.14 |
| 1118 | 34497 | Yip Sui Fang | 10/23/2015 | 0.05946% | $740.30 |
| 1119 | 7996 | Yiu Lam | 3/7/2013 | 0.12910% | $1,607.32 |
| 1120 | 65422 | Yiv Sam Kim | 8/3/2015 | 0.05977% | $744.19 |
| 1121 | 23151 | Ymeri Eduard | 4/27/2015 | 0.07333% | $912.94 |
| 1122 | 64104 | Ynigo Arthur O |  | 0.02637% | $328.26 |
| 1123 | 4253 | Yoo Eun K | 5/5/2011 | 0.17600% | $2,191.24 |
| 1124 | 19991 | Yoo Eun S | 5/5/2011 | 0.15612% | $1,943.75 |
| 1125 | 79066 | Yoo Je Eun | 12/17/2015 | 0.03676% | $457.70 |
| 1126 | 21711 | Yoo John | 3/1/2013 | 0.13008% | $1,619.55 |

Exhibit "A" - Cesarz Claimants and Claim Amounts

|      | A     | B                          | C          | D          | E             |
|------|-------|----------------------------|------------|------------|---------------|
| 1127 | 35020 | Young Teresa K             | 3/2/2013   | 0.12928%   | $1,609.56     |
| 1128 | 36524 | Youngblood Scott O         | 3/28/2013  | 0.12411%   | $1,545.22     |
| 1129 | 21680 | Yu Amy                     | 3/4/2013   | 0.13551%   | $1,687.14     |
| 1130 | 27132 | Yu Da Man                  | 3/7/2013   | 0.13530%   | $1,684.43     |
| 1131 | 8334  | Yu Ida W                   | 5/5/2011   | 0.15682%   | $1,952.45     |
| 1132 | 29976 | Yu Yu Hong                 | 5/3/2014   | 0.09250%   | $1,151.67     |
| 1133 | 35123 | Zambrana Otto M            | 10/30/2015 | 0.05216%   | $649.41       |
| 1134 | 35372 | Zanelli Shirley Joan       | 5/5/2011   | 0.12823%   | $1,596.43     |
| 1135 | 34688 | Zaragoza Joselito Jules G  | 3/17/2013  | 0.12902%   | $1,606.24     |
| 1136 | 35580 | Zarra Anthony R            | 5/5/2011   | 0.12721%   | $1,583.73     |
| 1137 | 35532 | Zeleke Hanna               |            | 0.02481%   | $308.88       |
| 1138 | 10975 | Zeru Alem Asefa            | 5/5/2011   | 0.09676%   | $1,204.66     |
| 1139 | 40076 | Zhang Ci C                 |            | 0.02185%   | $272.06       |
| 1140 | 8156  | Zhang Jie N                | 5/5/2011   | 0.12924%   | $1,609.01     |
| 1141 | 74570 | Zhang Jing                 | 3/4/2013   | 0.05534%   | $688.96       |
| 1142 | 49566 | Zhang Kuan                 | 3/9/2013   | 0.11907%   | $1,482.43     |
| 1143 | 72619 | Zhang Ping                 | 3/4/2013   | 0.06788%   | $845.15       |
| 1144 | 34403 | Zhang Xiao Feng            |            | 0.02769%   | $344.73       |
| 1145 | 49111 | Zhang Xue Ping             | 3/7/2013   | 0.12566%   | $1,564.49     |
| 1146 | 25806 | Zhang Yi                   | 5/11/2015  | 0.07389%   | $919.92       |
| 1147 | 36837 | Zhao Yanhong               | 3/2/2013   | 0.11859%   | $1,476.50     |
| 1148 | 60751 | Zhelyazkov Mirko Y         | 3/28/2013  | 0.06142%   | $764.65       |
| 1149 | 49171 | Zheng Lei                  |            | 0.02436%   | $303.24       |
| 1150 | 34829 | Zhong Xia                  | 3/2/2013   | 0.11831%   | $1,472.91     |
| 1151 | 74309 | Zhou Denise                | 3/4/2013   | 0.05126%   | $638.21       |
| 1152 | 36699 | Zhu Xiao H                 | 3/23/2013  | 0.07839%   | $975.95       |
| 1153 | 67040 | Zike Tigist                |            | 0.02422%   | $301.52       |
| 1154 | 21848 | Zito Dominic L             | 5/5/2011   | 0.15170%   | $1,888.65     |
| 1155 | 4892  | Zuehlsdorf Julie           | 3/7/2013   | 0.08649%   | $1,076.81     |
| 1156 |       |                            |            |            |               |
| 1157 |       |                            | TOTALS     | 100.00000% | $1,245,000.00 |

Exhibit "A" - Tang Claimants and Claim Amounts

|  | A | B | C | D |
|---|---|---|---|---|
| 1 | EE No | Last Name, First Name as listed in Wynn records | Percentage Interest in Tang Settlement Fund (Based On Percentage of Tip Pool Received) | Claim Amount to be Paid as Gross Taxable Settlement from the Net Tang Fund of $2,905,000 for distribution |
| 2 | 67331 | Abea Cindy Jinzu | 0.06873% | $1,996.67 |
| 3 | 34850 | Abea Justin R | 0.09702% | $2,818.43 |
| 4 | 13677 | Abebe Etagegn T | 0.10443% | $3,033.67 |
| 5 | 7178 | Abuan Maria E | 0.10288% | $2,988.65 |
| 6 | 70877 | Adabashi Lauren Darcy | 0.10275% | $2,984.75 |
| 7 | 21687 | Addo William B | 0.10038% | $2,916.13 |
| 8 | 35351 | Adugna Mekonen L | 0.11557% | $3,357.41 |
| 9 | 23166 | Aguero-Hernandez Alejar | 0.13766% | $3,999.09 |
| 10 | 65899 | Aguirre Sarah Anne | 0.11027% | $3,203.26 |
| 11 | 7747 | Albanese Joseph C | 0.09347% | $2,715.26 |
| 12 | 59953 | Alee Chris | 0.04341% | $1,261.00 |
| 13 | 35291 | Allan Stacy L | 0.10933% | $3,175.91 |
| 14 | 83428 | Alvarenga Jennifer Chelse | 0.10278% | $2,985.77 |
| 15 | 21736 | Amare Genet B | 0.10376% | $3,014.18 |
| 16 | 9383 | Amie Frederick | 0.11341% | $3,294.59 |
| 17 | 9793 | An Youn M | 0.11748% | $3,412.68 |
| 18 | 65763 | Andrei Maria Teodora | 0.10472% | $3,042.11 |
| 19 | 21703 | Angelo Savath Sim | 0.11852% | $3,443.07 |
| 20 | 10978 | Angosta Conrado Jr A | 0.10564% | $3,068.93 |
| 21 | 8569 | Angus III Arsenio L | 0.12018% | $3,491.27 |
| 22 | 60162 | Arboleda Mark Anthony I | 0.10877% | $3,159.73 |
| 23 | 7423 | Arceo Corazon | 0.10237% | $2,973.87 |
| 24 | 60523 | Arceo Lilyvel Aqui | 0.10107% | $2,936.08 |
| 25 | 34508 | Armfield Judith A | 0.10409% | $3,023.96 |
| 26 | 6058 | Aromin Bryan D | 0.11767% | $3,418.28 |
| 27 | 29916 | Aromin Rosemarie R | 0.10407% | $3,023.31 |
| 28 | 86548 | Artates Larry Taberna | 0.10104% | $2,935.12 |
| 29 | 4988 | Artiga Fredi | 0.05914% | $1,718.15 |
| 30 | 70892 | Asitimang Matinee | 0.11626% | $3,377.34 |
| 31 | 19663 | Assad Eman J | 0.11695% | $3,397.37 |
| 32 | 34516 | Ataris Benjamin R | 0.09999% | $2,904.76 |
| 33 | 80536 | Aurelio Jelyn Ambida | 0.09181% | $2,667.04 |
| 34 | 34321 | Ayele Genet A | 0.11581% | $3,364.37 |
| 35 | 34478 | Bailey Odell | 0.09766% | $2,836.93 |
| 36 | 35586 | Baker-Benitez Laura L | 0.10701% | $3,108.67 |
| 37 | 9347 | Ball Julie A | 0.10975% | $3,188.18 |
| 38 | 91467 | Ballard-Reisch Alyssa Catl | 0.02792% | $811.17 |

Exhibit "A" - Tang Claimants and Claim Amounts

|    | A | B | C | D |
|----|------|------------------------------|----------|-----------|
| 39 | 60520 | Ballensky Jason | 0.02659% | $772.49 |
| 40 | 74415 | Ballew Ki Chon | 0.08031% | $2,332.95 |
| 41 | 4524 | Balzer Lawrence W | 0.09757% | $2,834.44 |
| 42 | 9116 | Bannourah Hanna M | 0.11103% | $3,225.35 |
| 43 | 73482 | Barber James L | 0.11417% | $3,316.64 |
| 44 | 34545 | Barros Luisa H | 0.11589% | $3,366.54 |
| 45 | 34439 | Barrow Katrina Viloria | 0.04091% | $1,188.29 |
| 46 | 62175 | Bashford Glenn Robert | 0.10592% | $3,076.94 |
| 47 | 34757 | Batten Jeffrey W | 0.03822% | $1,110.41 |
| 48 | 72912 | Baty-Kruegel Marcie | 0.10158% | $2,950.95 |
| 49 | 5671 | Baute Lina L | 0.10870% | $3,157.69 |
| 50 | 36614 | Beard Jessica L | 0.10330% | $3,000.86 |
| 51 | 36873 | Beckham III James D | 0.05588% | $1,623.20 |
| 52 | 6182 | Beese Ronda L | 0.09996% | $2,903.83 |
| 53 | 64598 | Beller Garrett Michael | 0.03441% | $999.72 |
| 54 | 9089 | Benfanti Leah M | 0.09253% | $2,688.00 |
| 55 | 8611 | Benitez Roselle C | 0.10559% | $3,067.25 |
| 56 | 23162 | Bentzen Carol | 0.10154% | $2,949.77 |
| 57 | 87431 | Berhane Nebiyu | 0.10669% | $3,099.48 |
| 58 | 8341 | Bernard Maria M | 0.04661% | $1,354.14 |
| 59 | 36488 | Berry Jeffrey William | 0.06047% | $1,756.70 |
| 60 | 7671 | Bigsot Florentino T | 0.11151% | $3,239.30 |
| 61 | 7962 | Bise Stephen A | 0.09807% | $2,849.04 |
| 62 | 88265 | Bituin Allan David San Lui | 0.08983% | $2,609.46 |
| 63 | 8553 | Blair Donna M | 0.11439% | $3,323.04 |
| 64 | 9329 | Blakstad Christine E | 0.11822% | $3,434.17 |
| 65 | 8818 | Blaney Linda S | 0.10375% | $3,013.95 |
| 66 | 21743 | Block Patricia N | 0.11124% | $3,231.42 |
| 67 | 7749 | Boone Tynisia L | 0.05665% | $1,645.68 |
| 68 | 36539 | Bordinhao Cesar | 0.10837% | $3,148.23 |
| 69 | 6556 | Borsick Chong K | 0.11435% | $3,321.83 |
| 70 | 49185 | Bosnjak Milos | 0.11579% | $3,363.79 |
| 71 | 35350 | Botticello Alan | 0.02381% | $691.75 |
| 72 | 8591 | Bouchard Kyusuh | 0.11257% | $3,270.03 |
| 73 | 35298 | Bounmasanonh Dianna kl | 0.10909% | $3,169.18 |
| 74 | 91586 | Brajovic Irena | 0.02330% | $676.72 |
| 75 | 72493 | Brasi Kenneth R | 0.11895% | $3,455.47 |
| 76 | 29898 | Brasi Sandro D | 0.13472% | $3,913.50 |
| 77 | 35480 | Brooke Sadiye G | 0.11770% | $3,419.10 |
| 78 | 20672 | Brooks Carla D | 0.07668% | $2,227.46 |
| 79 | 7425 | Brossart David W | 0.07375% | $2,142.30 |
| 80 | 76147 | Brown Aliya | 0.10361% | $3,009.92 |

Exhibit "A" - Tang Claimants and Claim Amounts

|    | A | B | C | D |
|----|-------|--------------------------|----------|-----------|
| 81 | 36940 | Brown Estella | 0.10683% | $3,103.35 |
| 82 | 4179 | Brown Tracy O | 0.03934% | $1,142.71 |
| 83 | 36491 | Brune Cheryl F | 0.09846% | $2,860.22 |
| 84 | 34266 | Bruno Vince P | 0.13358% | $3,880.48 |
| 85 | 21768 | Burbank Ashley L | 0.08644% | $2,511.20 |
| 86 | 34562 | Burton Brian A | 0.04853% | $1,409.94 |
| 87 | 8840 | Butler Montana E | 0.11738% | $3,410.01 |
| 88 | 8179 | Buzz Scott L | 0.09729% | $2,826.15 |
| 89 | 14244 | Byrne Sheila M | 0.11806% | $3,429.58 |
| 90 | 88747 | Cabral Elisa | 0.07027% | $2,041.45 |
| 91 | 83157 | Calieri Richard Paul | 0.11232% | $3,263.02 |
| 92 | 73523 | Calvelli Scott | 0.10823% | $3,144.18 |
| 93 | 8135 | Camera Jeffrey C | 0.07142% | $2,074.87 |
| 94 | 35211 | Canney Brian J | 0.03342% | $970.87 |
| 95 | 36833 | Carabasu Anca A | 0.10429% | $3,029.66 |
| 96 | 7887 | Carabasu Tanasica A | 0.11836% | $3,438.44 |
| 97 | 8512 | Carbone Richard F | 0.11752% | $3,414.02 |
| 98 | 9408 | Carboni Michael J | 0.11056% | $3,211.66 |
| 99 | 60243 | Cardos Sebastian Vasile | 0.05764% | $1,674.49 |
| 100 | 76072 | Cartwright Melissa Sue | 0.11264% | $3,272.33 |
| 101 | 34410 | Casacchia-Anderson Mari | 0.04606% | $1,338.02 |
| 102 | 29911 | Casanova Jose Miguel | 0.12887% | $3,743.58 |
| 103 | 9637 | Casanova Marilda | 0.10557% | $3,066.91 |
| 104 | 34561 | Caudillo Juan M | 0.10958% | $3,183.34 |
| 105 | 7200 | Cesarz Joseph J | 0.10840% | $3,149.04 |
| 106 | 67088 | Cesarz Mitaphone | 0.10147% | $2,947.74 |
| 107 | 11052 | Cespedes Jr Carlos M | 0.04208% | $1,222.29 |
| 108 | 91593 | Chan Alan Kwun Long | 0.02729% | $792.84 |
| 109 | 4425 | Chan Amy N | 0.02082% | $604.88 |
| 110 | 83071 | Chan Andy | 0.11660% | $3,387.09 |
| 111 | 49568 | Chang Connie | 0.11612% | $3,373.32 |
| 112 | 85772 | Chang Kara Li | 0.04359% | $1,266.26 |
| 113 | 34481 | Chanthrathip Pany P | 0.08080% | $2,347.39 |
| 114 | 76133 | Chapman Regina Marie | 0.11160% | $3,241.89 |
| 115 | 62067 | Chau Freddie Kwok | 0.05642% | $1,639.01 |
| 116 | 35412 | Chau Linda | 0.09635% | $2,799.10 |
| 117 | 8211 | Chau Minh D | 0.11880% | $3,451.05 |
| 118 | 9702 | Chau Qing B | 0.12019% | $3,491.39 |
| 119 | 7744 | Chen Airong | 0.11791% | $3,425.43 |
| 120 | 62345 | Chen Alice Sarah | 0.10039% | $2,916.20 |
| 121 | 7356 | Chen Brenda Y | 0.10617% | $3,084.22 |
| 122 | 66599 | Chen Jessica | 0.10131% | $2,942.92 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                         | C        | D         |
|-----|-------|---------------------------|----------|-----------|
| 123 | 34537 | Chen Karena M             | 0.12533% | $3,640.79 |
| 124 | 90229 | Chen Richard Siu Fung     | 0.04063% | $1,180.43 |
| 125 | 60156 | Chen Xia                  | 0.11979% | $3,479.94 |
| 126 | 49186 | Chen Yanling              | 0.12237% | $3,554.81 |
| 127 | 90183 | Chen YueWen               | 0.07104% | $2,063.70 |
| 128 | 83130 | Chen Ziyu                 | 0.09967% | $2,895.33 |
| 129 | 29984 | Cheng Andy                | 0.11176% | $3,246.76 |
| 130 | 34673 | Cheng Waichi              | 0.14105% | $4,097.44 |
| 131 | 59191 | Chen-Ge Sophie Lu         | 0.08870% | $2,576.79 |
| 132 | 25717 | Chenh Jenny               | 0.12984% | $3,771.96 |
| 133 | 49167 | Cher Malissa              | 0.05629% | $1,635.34 |
| 134 | 26387 | Cheung Chi T              | 0.13855% | $4,024.97 |
| 135 | 8463  | Cheung Christopher K      | 0.10471% | $3,041.72 |
| 136 | 36897 | Cheung King               | 0.05757% | $1,672.33 |
| 137 | 8898  | Chewjalearn Chinnavut     | 0.04920% | $1,429.30 |
| 138 | 63675 | Chiang Kai Hong           | 0.10594% | $3,077.52 |
| 139 | 36712 | Chiang Ping C             | 0.03882% | $1,127.58 |
| 140 | 35889 | Chin Shawna M             | 0.10127% | $2,942.03 |
| 141 | 27172 | Cho Sang W                | 0.12469% | $3,622.25 |
| 142 | 77164 | Choi Chloe                | 0.09889% | $2,872.80 |
| 143 | 8904  | Choi Chong M              | 0.10817% | $3,142.20 |
| 144 | 4568  | Chong Jin Ah              | 0.05400% | $1,568.72 |
| 145 | 36881 | Chow Cheong B             | 0.11791% | $3,425.37 |
| 146 | 35185 | Chow Lisa K               | 0.13954% | $4,053.62 |
| 147 | 21728 | Christian Dona A          | 0.13643% | $3,963.20 |
| 148 | 66872 | Chuencharoenwong Sum      | 0.10311% | $2,995.35 |
| 149 | 35504 | Chun Jeanie R             | 0.11654% | $3,385.49 |
| 150 | 9761  | Chung Cheryl V            | 0.10777% | $3,130.85 |
| 151 | 67244 | Chung Li                  | 0.11248% | $3,267.66 |
| 152 | 62466 | Chung Phu Thanh           | 0.11391% | $3,308.95 |
| 153 | 35210 | Ciliberti Christina T     | 0.04288% | $1,245.61 |
| 154 | 8848  | Cincotto Matthew          | 0.11214% | $3,257.68 |
| 155 | 34839 | Cipriani Scott            | 0.12090% | $3,512.10 |
| 156 | 36092 | Cliett Derrick J          | 0.08983% | $2,609.63 |
| 157 | 35511 | Collingbourne Susan       | 0.11365% | $3,301.65 |
| 158 | 9951  | Collins Wendy Teruya      | 0.11133% | $3,234.26 |
| 159 | 5897  | Colovic Luka              | 0.11353% | $3,298.15 |
| 160 | 6166  | Comastro Joseph F         | 0.00932% | $270.65   |
| 161 | 36880 | Conchiglia Michael S      | 0.10297% | $2,991.38 |
| 162 | 8825  | Connelly Marla L          | 0.10550% | $3,064.66 |
| 163 | 4798  | Conner William D          | 0.10592% | $3,077.01 |
| 164 | 89028 | Contreras De Aguirre Ivor | 0.09871% | $2,867.48 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A | B | C | D |
|-----|-------|--------------------------|-----------|------------|
| 165 | 8277 | Cooper Connie L | 0.09262% | $2,690.51 |
| 166 | 5961 | Corbin Elizabeth A | 0.11498% | $3,340.04 |
| 167 | 8524 | Corona Mercy C | 0.11624% | $3,376.88 |
| 168 | 72620 | Costales Wilma | 0.09911% | $2,879.08 |
| 169 | 73623 | Cross Laura Patricia | 0.09031% | $2,623.39 |
| 170 | 9658 | Cruz Charito L | 0.11768% | $3,418.73 |
| 171 | 35352 | Cruz Teresita J | 0.10898% | $3,165.78 |
| 172 | 74989 | Cui Renyong | 0.11241% | $3,265.53 |
| 173 | 91615 | Cullers Greg Martin | 0.02822% | $819.67 |
| 174 | 62248 | Cullers Hailing Xue | 0.07413% | $2,153.60 |
| 175 | 62346 | Dadaloglu Nurden | 0.10710% | $3,111.26 |
| 176 | 71227 | Dai Vivian | 0.07897% | $2,294.14 |
| 177 | 29450 | D'Amore Joseph A | 0.13468% | $3,912.59 |
| 178 | 10130 | Dandrea Bryan A | 0.11570% | $3,361.02 |
| 179 | 21729 | Dang Chuong V | 0.12629% | $3,668.85 |
| 180 | 34459 | Dangelo Phil A | 0.11238% | $3,264.62 |
| 181 | 60137 | D'angelo Richard Anthony | 0.09354% | $2,717.48 |
| 182 | 34350 | Dao Meimy | 0.03834% | $1,113.63 |
| 183 | 9611 | Dao Scott | 0.09177% | $2,665.88 |
| 184 | 35460 | Davies Justin E | 0.05047% | $1,466.01 |
| 185 | 10217 | Davila Ana R | 0.11342% | $3,294.95 |
| 186 | 35295 | Davis Suki | 0.11771% | $3,419.54 |
| 187 | 6210 | Davis Thomas L | 0.02502% | $726.89 |
| 188 | 63007 | Dawson Lexi Marie | 0.07668% | $2,227.62 |
| 189 | 34686 | Defillippo Joan D | 0.11241% | $3,265.42 |
| 190 | 8603 | Del Prado Javier | 0.11885% | $3,452.74 |
| 191 | 35900 | Delphin Sandra A | 0.09709% | $2,820.34 |
| 192 | 34506 | Deng Vivian J | 0.11532% | $3,350.15 |
| 193 | 35315 | Desherlia Roberta L | 0.09427% | $2,738.51 |
| 194 | 79223 | Devine Patricia L | 0.08882% | $2,580.18 |
| 195 | 14186 | Devitte Heather K | 0.05263% | $1,528.78 |
| 196 | 62439 | Dezii Melodey | 0.10504% | $3,051.45 |
| 197 | 3679 | Dheressa Lomi K | 0.12469% | $3,622.23 |
| 198 | 74764 | Diec Nancy Tuyet | 0.11654% | $3,385.60 |
| 199 | 34420 | Dieu Victor | 0.12727% | $3,697.31 |
| 200 | 8092 | Digiorgio Michael J | 0.10873% | $3,158.53 |
| 201 | 5434 | DiLisio Tanya M | 0.05378% | $1,562.22 |
| 202 | 34488 | Diloreanu Daniel I | 0.08097% | $2,352.12 |
| 203 | 59611 | Dimic Ana | 0.11563% | $3,359.03 |
| 204 | 62158 | Dingeanu Carmen Elena | 0.11067% | $3,214.86 |
| 205 | 23510 | Dizon Jr Zoilo V | 0.13511% | $3,924.84 |
| 206 | 29800 | Dizon Rosalie V | 0.13745% | $3,993.00 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A | B | C | D |
|-----|------|---------------------------|----------|-----------|
| 207 | 75594 | Doan Phuong Hoa | 0.00621% | $180.29 |
| 208 | 29914 | Dobson Kim D | 0.09438% | $2,741.69 |
| 209 | 73037 | Dong Ze | 0.05472% | $1,589.75 |
| 210 | 34825 | Donner Kay | 0.11836% | $3,438.23 |
| 211 | 30863 | Doxie Jr Larry D | 0.07858% | $2,282.81 |
| 212 | 21735 | Draggon Leighton B | 0.12676% | $3,682.51 |
| 213 | 76044 | Draper Joana Marie | 0.09431% | $2,739.60 |
| 214 | 76298 | Dryjanski Devona Kaitlin | 0.08925% | $2,592.72 |
| 215 | 49074 | Du Lina | 0.05294% | $1,538.00 |
| 216 | 90595 | Duarte Katheryn May | 0.04299% | $1,248.96 |
| 217 | 70198 | Duenas Candida | 0.09349% | $2,716.02 |
| 218 | 27175 | Dunne John J | 0.04497% | $1,306.28 |
| 219 | 85765 | Duong Isabel | 0.09178% | $2,666.26 |
| 220 | 29902 | Duong Ngoc-xuan Thi | 0.13941% | $4,049.85 |
| 221 | 9413 | Duong Vivian | 0.11608% | $3,372.05 |
| 222 | 34412 | Durando Dennis C | 0.13418% | $3,897.86 |
| 223 | 34411 | Durando Marie A | 0.11085% | $3,220.09 |
| 224 | 9342 | Dyer Jason C | 0.10511% | $3,053.59 |
| 225 | 34286 | Dzama Christina M | 0.11800% | $3,427.93 |
| 226 | 8629 | Ealy Jr Thomas H | 0.09106% | $2,645.36 |
| 227 | 64345 | Egan Lauren Marion | 0.05062% | $1,470.44 |
| 228 | 7688 | Eitelberg Ray M | 0.09836% | $2,857.35 |
| 229 | 19667 | Elliott Earnest E | 0.08656% | $2,514.43 |
| 230 | 34613 | Elmagrabi Peter | 0.04167% | $1,210.41 |
| 231 | 9362 | Elston Brian L | 0.11801% | $3,428.22 |
| 232 | 34400 | Encabo Robert A | 0.12007% | $3,488.02 |
| 233 | 21800 | Enriques Lei S | 0.13628% | $3,959.01 |
| 234 | 19855 | Eslinger Jeffrey J | 0.11345% | $3,295.67 |
| 235 | 21692 | Esparza Nieves R | 0.13168% | $3,825.27 |
| 236 | 9677 | Espiritu Evangeline B | 0.11411% | $3,314.88 |
| 237 | 36838 | Espiritu Jr Lutgardo R | 0.11560% | $3,358.27 |
| 238 | 36382 | Espiritu Mark R A | 0.09700% | $2,817.96 |
| 239 | 83233 | Espiritu Melchor R | 0.08638% | $2,509.46 |
| 240 | 34614 | Esposito John M | 0.06111% | $1,775.12 |
| 241 | 9477 | Eubanks Dawn K | 0.10216% | $2,967.84 |
| 242 | 21739 | Evans Jake R | 0.13371% | $3,884.20 |
| 243 | 6192 | Fadel Claudia | 0.09317% | $2,706.73 |
| 244 | 8842 | Falchi Roberto A | 0.10184% | $2,958.35 |
| 245 | 21719 | Fatooh Su-kyoung | 0.12960% | $3,764.76 |
| 246 | 85524 | Fernandez Jaime | 0.10859% | $3,154.68 |
| 247 | 36359 | Fernandez John D | 0.11646% | $3,383.03 |
| 248 | 36797 | Ferrara Dan | 0.14434% | $4,193.17 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                        | C        | D          |
|-----|-------|--------------------------|----------|------------|
| 249 | 90203 | Ferrari Alexander Alvaro | 0.06887% | $2,000.56  |
| 250 | 66909 | Filipovic Nada           | 0.11285% | $3,278.39  |
| 251 | 6205  | Fite Bulcha              | 0.11538% | $3,351.65  |
| 252 | 4990  | Flanagan Adriana         | 0.08421% | $2,446.21  |
| 253 | 6064  | Fontana Sebastiana       | 0.08727% | $2,535.27  |
| 254 | 5191  | Ford Gregory R           | 0.11649% | $3,384.03  |
| 255 | 19367 | Fosburg Gary L           | 0.09910% | $2,878.99  |
| 256 | 9971  | Fox Amber M              | 0.02122% | $616.33    |
| 257 | 21731 | Francis Chad D           | 0.07765% | $2,255.70  |
| 258 | 71285 | Frazier Taem Katelin     | 0.11271% | $3,274.13  |
| 259 | 7122  | Frey Michael T           | 0.10095% | $2,932.63  |
| 260 | 7175  | Frey Mimi N              | 0.11591% | $3,367.10  |
| 261 | 62407 | Friedman Daniel Nathan   | 0.09376% | $2,723.63  |
| 262 | 8831  | Fujino Kent S            | 0.11641% | $3,381.85  |
| 263 | 90333 | Fuller Breckell Lynn     | 0.06255% | $1,817.19  |
| 264 | 49563 | Fuller Colleen           | 0.11517% | $3,345.68  |
| 265 | 10448 | Fuller Terri L           | 0.11153% | $3,239.99  |
| 266 | 4682  | Funk Dezari J            | 0.04449% | $1,292.48  |
| 267 | 64741 | Gadberry Christopher Dav | 0.11482% | $3,335.55  |
| 268 | 8562  | Gahagan Barron           | 0.10150% | $2,948.69  |
| 269 | 35282 | Gaines Roger N           | 0.08469% | $2,460.19  |
| 270 | 9088  | Gallo Elizabeth          | 0.04188% | $1,216.60  |
| 271 | 6207  | Gan Xiumei               | 0.11699% | $3,398.51  |
| 272 | 19851 | Gannon Janice            | 0.06301% | $1,830.42  |
| 273 | 71269 | Gao Shan                 | 0.11952% | $3,471.96  |
| 274 | 23311 | Garber Brian             | 0.14001% | $4,067.27  |
| 275 | 11673 | Garces Liwliwa R         | 0.13125% | $3,812.82  |
| 276 | 6980  | Garcia David             | 0.11296% | $3,281.40  |
| 277 | 6728  | Garcia Lourdes L         | 0.10848% | $3,151.26  |
| 278 | 63650 | Garcia Racelle           | 0.10571% | $3,070.94  |
| 279 | 9269  | Garcia Wiston            | 0.10541% | $3,062.28  |
| 280 | 62868 | Garcia Yelina            | 0.07753% | $2,252.23  |
| 281 | 62472 | Ge Xin                   | 0.10126% | $2,941.73  |
| 282 | 92526 | Gebra Frehiwot Tesfaye   | 0.00641% | $186.28    |
| 283 | 8930  | Geiger Chris F           | 0.12050% | $3,500.44  |
| 284 | 9462  | Gentry Richard D         | 0.09252% | $2,687.73  |
| 285 | 29912 | George Alejandro         | 0.13146% | $3,818.85  |
| 286 | 86464 | George Esther            | 0.11419% | $3,317.25  |
| 287 | 21684 | George Julia             | 0.12851% | $3,733.09  |
| 288 | 27329 | Georgette Bobbie         | 0.12005% | $3,487.40  |
| 289 | 21690 | Georgiev Katina T        | 0.13566% | $3,940.95  |
| 290 | 59612 | Getsova Dragoslava Ange  | 0.12644% | $3,673.13  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                        | C        | D          |
|-----|-------|--------------------------|----------|------------|
| 291 | 85527 | Ghebremicael Lia Andem   | 0.10491% | $3,047.70  |
| 292 | 9341  | Giang Yoon Hee           | 0.12047% | $3,499.69  |
| 293 | 40443 | Giannetti Patricia Marie | 0.09933% | $2,885.53  |
| 294 | 53076 | Gidey Nigist             | 0.11411% | $3,315.03  |
| 295 | 36390 | Gilley Michael W         | 0.12133% | $3,524.68  |
| 296 | 35402 | Gipson Mikki Michelle    | 0.09053% | $2,629.79  |
| 297 | 14207 | Gitisetan Kourosh        | 0.11952% | $3,471.98  |
| 298 | 6988  | Gleason Michael D        | 0.09605% | $2,790.33  |
| 299 | 49170 | Gleich Karen Jean        | 0.10747% | $3,121.88  |
| 300 | 35302 | Golden Haeyon            | 0.10775% | $3,130.18  |
| 301 | 88251 | Golub Velibor            | 0.05087% | $1,477.86  |
| 302 | 35038 | Gomez Dorotea C          | 0.11252% | $3,268.84  |
| 303 | 35408 | Gomez Oscar M            | 0.06842% | $1,987.46  |
| 304 | 34402 | Gong Amy H               | 0.14767% | $4,289.77  |
| 305 | 9998  | Goodelman Jay I          | 0.10446% | $3,034.59  |
| 306 | 7741  | Graves Orly L            | 0.00308% | $89.56     |
| 307 | 7230  | Green Diane Evonne        | 0.11142% | $3,236.63  |
| 308 | 72757 | Green Jerry O            | 0.02080% | $604.28    |
| 309 | 21712 | Guan Leilani             | 0.13283% | $3,858.70  |
| 310 | 23525 | Guan Shu Y               | 0.13336% | $3,874.16  |
| 311 | 7900  | Guest Jesse L            | 0.01475% | $428.48    |
| 312 | 29903 | Guevara Kim              | 0.09368% | $2,721.39  |
| 313 | 35405 | Guiao Ronald L           | 0.04769% | $1,385.48  |
| 314 | 72101 | Guidara April            | 0.10558% | $3,067.13  |
| 315 | 49075 | Guillory Dwayne          | 0.11319% | $3,288.08  |
| 316 | 35099 | Guillory Kathleen C      | 0.03965% | $1,151.72  |
| 317 | 73630 | Gumenyuk Yaroslav        | 0.12008% | $3,488.25  |
| 318 | 25677 | Guzelkucuk Sema          | 0.09137% | $2,654.38  |
| 319 | 25693 | Guzman Rodolfo           | 0.03266% | $948.85    |
| 320 | 35182 | Ha Jonathan              | 0.13575% | $3,943.60  |
| 321 | 29983 | Hackney Kenneth S        | 0.11624% | $3,376.72  |
| 322 | 7277  | Hadeed Youssef           | 0.10079% | $2,928.06  |
| 323 | 70905 | Hall Shilah Christy      | 0.11396% | $3,310.54  |
| 324 | 35341 | Hamblin Catherine S      | 0.10068% | $2,924.75  |
| 325 | 34419 | Hamel Sr Jeffrey M       | 0.00645% | $187.47    |
| 326 | 76627 | Han Xiao                 | 0.08877% | $2,578.67  |
| 327 | 8802  | Hanley David V           | 0.11974% | $3,478.38  |
| 328 | 23941 | Haro George L            | 0.13545% | $3,934.78  |
| 329 | 22960 | Harper Charles M         | 0.12622% | $3,666.67  |
| 330 | 7349  | Hart Jr Richard N        | 0.11143% | $3,237.07  |
| 331 | 62348 | Hartman Hilda Monica     | 0.10185% | $2,958.73  |
| 332 | 64742 | He Jason Junsong         | 0.06461% | $1,876.87  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A | B | C | D |
|-----|-----|-----|-----|-----|
| 333 | 64658 | He Qinli | 0.07574% | $2,200.13 |
| 334 | 24913 | Hebte Helen | 0.11746% | $3,412.16 |
| 335 | 9017 | Hefner Gloria C | 0.10047% | $2,918.71 |
| 336 | 36534 | Hendrix Suzy Y | 0.00916% | $265.98 |
| 337 | 29945 | Heon Chong S | 0.12665% | $3,679.08 |
| 338 | 76108 | Heredia Villanueva Claud | 0.11235% | $3,263.63 |
| 339 | 4661 | Herman Courtney E | 0.09895% | $2,874.49 |
| 340 | 36681 | Hill John P | 0.04294% | $1,247.48 |
| 341 | 8851 | Hill Lili A | 0.04391% | $1,275.71 |
| 342 | 8483 | Hillers William A | 0.08348% | $2,425.18 |
| 343 | 85764 | Hills Gil | 0.11017% | $3,200.36 |
| 344 | 4252 | Hinh Garry | 0.07800% | $2,265.77 |
| 345 | 34571 | Hinojosa Snjezana | 0.10733% | $3,117.89 |
| 346 | 7721 | Ho Charly X | 0.11448% | $3,325.51 |
| 347 | 8959 | Ho Nancy | 0.06172% | $1,793.07 |
| 348 | 83301 | Hoang Johnny | 0.04437% | $1,288.94 |
| 349 | 35186 | Hoffman Jeff C | 0.13273% | $3,855.76 |
| 350 | 62406 | Holden Jamie Elizabeth | 0.08393% | $2,438.05 |
| 351 | 64602 | Holland Ma Andrea Sango | 0.11604% | $3,370.97 |
| 352 | 9527 | Hollowell Britt L | 0.10074% | $2,926.52 |
| 353 | 9251 | Holton Sandra P | 0.09434% | $2,740.52 |
| 354 | 30182 | Horita Myong C | 0.13673% | $3,972.09 |
| 355 | 7368 | Horwitz Michael Isadore | 0.09099% | $2,643.17 |
| 356 | 61915 | Hotaki Aziza Malal | 0.11693% | $3,396.86 |
| 357 | 36352 | Hou Danny C | 0.03570% | $1,036.99 |
| 358 | 82946 | Hou Siying | 0.11621% | $3,375.84 |
| 359 | 92484 | Hou Yijun | 0.01346% | $390.90 |
| 360 | 67254 | Hou Yuzhi | 0.11514% | $3,344.96 |
| 361 | 84944 | Hristova Temenuga Zhivk | 0.09193% | $2,670.57 |
| 362 | 76293 | Hsia Emily | 0.07855% | $2,281.77 |
| 363 | 92366 | Hsieh Yating | 0.00688% | $199.96 |
| 364 | 9618 | Hsu Jim C | 0.12067% | $3,505.36 |
| 365 | 23682 | Hsu Joyce | 0.13161% | $3,823.38 |
| 366 | 36949 | Huang Cindy O | 0.11747% | $3,412.42 |
| 367 | 49122 | Huang Jinman | 0.11648% | $3,383.80 |
| 368 | 90150 | Huang Joyce Peiqin | 0.06115% | $1,776.54 |
| 369 | 14272 | Huang Leanne Y | 0.11331% | $3,291.52 |
| 370 | 49125 | Huang Ling Wei | 0.11541% | $3,352.62 |
| 371 | 29987 | Huang Nancy | 0.12565% | $3,650.07 |
| 372 | 21767 | Huang Yen M | 0.11933% | $3,466.62 |
| 373 | 34285 | Huang Zhihua E | 0.13047% | $3,790.10 |
| 374 | 4645 | Hubert Cameron B | 0.10750% | $3,123.01 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                       | C        | D          |
| --- | ----- | ----------------------- | -------- | ---------- |
| 375 | 74987 | Hughes Kena Tadesse     | 0.08819% | $2,562.03  |
| 376 | 6253  | Hui Lohelani Kahookele  | 0.10778% | $3,130.91  |
| 377 | 8096  | Humble Barbara J        | 0.11304% | $3,283.73  |
| 378 | 84926 | Hunt Matthew Scott      | 0.11024% | $3,202.47  |
| 379 | 6154  | Hupp Nicky R            | 0.10715% | $3,112.74  |
| 380 | 7145  | Hutchings Jill S        | 0.00790% | $229.58    |
| 381 | 8864  | Huynh John              | 0.11099% | $3,224.25  |
| 382 | 30008 | Huynh Nhung Thi         | 0.12216% | $3,548.68  |
| 383 | 49567 | Huynh Thao              | 0.11521% | $3,346.97  |
| 384 | 8064  | Hwang Shun Ling         | 0.04969% | $1,443.35  |
| 385 | 92336 | Hyun Hyesim             | 0.01815% | $527.15    |
| 386 | 73603 | Ikeda Cindy Tao         | 0.11343% | $3,295.28  |
| 387 | 35410 | Insixiengmai Viphakone  | 0.08257% | $2,398.68  |
| 388 | 4901  | Iorgulescu Adrian       | 0.11250% | $3,268.02  |
| 389 | 9361  | Iorgulescu Mihaela C    | 0.04426% | $1,285.84  |
| 390 | 21727 | Irvin Valarie A         | 0.13006% | $3,778.10  |
| 391 | 10213 | Jackson Joanne T        | 0.11871% | $3,448.38  |
| 392 | 53808 | Jackson Jr Herbert      | 0.04027% | $1,169.76  |
| 393 | 11166 | Jaeger Jeffrey A        | 0.09986% | $2,900.97  |
| 394 | 9961  | Jatico Roy L            | 0.11912% | $3,460.45  |
| 395 | 40078 | Jiang Jessica Q         | 0.11611% | $3,373.09  |
| 396 | 71179 | Jiang Jinhua            | 0.11273% | $3,274.68  |
| 397 | 10266 | Jiao Rao                | 0.09868% | $2,866.75  |
| 398 | 34492 | Jimenez Jr Oscar M      | 0.05761% | $1,673.55  |
| 399 | 69822 | Jimenez Wally           | 0.08662% | $2,516.30  |
| 400 | 63665 | Jing Meijia             | 0.08595% | $2,496.97  |
| 401 | 4749  | Johnson Kyong S         | 0.12008% | $3,488.38  |
| 402 | 8176  | Johonnot Thomas S       | 0.12056% | $3,502.17  |
| 403 | 23156 | Jokic Milica            | 0.11084% | $3,219.91  |
| 404 | 35285 | Jones Elvis L           | 0.07948% | $2,308.88  |
| 405 | 21741 | Jones Mai Anh           | 0.00654% | $190.09    |
| 406 | 27137 | Jones Marlon Y          | 0.11474% | $3,333.18  |
| 407 | 60188 | Jones Stephen Michael   | 0.11574% | $3,362.16  |
| 408 | 60347 | Jung Sun Yeun           | 0.10537% | $3,060.98  |
| 409 | 8297  | Kaphengst Judy Haruko   | 0.09939% | $2,887.40  |
| 410 | 4454  | Kastroll Kanie G        | 0.11821% | $3,433.91  |
| 411 | 4756  | Katzenberger Daniel P   | 0.11028% | $3,203.63  |
| 412 | 66625 | Keck Tasha Lynn         | 0.10573% | $3,071.39  |
| 413 | 64593 | Keldysheva Olga         | 0.12006% | $3,487.73  |
| 414 | 5017  | Kelley Babeth Marie     | 0.07661% | $2,225.45  |
| 415 | 10456 | Kelley John K           | 0.10030% | $2,913.70  |
| 416 | 34369 | Kellogg Joseph A        | 0.13747% | $3,993.52  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                        | C        | D         |
|-----|-------|--------------------------|----------|-----------|
| 417 | 9648  | Kelly Saakanoush         | 0.10526% | $3,057.81 |
| 418 | 82948 | Kenina Anna A            | 0.08595% | $2,496.91 |
| 419 | 50984 | Keomany Bouthda          | 0.11790% | $3,425.09 |
| 420 | 6726  | Kerbs Hope J             | 0.09886% | $2,871.84 |
| 421 | 34671 | Ketema Redate            | 0.09180% | $2,666.79 |
| 422 | 29691 | Ketterer Meng Yan        | 0.06785% | $1,971.14 |
| 423 | 62870 | Khemsar Samshrita        | 0.10863% | $3,155.79 |
| 424 | 71531 | Kidane Michael Woldeha   | 0.10155% | $2,950.08 |
| 425 | 83073 | Kieffer Amber A          | 0.07104% | $2,063.57 |
| 426 | 14311 | Killebrew Martha G       | 0.11565% | $3,359.63 |
| 427 | 36711 | Kim Alex Y               | 0.10981% | $3,189.86 |
| 428 | 34534 | Kim Eun K                | 0.10813% | $3,141.14 |
| 429 | 9420  | Kim Jin Y                | 0.11127% | $3,232.33 |
| 430 | 5556  | Kim Kayla                | 0.10255% | $2,979.14 |
| 431 | 9119  | Kim Kiong                | 0.11852% | $3,442.92 |
| 432 | 4539  | Kim Toan D               | 0.10680% | $3,102.52 |
| 433 | 61171 | Kim Tony Dong Hyun       | 0.07749% | $2,251.10 |
| 434 | 27171 | Kim Woo Chin             | 0.11305% | $3,284.23 |
| 435 | 8347  | Kim Yonghui J            | 0.11267% | $3,272.92 |
| 436 | 25696 | King Pheleance           | 0.11379% | $3,305.60 |
| 437 | 6155  | Kissman Michael P        | 0.11835% | $3,438.08 |
| 438 | 36905 | Kittipongdaja Supeecha   | 0.10317% | $2,997.14 |
| 439 | 36532 | Kline Emily V            | 0.00176% | $51.23    |
| 440 | 8650  | Kloos Christy A          | 0.09371% | $2,722.39 |
| 441 | 5950  | Knepper Brian M          | 0.11358% | $3,299.57 |
| 442 | 35416 | Ko Ki S                  | 0.11949% | $3,471.33 |
| 443 | 79773 | Kongmun Prangthip        | 0.11450% | $3,326.23 |
| 444 | 5087  | Koronik Saudia M         | 0.11463% | $3,330.13 |
| 445 | 35296 | Kounovsky Billy J        | 0.00889% | $258.36   |
| 446 | 89483 | Kovacevic Milos          | 0.08929% | $2,594.02 |
| 447 | 89591 | Koviak Ann Lynn          | 0.04874% | $1,415.86 |
| 448 | 78125 | Kozup Jessica L          | 0.01903% | $552.96   |
| 449 | 4413  | Kreml Jeannine N         | 0.09714% | $2,822.03 |
| 450 | 34494 | Kruegel Jason J          | 0.04269% | $1,240.24 |
| 451 | 60300 | Kubota Wade Masami       | 0.09305% | $2,703.12 |
| 452 | 86557 | Kumar Chandrabhanu       | 0.03406% | $989.33   |
| 453 | 35401 | Kung Alvin S             | 0.13981% | $4,061.50 |
| 454 | 9112  | Kwon Esther K            | 0.11968% | $3,476.65 |
| 455 | 86458 | Kwon Kong Moon           | 0.10617% | $3,084.21 |
| 456 | 49123 | Lam Cheng Man            | 0.11474% | $3,333.31 |
| 457 | 34295 | Lam Dung                 | 0.13353% | $3,879.02 |
| 458 | 25845 | Lam Duy P                | 0.13965% | $4,056.82 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                    | C        | D          |
|-----|-------|----------------------|----------|------------|
| 459 | 16615 | Lam Raymond Y        | 0.03123% | $907.31    |
| 460 | 21723 | Lam Sandy C          | 0.13726% | $3,987.38  |
| 461 | 49296 | Lambert Tina Helena  | 0.04223% | $1,226.79  |
| 462 | 8522  | Lambert Tina I       | 0.10985% | $3,191.04  |
| 463 | 9774  | Lambris John         | 0.11889% | $3,453.74  |
| 464 | 36673 | Laporta Joseph F     | 0.10942% | $3,178.56  |
| 465 | 61565 | Larrieu Alain Jacques| 0.11565% | $3,359.61  |
| 466 | 5369  | Larson Ronda L       | 0.09719% | $2,823.33  |
| 467 | 74338 | Lau Julie            | 0.08943% | $2,597.93  |
| 468 | 25692 | Lau Loretta L        | 0.11784% | $3,423.28  |
| 469 | 59613 | Lauret Isbert Armando| 0.10690% | $3,105.57  |
| 470 | 70693 | Lavigne John David   | 0.04102% | $1,191.60  |
| 471 | 6177  | Lay Elly S           | 0.10846% | $3,150.62  |
| 472 | 49101 | Le Hai C             | 0.13058% | $3,793.32  |
| 473 | 36701 | Le Hanh Chi T        | 0.11448% | $3,325.67  |
| 474 | 35219 | Le Nho X             | 0.11768% | $3,418.70  |
| 475 | 36964 | Le Nhu Q             | 0.11352% | $3,297.86  |
| 476 | 83838 | Le Nhung Thi         | 0.11021% | $3,201.52  |
| 477 | 36960 | Le Tan B             | 0.11236% | $3,264.07  |
| 478 | 49131 | Leavitt Kathryn B    | 0.12389% | $3,599.06  |
| 479 | 35810 | LeBeau Wayne R       | 0.12035% | $3,496.10  |
| 480 | 36692 | Leddy Donna A        | 0.14784% | $4,294.67  |
| 481 | 8161  | Lee Anita            | 0.10477% | $3,043.68  |
| 482 | 7734  | Lee Bokyu            | 0.11358% | $3,299.62  |
| 483 | 71570 | Lee Da Mi            | 0.10505% | $3,051.62  |
| 484 | 8622  | Lee Hei S            | 0.11102% | $3,225.15  |
| 485 | 22953 | Lee Hsiu T           | 0.12232% | $3,553.51  |
| 486 | 36977 | Lee Hyunsok          | 0.12154% | $3,530.67  |
| 487 | 9406  | Lee Jacky            | 0.10594% | $3,077.54  |
| 488 | 15488 | Lee Jade H           | 0.11482% | $3,335.58  |
| 489 | 34503 | Lee Jenny            | 0.13949% | $4,052.21  |
| 490 | 34293 | Lee Kelly S          | 0.03747% | $1,088.39  |
| 491 | 8565  | Lee Kenny            | 0.10909% | $3,169.04  |
| 492 | 9367  | Lee Sang Y           | 0.11675% | $3,391.69  |
| 493 | 35520 | Lee Sei J            | 0.11355% | $3,298.69  |
| 494 | 21738 | Lee Tai Kyung        | 0.11796% | $3,426.77  |
| 495 | 8257  | Lee Terri            | 0.10038% | $2,916.13  |
| 496 | 36768 | Lee Ting             | 0.11478% | $3,334.45  |
| 497 | 8878  | Lee Winston          | 0.11681% | $3,393.34  |
| 498 | 25707 | Lei Leila            | 0.11939% | $3,468.39  |
| 499 | 34427 | Lei Yuanyu S         | 0.12689% | $3,686.09  |
| 500 | 75510 | Leong Taylor K       | 0.08899% | $2,585.12  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                        | C        | D          |
|-----|-------|--------------------------|----------|------------|
| 501 | 34623 | Leung Franklin C         | 0.12609% | $3,662.95  |
| 502 | 35196 | Leung Joyce Y            | 0.09543% | $2,772.17  |
| 503 | 27145 | Leung Pei G              | 0.13612% | $3,954.30  |
| 504 | 8178  | Li Dan                   | 0.11792% | $3,425.62  |
| 505 | 71666 | Li De Jian               | 0.12145% | $3,528.21  |
| 506 | 49076 | Li Jiemin                | 0.10741% | $3,120.36  |
| 507 | 23524 | Li Jinyuan               | 0.13648% | $3,964.61  |
| 508 | 92524 | Li Lin                   | 0.01411% | $409.76    |
| 509 | 62517 | Li Ying Hua              | 0.07455% | $2,165.80  |
| 510 | 62176 | Li Ying Wa               | 0.10909% | $3,169.01  |
| 511 | 50873 | Liang Eileen Zheng       | 0.08647% | $2,512.09  |
| 512 | 6990  | Liang Jia Zhu            | 0.10504% | $3,051.29  |
| 513 | 90461 | Liang Lan Fang           | 0.00790% | $229.47    |
| 514 | 70891 | Liang Yun                | 0.11298% | $3,282.08  |
| 515 | 39058 | Liang Yung               | 0.05995% | $1,741.60  |
| 516 | 71387 | Lieu Phuong              | 0.11521% | $3,346.93  |
| 517 | 21691 | Lightford Cheryl S       | 0.12738% | $3,700.39  |
| 518 | 8167  | Lim Karen                | 0.12049% | $3,500.28  |
| 519 | 25678 | Lim Roger                | 0.06475% | $1,881.03  |
| 520 | 83131 | Lin Qiaoyan              | 0.11946% | $3,470.34  |
| 521 | 88633 | Lin Xing                 | 0.07388% | $2,146.10  |
| 522 | 49169 | Lingbloom Duangporn      | 0.10927% | $3,174.17  |
| 523 | 74608 | Liosi Catherine Marie    | 0.11706% | $3,400.69  |
| 524 | 85881 | Lisojo Lisboa Benjamin   | 0.07287% | $2,116.81  |
| 525 | 49176 | List John J              | 0.02822% | $819.91    |
| 526 | 8509  | Liu Chunxia              | 0.10095% | $2,932.51  |
| 527 | 27173 | Liu Michelle Yan         | 0.10478% | $3,043.93  |
| 528 | 29852 | Liu Suifen               | 0.12375% | $3,595.08  |
| 529 | 7261  | Liu Yan J                | 0.11579% | $3,363.71  |
| 530 | 29950 | Lo Wei Hong              | 0.13562% | $3,939.75  |
| 531 | 11010 | Lody Jr Charles E        | 0.09502% | $2,760.38  |
| 532 | 36806 | Long May                 | 0.11031% | $3,204.49  |
| 533 | 8502  | Louie Jocelyn S          | 0.11811% | $3,431.02  |
| 534 | 10114 | Lovrince Jeannine R      | 0.11503% | $3,341.69  |
| 535 | 8568  | Lowrey Mary E            | 0.10511% | $3,053.36  |
| 536 | 69309 | Lu Ping                  | 0.10121% | $2,940.03  |
| 537 | 9949  | Lubarsky Jen Fen         | 0.12035% | $3,496.19  |
| 538 | 34899 | Lubrano Gina C           | 0.11204% | $3,254.83  |
| 539 | 23684 | Ludwick Steve E          | 0.13569% | $3,941.76  |
| 540 | 27134 | Luk Yang                 | 0.12419% | $3,607.58  |
| 541 | 7359  | Luna Sheileen M          | 0.07604% | $2,209.09  |
| 542 | 8927  | Luna William F           | 0.01439% | $417.93    |

Exhibit "A" - Tang Claimants and Claim Amounts

|  | A | B | C | D |
|---|---|---|---|---|
| 543 | 49181 | Luo Xing Ping | 0.11125% | $3,231.93 |
| 544 | 21696 | Luo Zhi Hong | 0.11939% | $3,468.21 |
| 545 | 35581 | Luong Hinh | 0.12648% | $3,674.26 |
| 546 | 78014 | Luong Kelley | 0.11117% | $3,229.48 |
| 547 | 8872 | Luu Phuong L | 0.11000% | $3,195.47 |
| 548 | 74310 | Ly Ann Chan | 0.10297% | $2,991.36 |
| 549 | 35299 | Macaspac Norma G | 0.12516% | $3,635.88 |
| 550 | 49152 | Mach Michele | 0.11907% | $3,458.89 |
| 551 | 6583 | Maestas Freddy M | 0.11582% | $3,364.70 |
| 552 | 60937 | Mai-Ren Diana Shao | 0.00831% | $241.40 |
| 553 | 23499 | Maniscalco Joseph A | 0.11932% | $3,466.30 |
| 554 | 9275 | Manning Billy J | 0.11186% | $3,249.65 |
| 555 | 8234 | Manzi Chris A | 0.07659% | $2,225.05 |
| 556 | 66912 | Maralit William DeChavez | 0.09236% | $2,683.12 |
| 557 | 77304 | Marrero Mangual Camille | 0.10130% | $2,942.82 |
| 558 | 4235 | Martin David L | 0.09239% | $2,683.98 |
| 559 | 10138 | Martin Delia D | 0.11731% | $3,407.91 |
| 560 | 36493 | Martin Timothy L | 0.09551% | $2,774.43 |
| 561 | 6623 | Martinez Maria Veronica | 0.05083% | $1,476.68 |
| 562 | 80577 | Martinez Melissa | 0.09553% | $2,775.02 |
| 563 | 35307 | Mason Joseph R | 0.11312% | $3,286.21 |
| 564 | 8138 | Mason Mary K | 0.09193% | $2,670.42 |
| 565 | 16613 | Matteucci Thomas A | 0.08914% | $2,589.61 |
| 566 | 71317 | Matthews Andre Luis | 0.08825% | $2,563.80 |
| 567 | 76034 | Mattio Carrie Ann | 0.10623% | $3,086.04 |
| 568 | 9962 | Mauro Claudio | 0.11160% | $3,242.08 |
| 569 | 21629 | Mawanay Steve A | 0.12522% | $3,637.70 |
| 570 | 21693 | McAnallen Uyen K | 0.12427% | $3,610.15 |
| 571 | 8180 | McCall Kenneth E | 0.09965% | $2,894.82 |
| 572 | 21773 | McCall Zinash A | 0.07545% | $2,191.81 |
| 573 | 10129 | Mccracken Darrell D | 0.10963% | $3,184.79 |
| 574 | 49174 | McDowell Janice | 0.09194% | $2,670.79 |
| 575 | 5815 | Mcewan Laura | 0.10700% | $3,108.21 |
| 576 | 10267 | Mckenzie Tramel G | 0.10716% | $3,113.02 |
| 577 | 10218 | Meacham Marcus R | 0.11832% | $3,437.30 |
| 578 | 66583 | Measho Biniam Teame | 0.09911% | $2,879.04 |
| 579 | 85933 | Medina Geraldine Ivonne | 0.09508% | $2,762.10 |
| 580 | 61959 | Medina Toni Rattana | 0.09838% | $2,857.92 |
| 581 | 23497 | Meeke Pamela A | 0.12251% | $3,558.97 |
| 582 | 10187 | Melchionne Marianne Ma | 0.11520% | $3,346.59 |
| 583 | 61958 | Melgar Anndy A | 0.10308% | $2,994.36 |
| 584 | 67501 | Mendez Franklin | 0.10790% | $3,134.61 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                       | C        | D          |
|-----|-------|-------------------------|----------|------------|
| 585 | 85526 | Meng Fanli              | 0.11625% | $3,376.96  |
| 586 | 88880 | Meoli Michael Anthony   | 0.10520% | $3,056.10  |
| 587 | 71050 | Mergen Gozdem           | 0.10052% | $2,920.05  |
| 588 | 7665  | Messol William          | 0.11608% | $3,372.07  |
| 589 | 34867 | Miguel Harry Joe R      | 0.07552% | $2,193.85  |
| 590 | 36810 | Mihai Mihaela           | 0.12357% | $3,589.84  |
| 591 | 5023  | Miller Jeffrey M        | 0.11739% | $3,410.13  |
| 592 | 88743 | Miller Kyle Alexander   | 0.06343% | $1,842.61  |
| 593 | 36709 | Mirabelli Donna L       | 0.05039% | $1,463.89  |
| 594 | 49165 | Mirica Mary             | 0.03334% | $968.43    |
| 595 | 64326 | Misca Andreas           | 0.11387% | $3,308.01  |
| 596 | 88313 | Montazeri Elham         | 0.10586% | $3,075.24  |
| 597 | 8549  | Montenegro Irma         | 0.08908% | $2,587.85  |
| 598 | 49688 | Moore Dennis            | 0.03998% | $1,161.45  |
| 599 | 8172  | Moore Derek F           | 0.10752% | $3,123.55  |
| 600 | 4584  | Moore Holly L           | 0.10479% | $3,044.07  |
| 601 | 29952 | Morales Perez Osmany    | 0.11182% | $3,248.48  |
| 602 | 34699 | Morgan David E          | 0.10144% | $2,946.97  |
| 603 | 34596 | Morishita Cassandra K   | 0.03747% | $1,088.42  |
| 604 | 77350 | Morris Evie Joe         | 0.12008% | $3,488.25  |
| 605 | 13047 | Morrison John           | 0.03969% | $1,153.11  |
| 606 | 7711  | Moss Michael R          | 0.11277% | $3,275.99  |
| 607 | 24889 | Moss Myung J            | 0.13905% | $4,039.38  |
| 608 | 34547 | Munoz Gerry M           | 0.10499% | $3,049.97  |
| 609 | 19990 | Munoz Verna D           | 0.10165% | $2,953.00  |
| 610 | 11101 | Murphy Karen Anne       | 0.02880% | $836.75    |
| 611 | 5662  | Murray Shaffner Kelly An| 0.10248% | $2,977.03  |
| 612 | 9600  | Mussa Maria L           | 0.11589% | $3,366.48  |
| 613 | 7871  | Myers David C           | 0.11479% | $3,334.72  |
| 614 | 26366 | Myrick David B          | 0.12875% | $3,740.31  |
| 615 | 39080 | Nabit Donald Allen      | 0.07020% | $2,039.32  |
| 616 | 86555 | Nabua Milanie Bueno     | 0.08968% | $2,605.27  |
| 617 | 6689  | Nanao Vivian            | 0.12003% | $3,486.82  |
| 618 | 21694 | Nance Sylvester L       | 0.02892% | $840.20    |
| 619 | 21717 | Napoli Alphonso C       | 0.13313% | $3,867.41  |
| 620 | 34287 | Nasseri Ferozan         | 0.12508% | $3,633.57  |
| 621 | 9936  | Nazareno Gina T         | 0.08205% | $2,383.55  |
| 622 | 34495 | Nebab Eva Mina          | 0.09475% | $2,752.40  |
| 623 | 4493  | Negash Mestawet T       | 0.08347% | $2,424.74  |
| 624 | 62250 | Nehls Jeannette Wan     | 0.03508% | $1,019.06  |
| 625 | 25740 | Neighbors Brian R       | 0.06488% | $1,884.63  |
| 626 | 35561 | Nelson Maria Luisa B    | 0.11210% | $3,256.41  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                        | C        | D          |
|-----|-------|--------------------------|----------|------------|
| 627 | 34328 | Newton Andrew P          | 0.09114% | $2,647.75  |
| 628 | 5428  | Ng Rebecca Y             | 0.09762% | $2,835.86  |
| 629 | 49355 | Ngo Chung                | 0.11895% | $3,455.46  |
| 630 | 25688 | Ngo Mong Trinh           | 0.12933% | $3,757.16  |
| 631 | 36823 | Nguyen Benson T          | 0.11777% | $3,421.18  |
| 632 | 34538 | Nguyen Cindy G           | 0.11076% | $3,217.71  |
| 633 | 8546  | Nguyen Helen             | 0.09272% | $2,693.38  |
| 634 | 5840  | Nguyen Henri             | 0.09070% | $2,634.72  |
| 635 | 23808 | Nguyen Hung N            | 0.11855% | $3,443.98  |
| 636 | 29925 | Nguyen Ken               | 0.13961% | $4,055.57  |
| 637 | 8868  | Nguyen Khiem T           | 0.11476% | $3,333.66  |
| 638 | 34841 | Nguyen Myhanh T          | 0.02924% | $849.51    |
| 639 | 63664 | Nguyen Peter Tran        | 0.05096% | $1,480.50  |
| 640 | 50753 | Nguyen Phuong            | 0.09085% | $2,639.21  |
| 641 | 4416  | Nguyen Shu               | 0.10899% | $3,166.21  |
| 642 | 49078 | Nguyen Son               | 0.11506% | $3,342.45  |
| 643 | 49564 | Nguyen Steve H           | 0.09367% | $2,721.21  |
| 644 | 49130 | Nguyen Thuhang           | 0.11474% | $3,333.24  |
| 645 | 60301 | Nguyen Trung Duc         | 0.09125% | $2,650.67  |
| 646 | 70489 | Nguyen Tuan Ngoc         | 0.11890% | $3,453.91  |
| 647 | 5096  | Nguyen Xuanthu T         | 0.11716% | $3,403.59  |
| 648 | 75497 | Nia Naz                  | 0.12649% | $3,674.44  |
| 649 | 8653  | Nilat Chanida            | 0.10918% | $3,171.76  |
| 650 | 9337  | Norman Christopher S     | 0.10552% | $3,065.27  |
| 651 | 27686 | Norman Cindy G           | 0.12396% | $3,601.11  |
| 652 | 26350 | Nuas Adam D              | 0.13254% | $3,850.35  |
| 653 | 15475 | Oak Julissa              | 0.11800% | $3,427.84  |
| 654 | 89800 | Ochoa Couso Yanelys      | 0.07376% | $2,142.87  |
| 655 | 6554  | Odo Randy Y              | 0.11483% | $3,335.91  |
| 656 | 67402 | O'Donovan Lynn Christine | 0.11417% | $3,316.63  |
| 657 | 8951  | Oguma Ho Yong            | 0.07418% | $2,154.84  |
| 658 | 27133 | Okbazion Yonatan G       | 0.12251% | $3,558.92  |
| 659 | 9676  | Olaivar Noemi B          | 0.11350% | $3,297.16  |
| 660 | 21721 | Olivas Rodolfo E         | 0.13424% | $3,899.53  |
| 661 | 36721 | Olmo Jane E              | 0.11601% | $3,370.23  |
| 662 | 8545  | Olson Corey J            | 0.11422% | $3,318.08  |
| 663 | 36809 | Overcast Jr Lewis D      | 0.06069% | $1,763.03  |
| 664 | 62007 | Owens Matthew Morris     | 0.12113% | $3,518.83  |
| 665 | 50770 | Pacpaco Kevin            | 0.04299% | $1,248.95  |
| 666 | 34434 | Padilla Maria V          | 0.11427% | $3,319.47  |
| 667 | 35111 | Padir Sertac             | 0.04614% | $1,340.41  |
| 668 | 23160 | Padron Sandro            | 0.13520% | $3,927.57  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                          | C        | D          |
|-----|-------|----------------------------|----------|------------|
| 669 | 80576 | Paiz Olivia Patrice        | 0.10368% | $3,012.03  |
| 670 | 34366 | Palmaira Ric S             | 0.14562% | $4,230.25  |
| 671 | 9733  | Palmer Bobby W             | 0.04535% | $1,317.34  |
| 672 | 35312 | Palmer Ebru A              | 0.10963% | $3,184.74  |
| 673 | 66744 | Pan Hong da                | 0.11762% | $3,416.85  |
| 674 | 87085 | Pan MinChang               | 0.10096% | $2,932.82  |
| 675 | 8166  | Parente William Orlando    | 0.05463% | $1,586.99  |
| 676 | 71576 | Park Yoojung               | 0.09563% | $2,777.96  |
| 677 | 9281  | Pascual Siden H            | 0.11175% | $3,246.41  |
| 678 | 64653 | Pastrana Vanessa Opalo     | 0.08373% | $2,432.28  |
| 679 | 4452  | Payanouvong Nang K         | 0.11173% | $3,245.76  |
| 680 | 36035 | Payne John M               | 0.08613% | $2,501.93  |
| 681 | 9498  | Pena Caban Marina          | 0.11612% | $3,373.40  |
| 682 | 60525 | Pena De Crockett Nurys     | 0.11794% | $3,426.17  |
| 683 | 34362 | Peng Kitty Rui Xia         | 0.11547% | $3,354.41  |
| 684 | 71348 | Perekhoda Liliana Alexevi  | 0.10670% | $3,099.68  |
| 685 | 8932  | Perez Ramon I              | 0.10078% | $2,927.60  |
| 686 | 64612 | Perez Rodolfo              | 0.11284% | $3,278.12  |
| 687 | 85547 | Peron Alan                 | 0.09767% | $2,837.21  |
| 688 | 9489  | Perri Nicholas J           | 0.11629% | $3,378.25  |
| 689 | 21686 | Perry Richard D            | 0.12677% | $3,682.79  |
| 690 | 63807 | Petrakos Melissa Danielle  | 0.04949% | $1,437.82  |
| 691 | 10257 | Petty Marlene              | 0.10516% | $3,054.79  |
| 692 | 49127 | Phan Kim                   | 0.11762% | $3,416.87  |
| 693 | 5926  | Phetdaovieng Nikone        | 0.11510% | $3,343.60  |
| 694 | 35197 | Phetdaovieng Somphone      | 0.11369% | $3,302.83  |
| 695 | 8493  | Phetdaovieng Soukie        | 0.03994% | $1,160.34  |
| 696 | 34276 | Phipps Peter W             | 0.12404% | $3,603.48  |
| 697 | 92178 | Pili John Ryan Bretana     | 0.01890% | $549.08    |
| 698 | 88159 | Pillay Sudayvan            | 0.09147% | $2,657.08  |
| 699 | 63166 | Pinar Yardlie Adela        | 0.10354% | $3,007.74  |
| 700 | 59615 | Placeres Walter            | 0.09813% | $2,850.62  |
| 701 | 9145  | Plourde Danny L            | 0.09810% | $2,849.85  |
| 702 | 9122  | Pochiro Jennifer K         | 0.10261% | $2,980.83  |
| 703 | 9601  | Pocras Samuel H            | 0.00479% | $139.12    |
| 704 | 4991  | Pontrelli Tom              | 0.10538% | $3,061.41  |
| 705 | 7057  | Poon Juneau M              | 0.11517% | $3,345.61  |
| 706 | 34872 | Porter-Thomas Sellina M    | 0.09311% | $2,704.79  |
| 707 | 61566 | Postirnac Ana Maria        | 0.03545% | $1,029.71  |
| 708 | 6904  | Powell Unchu               | 0.10254% | $2,978.86  |
| 709 | 6758  | Praus Michelle K           | 0.05507% | $1,599.67  |
| 710 | 14273 | Premvaree Nakorn           | 0.11644% | $3,382.49  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A | B | C | D |
|-----|-------|--------------------------|----------|------------|
| 711 | 62405 | Price Laura | 0.10471% | $3,041.69 |
| 712 | 67064 | Price Lavone Carrie | 0.09814% | $2,850.86 |
| 713 | 49015 | Provenzano Jr James A | 0.11993% | $3,483.99 |
| 714 | 10616 | Pu Martha A | 0.11742% | $3,411.03 |
| 715 | 64103 | Pu Vonn | 0.12194% | $3,542.39 |
| 716 | 67041 | Pudar Vesna | 0.11642% | $3,382.08 |
| 717 | 8171 | Puentes Fermin | 0.11531% | $3,349.80 |
| 718 | 50775 | Pujaz Natasa | 0.05236% | $1,520.95 |
| 719 | 76145 | Qian Cheryl D | 0.12064% | $3,504.58 |
| 720 | 34695 | Qian-galarotti Jing | 0.09036% | $2,625.00 |
| 721 | 28130 | Quirk Jason P | 0.09067% | $2,633.97 |
| 722 | 34515 | Rabago Kesalin S | 0.09527% | $2,767.54 |
| 723 | 34409 | Race Courtney K | 0.10753% | $3,123.86 |
| 724 | 10272 | Radan Kimberly A | 0.05367% | $1,559.20 |
| 725 | 36972 | Radnic Mia Mirjana | 0.09150% | $2,658.12 |
| 726 | 49124 | Raftery Michael T | 0.07855% | $2,281.89 |
| 727 | 62507 | Ramis Allan Balute | 0.11594% | $3,367.94 |
| 728 | 5255 | Ramos Holly M | 0.09478% | $2,753.40 |
| 729 | 34618 | Ranallo Michael D | 0.07212% | $2,094.95 |
| 730 | 34292 | Randall Jeffrey D | 0.11971% | $3,477.58 |
| 731 | 9991 | Randall Lisa A | 0.03303% | $959.63 |
| 732 | 85874 | Rasamee Ranee Crook | 0.08210% | $2,385.14 |
| 733 | 34303 | Ratanametee Manilak | 0.13041% | $3,788.37 |
| 734 | 10630 | Reese Stella B | 0.13826% | $4,016.34 |
| 735 | 25687 | Reeves Christopher W | 0.10695% | $3,106.98 |
| 736 | 5853 | Regos Andrew | 0.11761% | $3,416.70 |
| 737 | 4227 | Reiner Carla M | 0.11664% | $3,388.52 |
| 738 | 86781 | Reitz Ashley Christine | 0.10221% | $2,969.11 |
| 739 | 83074 | Ren Cheng Yan | 0.11197% | $3,252.84 |
| 740 | 67835 | Reynolds Michael James | 0.07903% | $2,295.89 |
| 741 | 21720 | Richardson Brenda L | 0.12316% | $3,577.75 |
| 742 | 4165 | Richichi Salvatore J | 0.04976% | $1,445.41 |
| 743 | 7752 | Ritchie Cam D | 0.11318% | $3,287.73 |
| 744 | 26313 | Ritchie Xu | 0.09973% | $2,897.18 |
| 745 | 36822 | Roach Anthony S | 0.10334% | $3,001.99 |
| 746 | 9374 | Robertson Carol M | 0.11384% | $3,307.12 |
| 747 | 8916 | Robinson Laura J | 0.11771% | $3,419.52 |
| 748 | 34465 | Rodman Roxanne M | 0.10800% | $3,137.40 |
| 749 | 65963 | Rodriguez Hernandez Der | 0.03516% | $1,021.30 |
| 750 | 74652 | Rodriguez Jr Raymond | 0.09408% | $2,733.00 |
| 751 | 85972 | Rodriguez Remon Legna | 0.10890% | $3,163.63 |
| 752 | 34602 | Rodriguez Tatiana N | 0.12644% | $3,673.03 |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                        | C        | D          |
|-----|-------|--------------------------|----------|------------|
| 753 | 86374 | Rodriguez-Quinones Abig  | 0.07839% | $2,277.12  |
| 754 | 4246  | Rodsawahng Sandy C       | 0.10300% | $2,992.10  |
| 755 | 8169  | Roh Jehee                | 0.11371% | $3,303.16  |
| 756 | 27130 | Roh Sung                 | 0.08611% | $2,501.43  |
| 757 | 26720 | Rojas Armando D          | 0.03378% | $981.28    |
| 758 | 34526 | Rosenbaum Craig M        | 0.05391% | $1,565.98  |
| 759 | 64604 | Rosenberg Jeffrey Michae | 0.01583% | $459.91    |
| 760 | 36675 | Ross Michelle K          | 0.11930% | $3,465.56  |
| 761 | 26312 | Rossi Kelli M            | 0.12392% | $3,599.88  |
| 762 | 9273  | Rothman Daniel A         | 0.10947% | $3,180.06  |
| 763 | 60399 | Roxas Casey Abagat       | 0.11445% | $3,324.64  |
| 764 | 75040 | Rozniece Oksana          | 0.10601% | $3,079.68  |
| 765 | 35191 | Ruffy Pavinda S          | 0.10465% | $3,039.96  |
| 766 | 8706  | Ruiter Cindi L           | 0.11422% | $3,318.13  |
| 767 | 4398  | Rutecki Jeffrey J        | 0.08313% | $2,415.06  |
| 768 | 35192 | Ryan Beata E             | 0.11343% | $3,295.19  |
| 769 | 36906 | Sabaghanvari Jean Paul   | 0.12113% | $3,518.88  |
| 770 | 25689 | Sachs Grace J            | 0.10458% | $3,038.15  |
| 771 | 9138  | Sackin David A           | 0.10070% | $2,925.42  |
| 772 | 36714 | Salamoun Shadi S         | 0.12828% | $3,726.65  |
| 773 | 34282 | Sama Carlos E            | 0.02178% | $632.60    |
| 774 | 92492 | Sambath Sopeaktra        | 0.01072% | $311.55    |
| 775 | 61319 | Sampson Ae Joung         | 0.10014% | $2,909.20  |
| 776 | 9360  | Sandoval Yaneth          | 0.11046% | $3,208.90  |
| 777 | 35959 | Sands Brian S            | 0.09644% | $2,801.52  |
| 778 | 22889 | Santos Jr Jaime D        | 0.12813% | $3,722.03  |
| 779 | 7737  | Santos Marites L         | 0.10387% | $3,017.47  |
| 780 | 7884  | Santos Rachel N          | 0.11543% | $3,353.19  |
| 781 | 9608  | Saowan Jarunee S         | 0.10023% | $2,911.63  |
| 782 | 7017  | Sarabia Leticia          | 0.10802% | $3,138.00  |
| 783 | 74193 | Sarabia Maria A          | 0.10905% | $3,168.01  |
| 784 | 25708 | Sax Charles A            | 0.12600% | $3,660.38  |
| 785 | 80350 | Scaringe David Joseph    | 0.10256% | $2,979.36  |
| 786 | 34703 | Schwartz Cecilia A       | 0.09775% | $2,839.55  |
| 787 | 34846 | Schwartz Jonathan J      | 0.11108% | $3,226.92  |
| 788 | 4806  | Scott Charan             | 0.08479% | $2,463.27  |
| 789 | 90975 | Sefer Torres Maria P     | 0.03484% | $1,012.10  |
| 790 | 9775  | Sell Abegaille L         | 0.10903% | $3,167.35  |
| 791 | 4529  | Sellers Richard D        | 0.11710% | $3,401.72  |
| 792 | 86520 | Septelici Viorel         | 0.07988% | $2,320.49  |
| 793 | 29948 | Shabanava Natallia       | 0.12281% | $3,567.64  |
| 794 | 88297 | Shakoori Nasim           | 0.11150% | $3,239.02  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                            | C        | D         |
|-----|-------|------------------------------|----------|-----------|
| 795 | 8873  | Sharp John D                 | 0.10979% | $3,189.43 |
| 796 | 9765  | Shen Xiangqun                | 0.10941% | $3,178.45 |
| 797 | 8149  | Shiferaw Gobena              | 0.11700% | $3,398.96 |
| 798 | 70239 | Shih Vivian                  | 0.10071% | $2,925.49 |
| 799 | 36513 | Shin Keum Hee                | 0.10877% | $3,159.82 |
| 800 | 8491  | Shin Young S                 | 0.11866% | $3,446.95 |
| 801 | 5377  | Shu Pamela Y                 | 0.07792% | $2,263.72 |
| 802 | 84928 | Shullo Amy Lorraine          | 0.11195% | $3,252.22 |
| 803 | 76564 | Shvets Victoria              | 0.09092% | $2,641.21 |
| 804 | 23800 | Silim Ty                     | 0.13181% | $3,829.16 |
| 805 | 14163 | Silvas Jr Hector J           | 0.10024% | $2,911.95 |
| 806 | 18647 | Sim Byung R                  | 0.11030% | $3,204.14 |
| 807 | 29720 | Singer Billye                | 0.12083% | $3,510.06 |
| 808 | 77487 | Siraphaiboon Phanida         | 0.10444% | $3,033.87 |
| 809 | 83112 | Sires Campos Carlos          | 0.08564% | $2,487.86 |
| 810 | 70454 | Sisowath Sonia               | 0.08587% | $2,494.54 |
| 811 | 34603 | Sith Charlie                 | 0.11453% | $3,327.14 |
| 812 | 90871 | Sith Karena Ann              | 0.03812% | $1,107.45 |
| 813 | 51016 | Siu Chung Kit                | 0.10762% | $3,126.22 |
| 814 | 74363 | Slepsky Joshua Anthony       | 0.10254% | $2,978.79 |
| 815 | 8097  | Smiley Gary A                | 0.11431% | $3,320.74 |
| 816 | 34638 | Smith Eric Scott             | 0.10622% | $3,085.61 |
| 817 | 86556 | Smith Heather Danielle       | 0.10414% | $3,025.38 |
| 818 | 35286 | Smith Monica                 | 0.09736% | $2,828.37 |
| 819 | 86582 | Smith Reiko                  | 0.10781% | $3,131.75 |
| 820 | 23740 | Smith Villarosa P            | 0.12403% | $3,602.94 |
| 821 | 86020 | Snitzel Eric Raymond         | 0.01402% | $407.40   |
| 822 | 85707 | Soberano Jeffrey Allen Ga    | 0.10914% | $3,170.62 |
| 823 | 87384 | Soderberg Sam J              | 0.05418% | $1,573.90 |
| 824 | 35292 | Solano Enrique A             | 0.11974% | $3,478.45 |
| 825 | 3893  | Soleski Maria Lourdes A      | 0.03812% | $1,107.31 |
| 826 | 6581  | Solorzano Miguel             | 0.10417% | $3,026.27 |
| 827 | 35045 | Somers Jennifer L            | 0.10765% | $3,127.32 |
| 828 | 77572 | Somsanith Chanda             | 0.10343% | $3,004.58 |
| 829 | 92257 | Somsanith Nathan Keith       | 0.01246% | $362.09   |
| 830 | 87230 | Song Cassandra Ellano        | 0.10427% | $3,029.11 |
| 831 | 34487 | Song Roderfida B             | 0.14075% | $4,088.82 |
| 832 | 9155  | Songprasit Thawatchai        | 0.12073% | $3,507.11 |
| 833 | 65804 | Sora Marius Ovidiu           | 0.11791% | $3,425.43 |
| 834 | 36080 | Sosna Thomas A               | 0.12110% | $3,517.85 |
| 835 | 6635  | Spotti Bettyjo               | 0.06785% | $1,971.05 |
| 836 | 8208  | Sprenkel Jamie L             | 0.06718% | $1,951.49 |

|     | A     | B                    | C        | D          |
|-----|-------|----------------------|----------|------------|
| 837 | 49112 | Sri Boramy           | 0.13097% | $3,804.57  |
| 838 | 4324  | Staana Primo S       | 0.10414% | $3,025.33  |
| 839 | 11888 | Starks Jacinta L     | 0.08992% | $2,612.07  |
| 840 | 35951 | Starr Katy M         | 0.02410% | $700.06    |
| 841 | 5092  | Steffon Paul G       | 0.11343% | $3,295.24  |
| 842 | 34398 | Stepanian Daniel P   | 0.03766% | $1,093.94  |
| 843 | 27708 | Stratford Stephen    | 0.10343% | $3,004.74  |
| 844 | 19369 | Stybel Martin        | 0.08761% | $2,544.94  |
| 845 | 8484  | Sun Hong             | 0.11889% | $3,453.82  |
| 846 | 4992  | Sun Maiya H          | 0.11796% | $3,426.73  |
| 847 | 59957 | Suriano Mark Allen   | 0.09466% | $2,749.99  |
| 848 | 26390 | Surmen Lerzan        | 0.12465% | $3,621.02  |
| 849 | 26386 | Surmen Lutfi M       | 0.09611% | $2,791.92  |
| 850 | 21695 | Swain Emma           | 0.04965% | $1,442.22  |
| 851 | 34344 | Sydney-Smith Jessica | 0.05259% | $1,527.65  |
| 852 | 9505  | Szekely Ronald J     | 0.09092% | $2,641.33  |
| 853 | 65421 | Tan Li Fang          | 0.11702% | $3,399.33  |
| 854 | 86022 | Tan Qiaoyi           | 0.10282% | $2,987.04  |
| 855 | 34341 | Tan Weida            | 0.11644% | $3,382.69  |
| 856 | 6386  | Tang Quy Ngoc T      | 0.11462% | $3,329.81  |
| 857 | 62318 | Tang Xiuhong         | 0.10024% | $2,911.97  |
| 858 | 35347 | Tanis Eve-nika       | 0.11885% | $3,452.49  |
| 859 | 60350 | Tanis Wilnor         | 0.10846% | $3,150.75  |
| 860 | 36805 | Tasie Genet N        | 0.11421% | $3,317.85  |
| 861 | 25685 | Telahun Workbicha Y  | 0.11208% | $3,255.86  |
| 862 | 70499 | Terry Christian Dane | 0.10624% | $3,086.30  |
| 863 | 29690 | Tewelde Alganesh     | 0.12428% | $3,610.42  |
| 864 | 82945 | Thibaut Debra Ann    | 0.11366% | $3,301.75  |
| 865 | 10110 | Thum Ken             | 0.11413% | $3,315.62  |
| 866 | 25711 | Tong Iek C           | 0.12888% | $3,743.99  |
| 867 | 35713 | Torres Judy          | 0.11202% | $3,254.28  |
| 868 | 35281 | Tran Adam T          | 0.03503% | $1,017.62  |
| 869 | 21722 | Tran Amy             | 0.12257% | $3,560.61  |
| 870 | 8286  | Tran Anthony T       | 0.10351% | $3,007.07  |
| 871 | 26520 | Tran Bao Long V      | 0.12122% | $3,521.42  |
| 872 | 9096  | Tran Chau B          | 0.10707% | $3,110.47  |
| 873 | 64165 | Tran Diem Thu-Thi    | 0.10686% | $3,104.33  |
| 874 | 36763 | Tran Doanthuc V      | 0.11101% | $3,224.89  |
| 875 | 8560  | Tran Melissa T       | 0.11537% | $3,351.61  |
| 876 | 34278 | Tran Nga K           | 0.13513% | $3,925.67  |
| 877 | 71266 | Tran Patria Yen      | 0.11578% | $3,363.38  |
| 878 | 36703 | Tran Thanh T         | 0.10797% | $3,136.59  |

Exhibit "A" - Tang Claimants and Claim Amounts

|     | A     | B                           | C        | D          |
|-----|-------|-----------------------------|----------|------------|
| 879 | 9387  | Tran Thoa K                 | 0.11805% | $3,429.42  |
| 880 | 36901 | Tran William M              | 0.11276% | $3,275.68  |
| 881 | 8684  | Trinh Kiet T                | 0.11184% | $3,248.98  |
| 882 | 23850 | Trinh Peter                 | 0.08806% | $2,558.26  |
| 883 | 4434  | Trinidad Glorifina P        | 0.12255% | $3,560.00  |
| 884 | 34502 | Trinidad Milani Yoshiko C   | 0.10243% | $2,975.60  |
| 885 | 59636 | Trinidad Salvador Del Car   | 0.00561% | $163.02    |
| 886 | 21819 | Tsang Lily FungPing         | 0.12102% | $3,515.58  |
| 887 | 25732 | Tsui Morris W               | 0.12816% | $3,723.06  |
| 888 | 5041  | Uganiza Adrian S            | 0.09394% | $2,728.99  |
| 889 | 34308 | Uljar Snezana               | 0.11821% | $3,433.92  |
| 890 | 62509 | Ung Ieng Kieng              | 0.10914% | $3,170.44  |
| 891 | 61916 | Urban Danielle Laine        | 0.06189% | $1,798.04  |
| 892 | 4810  | Vaccaro Thomas              | 0.10439% | $3,032.49  |
| 893 | 71171 | Valdes Lopez Ada            | 0.08227% | $2,389.90  |
| 894 | 67053 | Valdez Abagail Rene         | 0.11245% | $3,266.79  |
| 895 | 35346 | Valiente Alfredo            | 0.09874% | $2,868.36  |
| 896 | 27281 | Vance William M             | 0.05723% | $1,662.41  |
| 897 | 63521 | Vanderbeek Cheryl Denis     | 0.00306% | $88.94     |
| 898 | 73979 | Vang Heidi Caroline         | 0.03237% | $940.38    |
| 899 | 73356 | Vargo Judy Li               | 0.11328% | $3,290.85  |
| 900 | 90289 | Varjasi Patrik              | 0.05572% | $1,618.65  |
| 901 | 71102 | Vasilakopoulou Evangelia    | 0.10238% | $2,974.06  |
| 902 | 49103 | Veith James                 | 0.07297% | $2,119.85  |
| 903 | 50771 | Vekovic Marko               | 0.04514% | $1,311.24  |
| 904 | 85816 | Verville Kristopher Keith   | 0.10486% | $3,046.29  |
| 905 | 35353 | Viado Marlon M              | 0.02794% | $811.60    |
| 906 | 21704 | Victoria Ariel V            | 0.11350% | $3,297.30  |
| 907 | 76042 | Villa Ramirez Wendy Yare    | 0.05231% | $1,519.54  |
| 908 | 88289 | Villafranca Lam Ladys Dia   | 0.10420% | $3,026.87  |
| 909 | 34826 | Vo Nga T                    | 0.05843% | $1,697.47  |
| 910 | 34363 | Vongprachanh Malisa         | 0.10882% | $3,161.09  |
| 911 | 34330 | Vongvixay Christina Y       | 0.04291% | $1,246.62  |
| 912 | 71006 | Vongvixay Fongsamout        | 0.11405% | $3,313.22  |
| 913 | 72618 | Vu Chi                      | 0.10675% | $3,101.06  |
| 914 | 27691 | Vuong Minh V                | 0.13002% | $3,777.11  |
| 915 | 30030 | Vuong Vinh T                | 0.13751% | $3,994.71  |
| 916 | 23489 | Vuong Vinnie Q              | 0.13538% | $3,932.79  |
| 917 | 9743  | Wade Howard                 | 0.11522% | $3,347.07  |
| 918 | 73582 | Walker Kevin C              | 0.11623% | $3,376.53  |
| 919 | 9981  | Wan Ronnie Chi              | 0.11521% | $3,346.85  |
| 920 | 26063 | Wang Heidi                  | 0.13509% | $3,924.28  |

Exhibit "A" - Tang Claimants and Claim Amounts

|  | A | B | C | D |
|---|---|---|---|---|
| 921 | 49114 | Wang Hongmei | 0.11661% | $3,387.55 |
| 922 | 9791 | Wang Jerry | 0.10414% | $3,025.25 |
| 923 | 21730 | Wang Jiandong | 0.11767% | $3,418.41 |
| 924 | 23526 | Wang Mei Ying | 0.12061% | $3,503.68 |
| 925 | 36829 | Wang Shih-ping | 0.09716% | $2,822.48 |
| 926 | 64743 | Wang Tiffany Ying | 0.04828% | $1,402.65 |
| 927 | 35516 | Wang Yang | 0.12534% | $3,641.02 |
| 928 | 34373 | Wang Yvonne | 0.13220% | $3,840.36 |
| 929 | 21710 | Ward Yow R | 0.11275% | $3,275.33 |
| 930 | 6236 | Watkins Richard D | 0.03154% | $916.25 |
| 931 | 4299 | Watkins Tammi M | 0.03167% | $920.08 |
| 932 | 35651 | Watts Bradley K | 0.02888% | $839.05 |
| 933 | 49172 | Weber Traci L | 0.10107% | $2,936.05 |
| 934 | 26367 | Wei Jun M | 0.11659% | $3,386.97 |
| 935 | 7150 | Weinstock Lian | 0.08572% | $2,490.28 |
| 936 | 34509 | Wescott Supavadee | 0.12694% | $3,687.48 |
| 937 | 7907 | Whitcomb Mary-Noel M | 0.09609% | $2,791.49 |
| 938 | 40465 | White Stephen R | 0.03310% | $961.67 |
| 939 | 34684 | Whitten Sean P | 0.10777% | $3,130.64 |
| 940 | 13627 | Williams Shannon L | 0.08867% | $2,575.90 |
| 941 | 22957 | Williamson Karin M | 0.05730% | $1,664.44 |
| 942 | 27298 | Wilmore Sharon D | 0.04425% | $1,285.33 |
| 943 | 8828 | Wilson Brian V | 0.08738% | $2,538.27 |
| 944 | 21700 | Wilson Janette B | 0.09663% | $2,807.10 |
| 945 | 5462 | Wilson Martin D | 0.05492% | $1,595.52 |
| 946 | 59827 | Winzer Aaron Jerel | 0.10389% | $3,018.06 |
| 947 | 21774 | Witner Gerald T | 0.09951% | $2,890.82 |
| 948 | 60246 | Wodowski Diane Lynn | 0.08995% | $2,613.14 |
| 949 | 5627 | Woldie Negest A | 0.10089% | $2,930.76 |
| 950 | 7173 | Wong Bonnie | 0.09766% | $2,837.10 |
| 951 | 34314 | Wong Denis A | 0.05139% | $1,492.77 |
| 952 | 8537 | Wong Johnny | 0.10474% | $3,042.76 |
| 953 | 34498 | Wong Kurt K | 0.02885% | $838.06 |
| 954 | 34317 | Wong Stephanie Y | 0.12138% | $3,526.00 |
| 955 | 27136 | Woo Woy Yin | 0.13617% | $3,955.76 |
| 956 | 34334 | Worgull Nancy Y | 0.11749% | $3,413.13 |
| 957 | 35273 | Wu Biling L | 0.11137% | $3,235.21 |
| 958 | 34827 | Wu Kaiching | 0.12250% | $3,558.62 |
| 959 | 64664 | Wu Lily | 0.11923% | $3,463.76 |
| 960 | 35434 | Wu Xiu L | 0.11098% | $3,224.07 |
| 961 | 49126 | Wu Xue-Qiong | 0.11293% | $3,280.74 |
| 962 | 25681 | Wu Yi Fan | 0.12473% | $3,623.50 |

Exhibit "A" - Tang Claimants and Claim Amounts

|  | A | B | C | D |
|---|---|---|---|---|
| 963 | 8116 | Wuertz Jamie M | 0.11561% | $3,358.55 |
| 964 | 29954 | Xia Yi | 0.12307% | $3,575.29 |
| 965 | 21701 | Xie Christine Y | 0.11744% | $3,411.59 |
| 966 | 8290 | Xiong Kabee | 0.06195% | $1,799.67 |
| 967 | 21702 | Xu Belinda | 0.12801% | $3,718.67 |
| 968 | 5572 | Xu David Gang | 0.11032% | $3,204.80 |
| 969 | 9318 | Xu Shi P | 0.11690% | $3,395.95 |
| 970 | 75100 | Xu Summer | 0.11206% | $3,255.22 |
| 971 | 26064 | Yan Ying | 0.12352% | $3,588.40 |
| 972 | 34273 | Yang James S | 0.06334% | $1,840.16 |
| 973 | 79807 | Yang Liwei | 0.10310% | $2,995.13 |
| 974 | 49173 | Yang Yongming | 0.12106% | $3,516.85 |
| 975 | 21626 | Yaquinto Jason C | 0.12749% | $3,703.49 |
| 976 | 74607 | Yaros Michael John | 0.11366% | $3,301.89 |
| 977 | 84529 | Yazdabadi Mansour V | 0.07148% | $2,076.60 |
| 978 | 23506 | Ye Ying | 0.13366% | $3,882.80 |
| 979 | 5740 | Yearke Carol E | 0.10372% | $3,013.16 |
| 980 | 21688 | Yerger Ilona U | 0.13792% | $4,006.46 |
| 981 | 49080 | Yi Seong J | 0.07208% | $2,093.87 |
| 982 | 5884 | Yilmaz Levent | 0.11145% | $3,237.75 |
| 983 | 36952 | Yilmaz Senem | 0.05049% | $1,466.67 |
| 984 | 36523 | Yim Myong S | 0.11532% | $3,350.15 |
| 985 | 85771 | Yin Jinxia | 0.11318% | $3,287.74 |
| 986 | 64591 | Ying Haiyan | 0.11417% | $3,316.54 |
| 987 | 22952 | Yip Eric | 0.11816% | $3,432.55 |
| 988 | 34497 | Yip Sui Fang | 0.13077% | $3,798.83 |
| 989 | 7996 | Yiu Lam | 0.11144% | $3,237.31 |
| 990 | 65422 | Yiv Sam Kim | 0.10986% | $3,191.35 |
| 991 | 23151 | Ymeri Eduard | 0.12146% | $3,528.42 |
| 992 | 64104 | Ynigo Arthur O | 0.11517% | $3,345.59 |
| 993 | 4253 | Yoo Eun K | 0.11478% | $3,334.47 |
| 994 | 19991 | Yoo Eun S | 0.11063% | $3,213.80 |
| 995 | 79066 | Yoo Je Eun | 0.11332% | $3,291.98 |
| 996 | 21711 | Yoo John | 0.12829% | $3,726.71 |
| 997 | 35020 | Young Teresa K | 0.10584% | $3,074.60 |
| 998 | 36524 | Youngblood Scott O | 0.11615% | $3,374.05 |
| 999 | 21680 | Yu Amy | 0.13874% | $4,030.33 |
| 1000 | 27132 | Yu Da Man | 0.12623% | $3,666.86 |
| 1001 | 8334 | Yu Ida W | 0.10181% | $2,957.57 |
| 1002 | 29976 | Yu Yu Hong | 0.12791% | $3,715.92 |
| 1003 | 35123 | Zambrana Otto M | 0.11437% | $3,322.55 |
| 1004 | 35372 | Zanelli Shirley Joan | 0.08846% | $2,569.82 |

Exhibit "A" - Tang Claimants and Claim Amounts

|  | A | B | C | D |
|---|---|---|---|---|
| 1005 | 34688 | Zaragoza Joselito Jules G | 0.12019% | $3,491.63 |
| 1006 | 35580 | Zarra Anthony R | 0.10910% | $3,169.28 |
| 1007 | 35532 | Zeleke Hanna | 0.10456% | $3,037.59 |
| 1008 | 40076 | Zhang Ci C | 0.10383% | $3,016.39 |
| 1009 | 74570 | Zhang Jing | 0.10904% | $3,167.56 |
| 1010 | 49566 | Zhang Kuan | 0.11409% | $3,314.19 |
| 1011 | 72619 | Zhang Ping | 0.10474% | $3,042.75 |
| 1012 | 34403 | Zhang Xiao Feng | 0.07587% | $2,203.89 |
| 1013 | 49111 | Zhang Xue Ping | 0.11905% | $3,458.43 |
| 1014 | 25806 | Zhang Yi | 0.12714% | $3,693.49 |
| 1015 | 36837 | Zhao Yanhong | 0.11662% | $3,387.83 |
| 1016 | 49171 | Zheng Lei | 0.10392% | $3,018.82 |
| 1017 | 34829 | Zhong Xia | 0.11619% | $3,375.46 |
| 1018 | 74309 | Zhou Denise | 0.08878% | $2,579.06 |
| 1019 | 36699 | Zhu Xiao H | 0.09680% | $2,812.00 |
| 1020 | 67040 | Zike Tigist | 0.10494% | $3,048.51 |
| 1021 | 21848 | Zito Dominic L | 0.11481% | $3,335.16 |
| 1022 | 4892 | Zuehlsdorf Julie | 0.05267% | $1,530.21 |
| 1023 |  |  |  |  |
| 1024 |  | Totals | 100.00000% | $2,905,000.00 |

EXHIBIT "B"

LEON GREENBERG, P.C.
Leon Greenberg
2965 South Jones Boulevard #E-3
Las Vegas, NV 89146
Tel: (702) 383-6085
Fax:  (702) 385-1827

THIERMAN BUCK LLP
Mark R. Thierman #8285
Joshua Buck #12187
7287 Lakeside Drive
Reno, NV 89511

Attorneys for Plaintiffs

KAMER ZUCKER ABBOTT
Gregory J. Kamer      #0270
R. Todd Creer          #10016
Nicole A. Young        #13423
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
gkamer@kzalaw.com
tcreer@kzalaw.com
nyoung@kzalaw.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| QUY NGOC TANG and JOSEPH CESARZ, and all persons whose names are set forth in Exhibit A, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC,<br><br>    Defendant. | Case No. 2:18-cv-00891-APG-GWF<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT OF DISMISSAL** |

*THIERMAN BUCK, LLP*
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

The Court orders as follows:

IT IS HEREBY ORDERED THAT:

1.      This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the named plaintiffs, all members of the FLSA collective action, and Defendant.

2.      The Court adopts the defined terms in the Settlement Agreement.

3.      Distribution of the Notice and the Settlement Offer and Release Form as set forth in the Settlement, and the other matters set forth therein, have been completed in conformity with the Order Directing FLSA Settlement Notice (ECF No. __).

4.      As set forth in Exhibit A to this Order, [xxx] individuals have accepted the Settlement ("Accepting Plaintiffs").  The Court finds that as of the date of this Order, each and every Accepting Plaintiff has waived and shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims, as set forth in the Settlement Agreement.  Payment to all Accepting Plaintiffs shall be completed in accordance with the terms of the Settlement Agreement.

5.      As set forth in Exhibit B to this Order, [xxx] individuals have rejected the Settlement ("Rejecting Plaintiff").  In addition, diligent investigation by defendant indicates that Opt In plaintiffs Joshua Levine, Leroy Shigoitewa, Ricky Takeya, Cameron Draper, Jason Dunkle, Dilek Phipps,  Brian Guilliford, Kathleen Bell, Mary Becker, Wilson Kong, Kalee M.L. Kei,  and Jimmy Cai were not employed by defendant as relevant employees participating in the tip pool at issue during the involved time period and shall be treated as Rejecting Plaintiffs in accordance with the terms of this paragraph.  Rejecting Plaintiffs retain all their legal rights and remedies, as set forth in the Settlement Agreement.  Each and every Rejecting Plaintiff will have thirty (30) days from the date of this Order to institute a claim before the statute of limitations begins to run again.

6.      As set forth in Exhibit C to this Order, [xxx] individuals have not responded to the Notice and Settlement Offer and Release Form.  Pursuant to the Settlement Agreement, these individuals shall be treated as "Rejecting Plaintiffs" so that they retain all their legal rights and remedies, as set forth in the Settlement Agreement, and have thirty (30) days from the date of this

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thermanbuck.com; www.thermanbuck.comt

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

Order to institute a claim before the statute of limitations begins to run again.  These Plaintiffs, however, have up to 365 days after the date of this Order to claim their allotted portion of the Settlement by signing and submitting the Settlement Offer and Release Form to Defendant's counsel.

7.      The Court grants approval to this Settlement and finds it to be a reasonable resolution of a bona fide dispute of wages pursuant to the FLSA.  The Settlement is reasonable in all respects, including the services awards to Quy Ngoc Tang and Joseph Cesarz for the work that they performed on behalf of others, the attorneys' fees and costs of Plaintiffs' counsel, and the fees of the Settlement Administrator CPT.  The Court specifically finds that the settlement confers a substantial benefit to all individuals similarly situated to Plaintiffs, considering the strength of Plaintiffs' claims and the risk, expense, complexity, and duration of further litigation.  The Court finds that the settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides and with the assistance of Ninth Circuit Mediator Steve Saltiel.

8.      Plaintiffs Quy Ngoc Tang and Joseph Cesarz' service awards in the amount of $10,000 for each plaintiff are reasonable and hereby approved.

9.      Plaintiffs' attorneys' fees in the amount of [insert] and costs in the amount of {insert amount not in excess of $10,000 ]are reasonable and hereby approved.

10.     Fees of the Settlement Administrator, Simpluris Inc., in the amount of [insert amount] are reasonable and hereby approved.

11.     Pursuant to the Settlement Agreement and on Motion by Plaintiffs' counsel to be relieved of continued legal representation, the Court hereby grants Plaintiffs' Motion to be Relieved as Counsel of Record for All Rejecting Plaintiffs.  Rejecting Plaintiffs are hereby directed to retain separate legal counsel if they wish to pursue their legal claims and are reminded that they have thirty (30) days from the date of this Order to institute a claim before the statute of limitations begins to run again.

12.     If any Rejecting Plaintiff commences another Action against Defendants under the

[PROPOSED] ORDER AND FINAL JUDGMENT OF DISMISSAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

FLSA within 30 days of the Effective Date as provided for in the Settlement Agreement the January 16, 2019 order previously made by the Court in the *Cesarz* Action, 13-CV-109-RCJ-CWH, shall have no *res* judicata or *collateral estoppel* effect in respect to any FLSA claims within the scope of that order, but Defendants are not precluded from relying on that order in any such Action for its precedential or persuasive effect, if any.

13.   Without affecting the finality of this action, the Court will retain exclusive and continuing jurisdiction to enforce the Settlement Agreement This case is dismissed with prejudice pursuant to the terms of this Order and the Clerk shall enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated:   _____

_____
Honorable Andrew Gordon
District Court Judge

[PROPOSED] ORDER AND FINAL JUDGMENT OF DISMISSAL

EXHIBIT "C"

<u>**NOTICE OF SETTLEMENT**</u>
<u>**IN WYNN TIP POOLING CASES**</u>

*Re: Cesarz, et al. v. Wynn Las Vegas, LLC, et al.*, **United States District Court for the District of Nevada, Case No. 2:13-cv-109-RCJ-CWH, and** *Tang, et al. v. Wynn Las Vegas, LLC, et al.*, **United States District Court for the District of Nevada, Case No. 2:18-cv-891-APG-GWF**

**YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**
**PLEASE READ THIS NOTICE CAREFULLY.**

**I.      SUMMARY OF THE SETTLEMENT**

 Settlement has been reached in the two related tip sharing cases against the Wynn Las Vegas, LLC (Wynn) and its co-Defendants:  *Cesarz, et al. v. Wynn Las Vegas, LLC, et al.*, United States District Court for the District of Nevada, Case No. 2:13-cv-109-RCJ-CWH ("Cesarz Action"), and *Tang, et al. v. Wynn Las Vegas, LLC, et al.*, United States District Court for the District of Nevada, Case No. 2:18-cv-891-APG-GWF ("Tang Action").

The Total Settlement Amount is $5.6 million.  The Net Settlement Amount available for distribution is [insert], which is the Total Settlement Amount of $5.6 million minus (i) attorneys' fees of $1.4 million, (ii) actual litigation costs of up to $10,000, (iii) Service Awards to Lead Plaintiffs Joseph Cesarz and Quy Ngoc Tang of $10,000 each, and (iv) Settlement Administrator fees of [insert].  This Settlement was reached with the assistance of a mediator with the United States Court of Appeals for the Ninth Circuit.

1

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE EITHER PREVIOUSLY AGREED TO BE A PLAINTIFF AND FILED A CLAIM IN THE *CESARZ* AND/OR *TANG* ACTIONS OR ARE INCLUDED AS A COLLECTIVE ACTION MEMBER IN THE PROPOSED SETTLEMENT AND ARE ENTITLED TO PARTICIPATE IN THAT SETTLEMENT**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: |
|---|

| | |
|---|---|
| **A.     Accept the Settlement Within __ Days of _____**<br><br>**Your minimum payment from the proposed Settlement: $«Est.SettAmt».** | You will receive a cash payment from the Settlement, provided that you sign and submit the enclosed Settlement Offer and Release Form **no later than 60-days from the mailing of this Notice**.  By signing the enclose Settlement Offer and Release Form you will receive a cash payment and you will be giving up your wage-and hour claims against the Wynn and any claims regarding the tip pool. |
| **B.     Reject the Settlement** | You will not receive a cash payment from the Settlement if you do not sign and submit the enclosed Settlement Offer and Release Form and you will not give up your claims against the Wynn.  However, if you want to pursue further legal action against the Wynn, you will need to take further action on your own behalf and cannot rely upon the attorneys representing the dealers in this case to pursue any claim against the Wynn for you.  Your legal claims will be put on hold (stayed) for 30 days after the Effective Date (defined below) of the Settlement; after 30 days, the statute of limitations will begin to run. |
| **C.     Do Nothing** | You will not receive a cash payment from the Settlement if you take no affirmative action—i.e,. do nothing.  You will not release any of your claims against the Wynn but you must take further legal action on your own behalf and at your own expense if you wish to pursue your claim.  You must do so within 30 days after the Effective Date (defined below) of the Settlement.<br><br>You may, however, claim your allotted Settlement cash payment up to 365 days after the Effective Date by signing and submitting the enclosed Settlement Offer and Release Form. |

## II.     BACKGROUND ABOUT THE *CESARZ* AND *TANG* ACTIONS AND CLAIMS

On January 21, 2013, Joseph Cesarz and Quy Ngoc Tang filed a putative opt-in collective action complaint on behalf of themselves and other similarly situated dealers, styled *Cesarz v. Wynn Las Vegas, LLC*, 2:13-cv-00109, against Defendant Wynn Las Vegas, LLC ("Wynn" or "Defendant"), alleging that Wynn violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) because boxmen and Casino Service Team Leads ("CSTLs") were included in the tip pool.  In bringing the suit, Plaintiffs relied exclusively on 2011 regulations issued by the United States Department of Labor regarding tip pooling.  In 2016, a divided panel of the Ninth Circuit reversed the district court's first order dismissing the Appellants' complaint. *Or. Rest. & Lodging Ass'n v. Perez* ("*ORLA*"), 816 F.3d 1080 (9th Cir. 2016). Writing for the majority, Judge Pregerson deferred to the 2011 Department of Labor regulations.  While Wynn's petition for a writ of certiorari to the Supreme Court was pending, Congress amended the FLSA and stated that the 2011 regulations would have "no further force

or effect." 2018 Appropriations Act, Div. S § 1201(c). The Parties dispute the meaning of that provision. But the district court agreed with Defendant, ruling that entry of any judgment against Wynn would give impermissible "further force or effect" to the 2011 regulations and dismissed the lawsuit for the second time. *Cesarz v. Wynn Las Vegas LLC*, No. 13- cv-1009, 2019 WL 237389, at *1 (D. Nev. Jan. 13, 2019). Plaintiffs have filed a Notice of Appeal regarding that decision. *See* Case No. 19-15166 (9th Cir.). The appeal in the Cesarz Action is currently stayed pending this settlement. (During the pendency of their first appeal, Plaintiffs filed a separate action, styled *Doe v. Wynn Las Vegas, LLC*, 2:16-cv-00482-JCM-NJK, which was consolidated with the *Cesarz* Action.)

On May 16, 2018, Quy Ngoc Tang and Joseph Cesarz filed the Tang putative opt-in collective action complaint on behalf of themselves and other similarly situated dealers, styled *Tang v. Wynn Las Vegas, LLC*, 2:18-cv-00891, against Defendant Wynn Las Vegas, LLC, alleging that Wynn violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (as amended by the 2018 Appropriations Act as effective on March 23, 2018) because boxmen and Casino Service Team Leads ("CSTLs") were included in the tip pool. The case was stayed pending settlement discussions.

On May 9, 2019, the Parties engaged in mediation with Ninth Circuit mediator Steven Saltiel. The Parties reached a settlement-in-principle, executed a Memorandum of Understanding, and subsequently entered into this proposed Settlement. On DATE the United States District Court for the District of Nevada, in the *Tang* Action entered an Order approving the Settlement's terms as fair and reasonable and finding that the Settlement should proceed. This means unless the Settlement is voided by the Wynn as provided for *infra* at III(F) the Settlement will become binding and a final judgment will be entered dismissing the *Tang* Action pursuant to the Settlement's terms.

## III.     DETAILED SETTLEMENT TERMS

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at [insert Settlement Administrator's website], by contacting counsel at [insert], by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nvd.uscourts.gov/cgi-bin/login.pl, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Nevada, located at 333 S. Las Vegas Blvd, Las Vegas, Nevada, 89101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

A.     Total Settlement Amount. Defendant has agreed to pay a maximum amount of $5,600,000 (the "Total Settlement Amount") to fund the Settlement. The Total Settlement Amount includes (i) the payment of all cash payments to plaintiffs and collective action members, (ii) attorneys' fees of $1,400,00 (which is 25% of the Total Settlement Amount) for all the work performed on this case and for prosecuting this action on a contingency fee basis (that is, without being paid any money to date), (iii) litigation costs that have been paid out of pocket by the attorneys of up to $10,000, (iv) Service Awards to Lead Plaintiffs Joseph Cesarz and Quy Ngoc Tang of $10,000 each for the risks and all the work that they performed on behalf of all plaintiffs, and (v) Settlement Administrator fees of [insert].

B.     Net Settlement Amount. The "Net Settlement Amount" available for distribution to all plaintiffs and collective action members is the Total Settlement Amount minus (i) attorneys' fees, (ii) actual litigation costs, (iii) Service Awards to Lead Plaintiffs Joseph Cesarz and Quy Ngoc Tang, and (iv) Settlement Administrator fees of [insert]. The estimated Net Settlement Amount available for distribution to plaintiffs is [insert amount].

C.    Calculation of Settlement Payments. The Net Settlement Amount available for distribution to plaintiffs will be allocated as follows:

(1)    **Allocation between *Cesarz* and *Tang* Claims**.  Seventy percent (70%) of the Net Settlement Amount will be allocated the *Tang* Claims and thirty percent (30%) of the Net Settlement Amount will be allocated to the *Cesarz* Claims.  The estimated Net Settlement Amount allocated to the *Tang* Claims is [insert amount].  The estimated Net Settlement Amount allocated to the *Cesarz* Claims is [insert amount]. This respective allocation is based upon the procedural posture of the cases and Plaintiffs' Counsels' relative assessment of the strengths and weaknesses of each group of Claims; and

(2)    **Pro Rata Distribution based on Tips**.  Each plaintiff's settlement award will be based on pro rata assessment of tips received by each plaintiff, for  the *Cesarz* claims as adjusted for each plaintiff's applicable relevant time period, in comparison to the total amount of tips received by all plaintiffs during the relevant time period applicable to each group of Claims.  The relevant time period in the *Tang* Claims is March 23, 2018 to November 11, 2018 For the *Cesarz* Claims the relevant time period is the date three years prior to the date you filed with the Court a written consent to join the *Cesarz* Action but not earlier than  May 1, 2011 and ending on March 22, 2018.  If you have not previously filed a consent to join the *Cesarz* Action the relevant time period that will apply to your *Cesarz* Claim will be January 31, 2017 through March 22, 2018.  Some plaintiffs and collective action members worked during the time period of both groups of Claims and will receive two (2) separate settlement awards.

**YOUR ESTIMATED SETTLEMENT SHARE:**

*Tang* **Claims**:  Defendant's records reflect that you received [insert percentage] of the total tips **distributed to Wynn table games dealers** during the *Tang* time period.  Based on this information, your estimated Settlement Share for the *Tang* Claims is $«Est.SettAmt».

*Cesarz* **Claims**: Defendant's records reflect that you received [insert percentage] of the total tips distributed to Wynn table games dealers during the *Cesarz* time period as limited by the *Cesarz* claims calculated for all *Cesarz* plaintiffs and collective action members Based on this information, your estimated Settlement Share for the *Cesarz* Claims is $«Est.SettAmt».

D.    Release of Claims.  All plaintiffs and collective action members (referred to in the rest of this paragraph as "Plaintiff") who accept the Settlement will forever release and discharge Defendants from any and all claims that arose out of the *Cesarz* and/or *Tang* lawsuit or were proposed as part of either case. Specifically, in consideration of the payments provided for in this Settlement Offer and Release, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of Plaintiff and Plaintiff's respective heirs, estates, representatives, successors, assigns and agents, hereby expressly and unconditionally waives any appeal from a Court order approving this settlement and dismissing the Actions with prejudice, and releases and forever discharges Defendant and all of the Released Parties from any and all wage and hour claims and causes of action that are based on the factual allegations in the complaints in the Actions, known or unknown, that have

arisen or could have arisen at any time prior to the date that this Settlement Offer and Release is executed, including, but not limited to (i) any and all claims for unpaid minimum and/or overtime wages, fines, penalties, liquidated damages, and attorneys' fees and expenses; and (ii) any and all wage and hour claims that Plaintiff asserted or could have asserted in the Actions based on the tip pool(s) at the Wynn and/or Encore, whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories.

       E.    <u>Tax Matters</u>. Neither Counsel plaintiffs nor Defendant's counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

       F.    <u>Conditions of Settlement</u>. **Defendants retain the right to void, at its sole discretion, this Settlement if the net amount allocated to the Rejecting Plaintiffs and Non-Responding Plaintiffs totals $280,000 or more.** This Settlement is further conditioned upon the Court entering an order approving the Settlement.

**IV.**    G.      <u>EFFECTIVE DATE OF SETTLEMENT</u>.   THE SETTLEMENT WILL BE EFFECTIVE ONLY AFTER THE COURT HAS ENTERED AN ORDER AND FINAL JUDGMENT OF DISMISSAL.  FOR FULL DETAILS REGARDING THE EFFECTIVE DATE OF THE SETTLEMENT, OR ANY OTHER TERMS, **GO TO THE SETTLEMENT ADMINISTRATOR'S WEBSITE AT <WEBSITE>.YOUR LEGAL RIGHTS AND OPTIONS**

       A.    <u>Accept the Settlement</u>.  If you wish to accept the Settlement and receive your cash payment on the schedule provided by the Settlement Agreement, you must sign and submit the enclosed Settlement Offer and Release Form **no later than 60-days from the mailing of this Notice**.  (Plaintiffs and collective action members who sign and return their Settlement Offer and Release form within the Response Period will be referred to as "Accepting Plaintiffs.") By signing the enclose Settlement Offer and Release Form you will receive a cash payment and you will be giving up your claims against the Wynn (see Section III.D., "Release of Claims", above).

       B.    <u>Reject the Settlement</u>.  If you do not wish to participate in the Settlement and receive your cash payment, you may reject the settlement by sending a written notice of rejection to the Settlement Administrator **no later than 60-days from the mailing of this Notice**.  (Plaintiffs  and collective action members who communicated their rejection of the settlement in writing to the Settlement Administrator within the Response Period are referred to herein as "Rejecting Plaintiffs.").  You may also reject the settlement, with a right to later claim your settlement share up until 365 days after the Effective Date, by doing nothing, as explained below.

By rejecting the Settlement, you do not release your legal claims against Defendants but you must take further legal action on your own behalf and at your own expense if you wish to pursue your claim. The attorneys who have represented the dealers in the *Tang* and *Cesarz* Actions do not believe it is in the interests of any of the dealers to reject the settlement and are advising the dealers to not reject the settlement.  Those attorneys will not act as your attorneys on any such legal claims you bring against Defendants if you reject the settlement.  In addition those attorneys will be asking the Court to issue an Order relieving them as your attorney in the *Tang* Action if you reject the settlement and have previously entered into a retainer agreement with them.  If you want to reject the settlement and continue to pursue the claims raised in the *Tang* and/or *Cesarz* Actions  you must prosecute your claims on your own or find separate legal counsel.

You must take further action immediately if you wish to preserve your claim.  You will be dismissed from the *Tang* Action (if you previously joined that Action) and will be responsible for filing your own case.

The *Cesarz* Action has previously been dismissed by the Court. Your legal claims, if you previously made any in the *Cesarz* and/or *Tang* actions will be put on hold (stayed) for only 30 days after the Effective Date (defined below) of the Settlement. Once that 30-day period expires, your ability to pursue legal claims against the Wynn over its tip pooling policy will be limited in whole or in part by operation of the statute of limitations. You should also understand that the *Cesarz* Action and the claims covered by the *Cesarz* Action were dismissed by the district court and appealed but that appeal was never ruled upon. If you bring a new case involving the same claims dismissed in the *Cesarz* Action under the terms of the settlement those claims are not prevented from proceeding against Defendant under the legal doctrines of *res judicata* or *collateral estoppel* but Defendants do have the right to ask the court in any such new case to take notice of that decision in the Cesarz Action and adopt its result.

   C.   Do Nothing. If you do not take any affirmative action (accept or reject the Settlement) within the 60-day deadline for responding to this Notice, you will be deemed a "Non-Responding Plaintiff." You will be treated as a "Rejecting Plaintiff" so that you will not receive a cash payment but you will not release any your claims against Defendants. In addition, if you have previously entered into a retainer agreement with plaintiffs' counsel those attorneys will be asking the Court to issue an Order relieving them as your attorney in the *Tang* Action if you become a Non-Responding Plaintiff. However, Non-Responding Plaintiffs may claim their allocated share of the settlement up to a period of 365 days after the Effective Date if they do not file any other lawsuit  against defendant concerning the claims raised in *Cesarz* and *Tang,* by signing the Settlement Offer and Release form and returning it to the Settlement Administrator.

## V.   PLAINTIFF COUNSELS' RECOMMENDATION

Counsel for plaintiffs have been litigating against the Wynn Casino over its tip-pooling policy since 2006 in the Nevada State Court, the Federal Court, and before the Nevada Labor Commissioner. They have not succeeded in any of those cases and the Wynn has now stopped its "tip-pooling" policy and offered a settlement to the dealers. It is the opinion of plaintiffs' counsel that the proposed Settlement is a fair, adequate, and reasonable resolution of the hard-fought dispute and that the Settlement should be accepted.

   A.   Settlement of the *Cesarz* Claims is Fair, Adequate, and Reasonable. The *Cesarz* Action is currently dismissed and on appeal. The Judge in the *Cesarz* Action has twice dismissed the case for failure to state a valid legal claim against Defendants. The Judge most recently stated that the United States Department of Labor's (DOL) 2011 Tip Pooling Regulations had been invalidated by the 2018 amendments to the Fair Labor Standards Act (FLSA). Since the *Cesarz* Claims are based on the 2011 Regulations, the Judge found that the plaintiffs could not pursue their claim. Even if the Judge's decision were reversed, Defendants believe they have very strong defenses to the  *Cesarz*, Claims both on the law and the facts, if they do not prevail outright on the now second appeal in *Cesarz.*  Plaintiffs' counsel, having evaluated the issues, and while believing the *Cesarz* case may succeed for the plaintiffs, agrees that defendants have significant defenses to the  *Cesarz* Claims and whether the plaintiffs will prevail on the *Cesarz* Claims is far from certain.  It is unknown whether the appeal in *Cesarz* will be successful and securing a reversal on appeal in *Cesarz* for the plaintiffs, for the second time, does not mean the plaintiffs will be successful in collecting any money in the *Cesarz* Action. Plaintiffs' counsel believes it is fair and reasonable, under all of the relevant circumstances, for the plaintiffs in *Cesarz* and the other collective action members to accept a settlement of their *Cesarz* Claims for $1,680,000, the portion of the proposed Settlement allocated to those claims and recommend they do so. In making that recommendation, plaintiffs' counsel acknowledges that payment is for a minority of the money alleged to be owed to the plaintiffs and the other collective action members on the *Cesarz* Claims but believe that settlement is reasonable and should be accepted based upon the relevant facts and circumstances.

   B.   Settlement of the *Tang* Action and Claims is Fair, Adequate, and Reasonable. Congress passed an amendment to the FLSA in 2018, which states that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees'

tips, regardless of whether or not the employer takes a tip credit."  The key legal question presented in *Tang* is what type of employee would be considered a "manager or supervisor." The DOL is charged with developing regulations to define who will be considered a "manager or supervisor" under the new law and has taken the position that a "manager or supervisor" is only prohibited from participating in a tip pool if they hire or fire other employees or have significant involvement in making hiring or firing or other decisions about employees. If the DOL interpretation of what it means to be a "manager or supervisor" is accepted by the courts the Wynn insists that the *Tang* case will also be unsuccessful for the dealers because the CSTLs and boxmen are not "managers or supervisors."  Plaintiffs' counsel does not agree with that argument by the Wynn, but agrees that is a serious argument and it is unknown how that argument would be ruled on by the courts.  Assuming that plaintiffs could prevail on the merits of their claim under the new law, the total amount of tips Wynn took from the dealers' tip pool from March 23, 2018 to November 11, 2018 was $3,879,951.  Seventy (70%) of the Total Settlement Amount, or $3,920,000, has been allocated to pay the *Tang* Claims .  Given the uncertainty of the new law and the development of new regulations that will interpret the new law, Counsel believe that the Settlement is a fair, adequate, and reasonable resolution of the *Tang* Action and Claims and recommend that the Settlement be accepted.

## VI.    COURT DISMISSAL OF CASE

So long as Defendant does not void the Settlement on account of the amount of persons who do not accept or who do not respond to the Settlement, the Court will issue an Order directing that a final judgment be entered dismissing the *Tang* action and that the Settlement's terms become effective. The Court will also determine whether to relieve the attorneys prosecuting the *Tang*  Action from any further responsibility for the legal claims possessed by those dealers who reject the settlement or are Non-Responding Plaintiffs and who have previously entered into retainer agreements with those attorneys.   The Court may take this action with or without a hearing. You may check the settlement website identified in Section III above or the Court's PACER site to confirm whether a hearing has been scheduled. **You are not required to attend** any hearing, although any plaintiff or collective action member is welcome to attend any hearing.

## VII.    MORE INFORMATION ABOUT THE SETTLEMENT

You may call the Settlement Administrator at <phone> or write to *Cesarz/Tang v. Wynn* Settlement Administrator, *c/o* CPT Group <address>; or contact plaintiffs' Counsel at:

| | |
|---|---|
| LEON GREENBERG, P.C.<br>Leon Greenberg<br>2965 South Jones Boulevard #E-3<br>Las Vegas, NV 89146<br>Tel: (702) 383-6085 / Fax: (702) 385-1827<br>Email: | THIERMAN BUCK LLP<br>Mark Thierman<br>Joshua Buck<br>Leah Jones<br>7287 Lakeside Drive<br>Reno, NV 89511<br>Tel: (775) 284.1500 / Fax: (775) 703.5027<br>Email: info@thiermanbuck.com |

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You may receive a copy of the Settlement Agreement, by going to the Settlement Administrator's website at <website>.

## PLEASE DO NOT CALL THE COURT ABOUT THIS NOTICE.

## ATTACHMENT TO NOTICE:  SETTLEMENT OFFER AND RELEASE
## IN WYNN TIP POOLING CASES

***Re:* Fair Labor Standards Act Claims also subject to litigation in *Cesarz, et al. v. Wynn Las Vegas, LLC, et al.*, United States District Court for the District of Nevada, Case No. 2:13-cv-109-RCJ-CWH, and *Tang, et al. v. Wynn Las Vegas, LLC, et al.*, United States District Court for the District of Nevada, Case No. 2:18-cv-891-APG-GWF**

You have received a notice regarding the Settlement of  the Claims made in two parallel wage and hour collective actions regarding Wynn's tip pooling.  This Settlement Offer and Release is provided subject to that notice and the terms of the Settlement.  The Settlement of your Claims as discussed in that notice has been approved by the Court.  If you decide to accept that Settlement you will be paid the amounts discussed below unless the defendant, as discussed in that notice, exercises a possible option to void the Settlement.

Your settlement share is as follows:

> ***Tang* Claims**:     Defendant's records reflect that you received [insert percentage] of the total tips **distributed to Wynn table games dealers** during the *Tang* time period.  Based on this information, your estimated Settlement Share for the *Tang* Claims is $«Est.SettAmt», *after* attorneys' fees and costs**.**  One-half of this amount shall be considered wages, which will be subject to deductions for federal and state taxes and other required withholdings and will be reported by the Company as wage income on an IRS W-2 form.  The other half of this amount shall be considered to be a payment of liquidated damages, penalties, and/or interest and will be reported by the Company as non-wage income on an IRS 1099 form.

> ***Cesarz* Claims**:   Defendant's records reflect that you received [insert percentage] of the total tips  during the *Cesarz* time period distributed to Wynn table games dealers during the *Cesarz* time period as limited by the *Cesarz* claims calculated for all *Cesarz* plaintiffs and collective action members.  If you have not yet filed a consent to join the *Cesarz* action that number reflects that amount of total tips you received from January 31, 2017 through March 23, 2018.  Based on this information, your estimated Settlement Share for the *Cesarz* Claims is $«Est.SettAmt, *after* attorneys' fees and costs**.**  One-half of this amount shall be considered wages, which will be subject to deductions for federal and state taxes and other required withholdings and will be reported by the Company as wage income on an IRS W-2 form.  The other half of this amount shall be considered to be a payment of liquidated damages, penalties, and/or interest and will be reported by the Company as non-wage income on an IRS 1099 form.

If you agree to accept this Settlement offer, you will be paid your Settlement share in exchange for releasing and discharging your all claims that arose out of the *Cesarz* and/or *Tang* lawsuit or that could have been made in either of those lawsuits.  Specifically, in consideration of the payments provided for in this Settlement Offer and Release, you and your respective heirs, estates, representatives, successors, assigns and agents, hereby expressly and unconditionally waives any appeal from a Court order approving this settlement and dismissing the *Tang* and *Cesarz* Actions with prejudice, and releases and forever discharges Defendant and all of the

1

Released Parties from any and all wage and hour claims and causes of action that are based on the factual allegations in the complaints in the Actions, known or unknown, that have arisen or could have arisen at any time prior to the date that this Settlement Offer and Release is executed, including, but not limited to (i) any and all claims for unpaid minimum and/or overtime wages, fines, penalties, liquidated damages, and attorneys' fees and expenses; and (ii) any and all wage and hour claims that Plaintiff asserted or could have asserted in the Actions based on the tip pool(s) at the Wynn and/or Encore, whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories.

Neither Counsel plaintiffs nor Defendant's counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

By signing below, you agree to accept this Settlement Offer and Release.  If you have not already submitted a Consent to Join in these Actions, your signature below also evidences that you consent to join in the *Tang* and *Cesarz* Actions and to be represented in those matters by the named plaintiffs and counsel, Joshua Buck of Thierman Buck, LLP, and Leon Greenberg and James P. Kemp.

**I SWEAR THAT I HAVE READ THIS RELEASE, FULLY UNDERSTAND ALL OF ITS TERMS AND CONDITIONS, AND AM ENTERING INTO IT OF MY OWN FREE WILL. I HAVE HAD AN OPPORTUNITY TO DISCUSS THIS RELEASE WITH MY ATTORNEYS. I UNDERSTAND THAT, IF I SIGN THIS RELEASE, MY CLAIM AGAINST THE COMPANY WILL BE RESOLVED THROUGH THIS RELEASE AND IN ACCORDANCE WITH THE TERMS OF THE STIPULATION OF SETTLEMENT IN THE ACTION.**


_____          _____
[name]                                                  [date]

EXHIBIT "2"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEON GREENBERG, P.C.
Leon Greenberg
2965 South Jones Boulevard #E-3
Las Vegas, NV 89146
Tel: (702) 383-6085
Fax:   (702) 385-1827

THIERMAN BUCK LLP
Mark R. Thierman #8285
Joshua Buck #12187
7287 Lakeside Drive
Reno, NV 89511

Attorneys for Plaintiffs

KAMER ZUCKER ABBOTT
Gregory J. Kamer       #0270
R.       Todd Creer       #10016
Nicole A. Young       #13423
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
gkamer@kzalaw.com
tcreer@kzalaw.com
nyoung@kzalaw.com

Attorneys for Defendant

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

QUY NGOC TANG and JOSEPH
CESARZ, and all persons whose names
are set forth in Exhibit A, individually and
on behalf of all others similarly situated,

                    Plaintiffs,

vs.

WYNN LAS VEGAS, LLC,

                    Defendant.

Case No. 2:18-cv-00891-APG-GWF

**[PROPOSED] ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

On _____, 2020, this Court considered the parties' joint motion for an Order granting approval of a proposed collective action settlement (the "Settlement") under the Fair Labor Standards Act ("FLSA") and the motion of plaintiffs' counsel to be relieved as the attorney for any plaintiffs that decline to participate in the proposed Settlement.   Having fully considered the motions, comments of counsel, and all supporting legal authorities, the Court finds and Orders as follows:

Findings as to the Proposed Settlement

1.      Pursuant to the terms of the Settlement Agreement, the case of *Cesarz et. al. v. Wynn Las Vegas et al.*, 13-CV-109-RCJ-CWH pending in this Court shall be consolidated into this case.

2.      The Court finds the proposed Settlement is a fair and reasonable resolution of a bona fide dispute arising under the Fair Labor Standards Act (the "FLSA") for those collective action members, all of whom are current or former employees of defendant, that elect to participate in such Settlement.   Those collective action member include the current plaintiffs in this case, persons who asserted claims   in the related case currently subject to an appeal to the Ninth Circuit Court of Appeals, *Cesarz, et al. v. Wynn Las Vegas, LLC, et al.,*Case No. 2:13-cv-109-RCJ-CWH, and persons who have not asserted claims in either case   The Court finds that, as discussed in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355-56 (11th Cir. 1982), the terms of the proposed settlement represent a reasonable compromise of the disputed issue as to whether the plaintiffs' and other collective action members' claims are even subject to coverage by the FLSA.     The vigorous advocacy of the plaintiffs' and other collective action members' claims by their highly experienced counsel has included, among other things, the successful pursuit of an appeal in the *Cesarz* case and now the filing of a second appeal in that case.     There is no evidence of collusion and the Court finds that the settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides and with the assistance of Ninth Circuit Mediator Steve Saltiel.     While the legal basis for the

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

1   collective action members' claims in *Cesarz* and this case have important differences, they both

2   arise from the same policy of the defendant, a policy the defendant ended in November of 2018

3   or eight months after the initiation of this case.       The dismissal of *Cesarz* for a second time,

4   and its pending appeal, also support the Court's conclusion that the proposed compromise of the

5   FLSA claims of the collective action members at issue in *Cesarz* and this case are fair and

6   reasonable.       While the settlement requires participating plaintiffs and other collective action

7   members to release all of their FLSA claims arising during the two time periods covered by this

8   case and *Cesarz*, the settlement funds have been apportioned fairly between those two time

9   periods.       The Court finds that apportionment is reasonable for the reasons set forth in the

10  motion to approve the Settlement and constitutes a fair and reasonable compromise of the FLSA

11  claims at issue during both time periods.       The Court also finds the Settlement is fair and

12  reasonable in all other respects, including the service awards to Quy Ngoc Tang and Joseph

13  Cesarz for the work that they performed on behalf of others, the attorneys' fees and costs of

14  Plaintiffs' counsel, and the proposed fees of the Settlement Administrator CPT Group    The

15  Court specifically finds that the settlement confers a substantial benefit to all collective acton

16  members similarly situated to Plaintiffs, considering the strength of Plaintiffs' claims and the

17  risk, expense, complexity, and duration of further litigation.

18  

19          3.       The Court also exercises a more limited role in approving an FLSA collective

20  action settlement than when it considers approval of a Federal Rule of Civil Procedure Rule 23

21  class action settlement.       *See*, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529

22  (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA.")

23  There are no collective action members who will have their legal rights limited by failing to take

24  action in response to the proposed Settlement.       The persons who are eligible collective action

25  members may accept or decline the Settlement as each deems best.    If they decline to accept

26  the Settlement and release the defendant from their FLSA claims they may promptly pursue their

27  FLSA claims against the defendant in separate litigation without any diminution of their force

28  or value as a result of the Settlement.

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

4.      The Settlement further provides the collective action members who are plaintiffs in this case and/or *Cesarz* may decline to accept the Settlement and recommence their FLSA claims against defendant with no erosion of the statute of limitations applicable to

those claims as long as they do so within thirty (30) days of this Court's entry of a final judgment in this case.   While any plaintiffs that decline to accept the Settlement would have to initiate such separate litigation(s), as the Settlement requires that this case be dismissed by a final judgment, that requirement does not negate the Court's finding that the Settlement is fair and reasonable under the FLSA and warrants approval.   As discussed in the submission of plaintiffs' counsel, (ECF ##,   ¶  8) none of the plaintiffs in this case or *Cesarz* have paid anything to plaintiffs' counsel or paid any case expenses such as a filing fee.   None have been required to participate in discovery or expend any effort in the prosecution of this case.      The dismissal of their FLSA claims against the defendant in this case, with a right to recommence the same within a specified time period, does not penalize any of the plaintiffs or cause them to forfeit any advantage they have secured in this case or *Cesarz* or dissipate any investment of time, money or effort they have made in either case.

**Findings as to Plaintiffs' Counsel's Motion to be Relieved for Non-Settling Plaintiffs**

5.      Plaintiffs' counsel's motion to be relieved as attorney for any plaintiffs who decline to accept the Settlement is governed by Local Rule 11-6 (b) requiring an attorney seeking to withdraw to file a motion and "serve it on the affected client."      Such rule also provides that the client "…may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise."    It is also governed by Local Rule 11-7 (a) that requires attorneys practicing in this Court to adhere to the Model Rules of Professional Conduct as adopted by the Nevada Supreme Court.   One such relevant rule is the Nevada Rules of Professional Conduct Rule 1.16(b) containing a non-exclusive list of reasons that may constitute an appropriate basis for an attorney to withdraw from representing a client. It provides such a withdrawal may be appropriate where it "can be accomplished without material adverse effect on the interests of the client" as well as when the client insists on a course of action

"with which the lawyer has a fundamental disagreement."    Another germane rule is Nevada Rules of Professional Conduct Rule 1.16(a)(1) requiring an attorney to withdraw from representation when that "representation will result in violation of the Rules of Professional Conduct."

6.    The Court has found the proposed Settlement will not have a negative material impact on the legal rights possessed by any plaintiffs who decline to accept the Settlement. Plaintiffs' counsel has exercised their professional judgment in recommending the Settlement to their clients and fundamentally disagree with any of their clients that may choose to reject the Settlement and continue to litigate their claims.    Given this circumstance, plaintiffs' counsels' request to be relieved as attorney for any non-settling plaintiffs squarely falls within the permissible reasons for the Court to grant such withdrawal as provided for in Nevada Rules of Professional Conduct Rule 1.16(b)

7.    One of the conditions of the Settlement is that this case proceed, in its entirety, to a final judgment and conclusion.    There is no impropriety in that term of the Settlement and in the plaintiffs' counsel recommending the Settlement to their clients with that term.     Plaintiffs' counsel is not agreeing to restrict their ability to represent non-settling plaintiffs on their claims in violation of Nevada Rules of Professional Conduct Rule 5.6.

8.     The Settlement's requirement that this case be concluded also creates a situation that may require plaintiffs' counsel in compliance with Nevada Rules of Professional Conduct Rule 1.16(a)(1) to withdraw from representing plaintiffs who decline to accept the Settlement.    Plaintiffs' counsel is charged with a duty to independently represent the individual interests of each of the 514 FLSA "opt in" plaintiffs in this case.     Each of those plaintiffs have the right to reject any settlement of their individual claims and instruct their counsel (who represents all of those plaintiffs) to take their claims to trial.    The Settlement has been agreed to by the two named plaintiffs and plaintiffs' counsel anticipates that a strong majority of their clients, the current plaintiffs in this case, will accept the Settlement.    Yet if even one of those 514 "opt in" plaintiffs rejects the Settlement, and insists that plaintiffs' counsel proceed to trial

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

1  in this case on their individual claim, the Settlement would be void as to all of the plaintiffs as

2  the "final judgment in its entirety" condition of the Settlement will be unattainable.   This may

3  pose an irreconcilable conflict of interest for plaintiffs' counsel under Nevada Rules of

4  Professional Conduct Rule 1.7(a)(1) directing that an attorney "shall not represent a client" when

5  the "representation of one client will be directly adverse to another client."   By following such

6  an instruction from one of the plaintiffs in this case to proceed to trial (an instruction such a

7  plaintiff could properly make) plaintiffs' counsel would be acting in a directly adverse manner

8  to all of their other clients who have accepted the Settlement and would be denied that Settlement

9  as a result of such action.   Such a conflict of interest would preclude continued representation

10  of all of those clients under Nevada Rules of Professional Conduct Rule 1.7(a)(1) and would in

11  turn trigger the mandatory withdrawal of plaintiffs' counsel under Rule 1.16(a)(1).

12       9.   The Court's foregoing findings on plaintiffs' counsel's motion to be relieved as

13  counsel for the non-settling plaintiffs cannot, at this stage of this case, result in an Order directing

14  that relief.   Local Rule 11-6 (b) requires such a motion be served on each plaintiff and each

15  plaintiff be given an opportunity to respond to that motion and contemplates giving the Court

16  control over that service and response process.   As a result, plaintiffs' counsel's motion seeks

17  to have the Court approve a form of proposed motion to be relieved as counsel that will be mailed

18  out to all of the 514 FLSA "opt in" plaintiffs in this case with the Settlement notice and provide

19  an opportunity for responses to that motion.   Such motion would then come before the Court

20  for a disposition on a future date after that opportunity for response by the plaintiffs has

21  transpired.   The Court finds that process is fair and reasonable and complies with Local Rule

22  11-6 (b).

23       In compliance with the foregoing findings, the Court hereby Orders that:

24       The proposed Settlement is approved as a fair and reasonable compromise and settlement

25  of Fair Labor Standards Act claims for such plaintiffs and the other collective action members

26  who agree to accept it.   The Court approves in substantially the form annexed as Exhibit "A"

27  the Notice and Settlement Offer and Release forms for the proposed Settlement that will be

28

mailed no later than DATE to the plaintiffs and other collective action members.

The plaintiffs' counsel's motion to be relieved as attorney for all non-settling plaintiffs is partially granted to the extent of directing such motion be served by mail no later than DATE upon all of the plaintiffs substantially in the form annexed to this Order as Exhibit "B."    If any plaintiffs seek to respond to that motion they shall serve and file such responses no later than DATE.

If the Settlement is not voided pursuant to its terms the Court shall on DATE either with or without a further hearing (the Court will advise all counsel if such a hearing is going to be held) approve and enter an Order substantially in the form of Exhibit "B" to the Settlement Agreement that enters a final judgment dismissing this case as provided for by the Settlement and approving a final settlement of the Fair Labor Standards Act claims of the plaintiffs and the other collective action members who agree to participate in the Settlement.    That Order shall also address and resolve plaintiffs' counsel's motion to be relieved as attorney for any non-settling plaintiffs.

**IT IS SO ORDERED.**

Dated:    _____

_____
Honorable Andrew Gordon
District Court Judge

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

EXHIBIT "3"

**U.S. Department of Labor**
**Wage and Hour Division**



April 6, 2018

FIELD ASSISTANCE BULLETIN NO. 2018-3

MEMORANDUM FOR:     Regional Administrators
                    Deputy Regional Administrators
                    Directors of Enforcement
                    District Directors

FROM:               Bryan L. Jarrett
                    Acting Administrator

SUBJECT:            Amendment to FLSA Section 3(m) Included in Consolidated Appropriations Act,
                    2018

This Field Assistance Bulletin (FAB) provides guidance concerning the Wage and Hour Division's (WHD)
enforcement of tip credit rules under the Fair Labor Standards Act (FLSA) after Congress amended the
FLSA in the Consolidated Appropriations Act, 2018 (Act), Pub. L. No. 115-141, Div. S., Tit. XII, § 1201.  The
Act prohibits employers from keeping tips received by their employees, regardless whether the
employer takes a tip credit under 29 U.S.C. § 203(m).  The Act also provides that portions of WHD's
regulations codified at 29 C.F.R. §§ 531.52, 531.54, and 531.59 that barred tip pooling when employers
pay tipped employees at least the full FLSA minimum wage and do not claim a tip credit shall have no
further force or effect (until any future action by the WHD Administrator).[1]  WHD expects to proceed
with rulemaking in the near future to fully address the impact of the 2018 amendments.[2]

In the meantime, given these developments, employers who pay the full FLSA minimum wage are no
longer prohibited from allowing employees who are not customarily and regularly tipped—such as cooks
and dishwashers—to participate in tip pools.  The Act prohibits managers and supervisors from
participating in tip pools, however, as the Act equates such participation with the employer's keeping
the tips.[3]   As an enforcement policy,  WHD will use the duties test at 29 C.F.R. § 541.100(a)(2)-(4) to
determine whether an employee is a manager or supervisor for purposes of section 3(m).

The Act also provides enforcement authority in FLSA sections 16(b) and 16(c) to, among other things,
recover all tips unlawfully kept by the employer, in addition to an equal amount in liquidated damages.

---

[1] The Act provides that the portions of the 2011 final rule that amended 29 C.F.R. §§ 531.52, 531.54, and
531.59, to the extent that they are "not addressed by section 3(m)" of the FLSA, "shall have no further
force or effect until any future action" taken by the Administrator.  Act, Div. S, Tit. XII, Sec. 1201(c).

[2] The Act does not impact WHD's enforcement when an employer claims a tip credit under section 3(m).

[3] Administering a permissible tip pool does not constitute either unlawful retention of tips or unlawful tip
pool participation under the Act by employers, managers, or supervisors.  Additionally, the provisions in
WHD Field Operations Handbook 30d05 concerning tips charged on credit cards still apply.

The Act further provides WHD with discretion to impose civil money penalties (CMPs) not to exceed $1,100 when employers unlawfully keep employee tips.  In assessing CMPs, WHD will follow its normal procedures, including by determining whether the violation is repeated or willful.

Finally, given the above developments, WHD's July 20, 2017 non-enforcement policy concerning retention of tips by tipped employees paid the full FLSA minimum wage will not apply to new investigations beginning on or after March 23, 2018.  When an investigation covers periods before and after March 23, 2018, and the employee was paid at least the full FLSA minimum wage, violations of section 3(m) may only be cited if they occurred after March 23, 2018.

EXHIBIT "4"

LEON GREENBERG PROF. CORP..
Leon Greenberg     #8094
2965 South Jones Boulevard
Suite E-3
Las Vegas, NV 89146
Tel:  (702) 383-6085
Fax:  (702) 385-1827
Leongreenberg@overtimelaw.com

THIERMAN BUCK LLP
Mark R. Thierman #8285
Joshua Buck #12187
7287 Lakeside Drive
Reno, NV 89511
Attorney for Plaintiffs

KAMER ZUCKER ABBOTT
Gregory J. Kamer  #0270
R. Todd Creer               #10016
Nicole A. Young   #13423
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
gkamer@kzalaw.com
tcreer@kzalaw.com
nyoung@kzalaw.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| QUY NGOC TANG and JOSEPH CESARZ, and all persons whose names are set forth in Exhibit A, individually and on behalf of all others similarly situated,        ) ) ) ) ) ) | Case No. 2:18-cv-891-APG-GWF |
|          Plaintiffs,   ) ) | DECLARATION OF LEON GREENBERG, ESQ. |
| vs.   ) ) | |
| WYNN LAS VEGAS, LLC,   ) ) | |
|          Defendant.   ) ) | |
| _____ | |

1

Leon Greenberg, an attorney duly licensed to practice law in the State of Nevada, and a member of the bar of this Court, hereby affirms, under the penalty of perjury, that:

1. My law office, along with my co-counsel, represents the named plaintiffs Quy Ngoc Tang and Joseph Cesarz and all of the 943 "opt in" Fair Labor Standards Act ("FLSA") written consent filing plaintiffs in this action and/or the related case of *Cesarz, et al. v. Wynn Las Vegas, LLC, et al.,* No. 2:13-cv-109-RCJ-CWH, discussed in the parties' joint motion seeking approval of their proposed FLSA collective action settlement (the "Settlement"). I submit this declaration in support of such motion. In light of the relevant factual and legal circumstances, I believe the Settlement is in the best interests of the current plaintiffs and other proposed collective action members (referred to collectively as "plaintiffs" unless otherwise indicated). It is a sensible alternative to the continued litigation of this case that could result in a less favorable recovery, or no recovery, for the plaintiffs.

## On the Appropriateness of the Settlement Amount

2. Defendant has provided, in connection with the parties' mediation discussed in their joint motion, information that they have verified accurately sets forth the amount of disputed tip pool monies at issue and the potential interest of each of the Wynn's table games dealers in such monies. That information has been provided separately for the time period at issue in this case and for the earlier time period at issue in the *Cesarz* case. As discussed in the parties' joint motion, there

are very significant differences between the claims made in this case and in the *Cesarz* case.   I have carefully reviewed the information provided by defendant and compared the terms of the settlement to the amount that would be paid under the settlement separately to the claims in this case (the *Tang* claims) and the *Cesarz* claims.  I have also been advised of the relevant facts concerning the defendants' operations by the named plaintiffs and by my experience, discussed *infra*, litigating claims over the disputed tip pooling policies since 2006.  Weighing all of the relevant factors, I have concluded that the proposed Settlement's terms are fair and reasonable, and quite favorable to the plaintiffs under the circumstances, in respect to both the *Tang* and the *Cesarz*, claims.

3.    In respect to the *Tang* claims, 70% of the gross Settlement ($3,920,000) is apportioned to pay the *Tang* claims including the fees and expenses of plaintiffs' counsel, settlement administration costs, and service awards to the two named plaintiffs.   Based on the information provided by the defendant, this amount of $3,920,000 is equal to, or within 3% of, the total disputed tip pool amount at issue during the relatively brief *Tang* claims period, from March through November of 2018 when the disputed tip pooling policy was discontinued by the Wynn.

4.    While the Settlement that is apportioned to the *Tang* claims is less than the full potential recovery the plaintiffs might secure for those claims, I believe it is a fair and strongly favorable recovery for the plaintiffs under the circumstances.   The FLSA provides for the potential recovery of liquidated

(double) damages, and attorney's fees, from defendants, but the plaintiffs are far from assured of collecting those amounts, or anything at all, if they were to litigate the *Tang* claims to a judgment.  Indeed, as discussed in the parties' joint motion, the defendant raises substantive, non-frivolous, defenses, both on the law and the facts, to the *Tang* claims.  While I disagree with defendants' assertions, and believe the plaintiffs should prevail on their claims in this case on both the law and the facts, by no means can the plaintiffs be assured of success on those claims.  Accordingly, I believe the Settlement proposes a fair, and strongly favorable for the plaintiffs, resolution of the plaintiffs' FLSA claims in this case.

5.    In respect to the *Cesarz* claims, 30% of the gross Settlement ($1,680,000) is apportioned to pay the *Cesarz* claims including the fees and expenses of plaintiffs' counsel, settlement administration costs, and service awards to the two named plaintiffs.  Based on the information provided by the defendant, this amount of $1,680,000 is far less than the total disputed tip pool amount retained by the defendant during the entirety of the fairly long *Cesarz* claims period, from May of 2011 through March of 2018.   The amount proposed for settlement of the *Cesarz* claims represents about 6% of those total disputed tip amounts during the *Cesarz* claims time period.

6.    While the Settlement that is apportioned to the *Cesarz* claims is for far less than the full potential recovery the plaintiffs might secure for those claims, I believe it is a fair and favorable recovery for the plaintiffs.  The *Cesarz* case is

currently on appeal for the second time.   As discussed in the parties' joint motion, even if that appeal is successful, whether the plaintiffs in *Cesarz* will ultimately prevail on any portion of their claims is far from certain.   In addition, a large portion of the tip pool amounts potentially at issue during the *Cesarz* time period can no longer be recovered for many of the table games dealers owing to the maximum three year FLSA statute of limitations.   Accordingly, I believe the Settlement proposes a fair, and strongly favorable for the plaintiffs, resolution of the FLSA claims at issue in *Cesarz*.

7.     I have also based my determination of the appropriateness of the Settlement amount on my substantial familiarity with the relevant facts at issue.  I have been extensively involved in representing the Wynn table games dealers since 2006 over the disputed tip pooling policy.  That including participating in a multi-day administrative hearing before the Nevada Labor Commissioner where extensive testimony and other evidence of the relevant facts and circumstances was considered.   I believe I have obtained sufficient insight into both the relevant facts, and the law, bearing on the claims at issue in this case to make an informed and knowledgeable assessment of the fairness and adequacy of the proposed settlement.

**On the Appropriateness of the Proposed Attorney's Fee and Expenses**

8.     None of the plaintiffs in this case or *Cesarz* have paid any fee to plaintiffs' counsel in either case or paid for any of the expenses incurred in either

case.  With the exception of the two named plaintiffs, none have been required to furnish information to plaintiffs' counsel or participate in discovery.  Every plaintiff in this case and the *Cesarz* case entered into a written retainer agreement with plaintiffs' counsel that provided the following:

> Fee: No fee will be paid to the attorneys unless money is collected for the client.  Client agrees that attorneys will be entitled to a fee of 25% of the amount collected for the client.

This 25% contingency fee agreement was intended to compensate plaintiffs' counsel for their services and also for the risk that such counsel would not collect of any fee.   Contingency fee attorneys in Las Vegas often charge percentage fees significantly greater that 25%, often 40% or more.  In many instances those fees are charged for litigation matters involving personal injuries where there is no risk of non-collection owing the existence of insurance and the lack of any liability issues.  In this case and *Cesarz* plaintiffs' counsel faced a serious risk of collecting no fee whatsoever, as they had in extensive prior litigations over the Wynn's disputed tip pooling policy.   Accordingly, I believe plaintiffs' counsel's 25% contingency fee is reasonable and proper.

9.     As of the date of this declaration I, personally, as documented in my contemporaneously maintained time records, have spent at over 300 hours of my time on the prosecution of this case and the related *Cesarz* case and reasonably estimate I will perform at least 400 hours of attorney time in total on this case and the *Cesarz* case when they are concluded as proposed..  My former associate,

attorney Dana Sniegocki, as confirmed in the time records maintained by my

office, has spent no less than 73 hours of time working on the prosecution of this

case and *Cesarz*.   I am advised my co-counsel, Mark Thierman and Joshua Buck

and their associate Leah Jones have, respectively, spent no less than 3, 156 and 3

hours of time on the prosecution of this case and *Cesarz*.   All of the foregoing

counsel have extensive experience in wage and hour litigation, Mark Thierman and

I each having practiced law in excess of 25 years and Joshua Buck and Dana

Sniegocki having done so in excess of 10 years.    Based on our experience and the

prevailing market rates for attorneys in Las Vegas, Nevada, the hourly rates for the

services of such attorneys would properly vary from between $400 an hour to as

much as $950 an hour.  I do not charge hourly fees and my lodestar rate is properly

placed at the hourly rate set for my time in attorney fee awards I have previously

secured.  I was awarded fees based on a $720 an hour rate in 2016 in the case of

*Tallman v. CPS Security,* United States Court of Appeals for the Ninth Circuit,

appeal No. 14-16508, involving federal minimum wage claims.  *See,* Docket 42,

Order filed September 8, 2016 and motion granted by such Order.  That hourly rate

was subsequently found appropriate for work performed in this Court during later

proceedings in that case.  *See,* 09-cv-944, Order November 29, 2016.  Given that

such fee award was made almost four years ago, my current lodestar rate is

appropriately placed at $800 an hour.   I am advised, based on fee awards made by

courts in cases they have litigated, the Thierman Buck firm has lodestar rates of

$900 an hour for Joshua Buck, $950 an hour for Mark Thierman and $450 an hour for Leah Jones.   A lodestar rate of $450 an hour for Dana Sniegocki is appropriate based on her years of practice experience.  In compliance with the foregoing I have calculated an appropriate base lodestar fee for work performed, and reasonably anticipated to be performed, in this case by plaintiffs' counsel through its conclusion as follows:

Leon Greenberg: 400 hours at $800 an hour = $320,000

Joshua Buck:  156 hours at $900 an hour = $140,400

Dana Sniegocki: 73 hours at $450 an hour = $32,850

Mark Thierman: 3 hours at $950 an hour = $1,850

Leah Jones: 3 hours at $450 an hour = $1,350

Total projected lodestar fee based on above: $496,450

The foregoing lodestar fee calculation does not include anything for a considerable expenditure of paralegal time (I would estimate in excess of 100 hours) in this matter and *Cesarz*.  I am also advised there are additional time expenditures by Mark Thierman in this case and *Cesarz* that were probably not recorded in the Thierman Buck time records.

10.     Prior to the commencement of *Cesarz* in 2013, and this case in 2018, plaintiff's counsel was engaged in extensive and repeated litigations and an administrative proceeding on behalf of the Wynn table games dealers in respect to the disputed tip pooling policy.   Those efforts included the following:

*Baldonado v. Wynn Las Vegas et al.*, "*Baldonado I,*" Eighth Judicial District Court of Nevada, 06-A-528138-C (Seeking relief under Nevada statutes, finding such relief only available through the Nevada Labor Commissioner, appealed and affirmed at 194 P.3d 96 (Nev. Sup. Ct. 2009));

*Baldonado v. Wynn Las Vegas et al.*, "*Baldonado II,*" Administrative Complaint and Proceeding initiated with the Nevada Labor Commissioner seeking relief under Nevada statutes, relief denied by that official after extensive hearings with evidence and witness testimony taken and considered; judicial review sought and relief secured in *Baldonado v. Tanchek*, Eighth Judicial District Court of Nevada, A-10-622879-J; appealed and reversed, relief denied, by *Wynn Las Vegas LLC v. Baldonado*, 311 P.3d 1179 (Nev. Sup. Ct. 2013);

*Tang v. Wynn Las Vegas et al.*, 09-cv-1243-JCM-RJJ (Claims under FLSA, dismissed, appealed, affirmed on appeal by outcome in *Cumbie v. Woody Woo*, 596 F.3d 577 (9th Cir. 2010)).

Plaintiffs' counsel was not paid any fee for the work they performed in the foregoing matters and expended thousands of dollars in unreimbursed costs in

connection with those proceedings.  I have not as of the date of this declaration collected information as to all of the attorney hours spent on the foregoing litigations by all of plaintiffs' counsel.  A partial review of the time records maintained by my office indicates that over the seven year period of such proceedings my office, alone, expended approximately 1,400 or more hours of attorney time (80% or more of such time being mine) in the prosecution of such claims.   My co-counsel also participated in such case prosecutions and expended a significant amount of time, cumulatively I would estimate in excess of 200 hours, doing so.

11.    Plaintiffs seek reimbursement of the following expenses, such expenses being documented in the records of my office or communicated to me by my co-counsel and based on their records:

Travel Costs (9th Circuit Appeal Argument
   Portland, Oregon in *Cesarz*):   $1,569.54

Appellate Printer Costs (*Cesarz*):   $2,560.99

Court filing fees district and court of appeals: $2,560.00

Process service fees:     $281.65

Charles Bass (computer data consultant):  $550.00

Total:  $7,497.18

All of the foregoing expenses were necessary to the prosecution of this case and the *Cesarz* case.   Charles Bass is a computer data consultant who helped analyze certain computer data files produced by the defendant in connection with the

Settlement.  No reimbursement for expenses for travel by counsel within the State of Nevada, or for computerized legal research, copies, or postage, is sought.

### On the appropriateness of the proposed
### service payments to the named plaintiffs

12.     The two named plaintiffs, since 2013 with the commencement of the *Cesarz* case, have devoted significant time and energy to the prosecution of the plaintiffs' claims.  They have facilitated communication among the plaintiffs and plaintiffs' counsel and worked unceasingly to assist plaintiffs' counsel in the prosecution of this case and *Cesarz* and in obtaining all necessary information for the prosecution of both of those cases.  They were instrumental in assisting in negotiating the proposed Settlement and in participating in, and preparing for, the mediation that they both attended resulting in the same.  Neither this case nor the *Cesarz* case could have been prosecuted on behalf of 943 "opt in" plaintiffs without their significant assistance.

### On the appropriateness of the
### proposed administrative costs

13.     The Settlement proposes that an amount not to exceed $25,000 be allocated from the total Settlement fund for the services of claims administrator Simpluris.    That firm is an experienced class action settlement administrator that has been utilized by plaintiffs' counsel in previous matters.  Neither plaintiffs'

counsel, defendant's counsel, nor any of the parties have any interest in that firm. Such firm is highly competent to perform settlement administration services. Based upon the number of FLSA collective action members, and the services they must perform to effectuate the Settlement's terms, I am confident they will be able to complete those services for less than the $25,000 requested allocation.

**On the plaintiffs'**
**counsel's qualifications.**

14.    I have extensive experience in class actions and wage and hour litigation.  I am a magna cum laude graduate of New York Law School and graduated in 1992.  I was first admitted to practice law in 1993.  I am a member of the Bars of the States of New York, New Jersey, Nevada, California and Pennsylvania. I have substantial experience in litigating class actions, in particular wage and hour class action claims, and have been appointed class counsel in a significant number of litigations in various jurisdictions.  These cases include *Flores v. Vassallo*, Docket 01 Civ. 9225 (JSM), United States District Court, Southern District of New York; *Menjivar v. Sharin West et al.*, Index # 101424/96, Supreme Court of the State of New York, County of New York; *Rivera v. Kedmi*, Index # 14172/99, Supreme Court of the State of New York, County of Kings; *Burke v. Chiusano*, Docket 01 Civ. 3509 (KW), United States District Court, Southern District of New York; *Kalvin v. Santorelli*, Docket 01 Civ. 5356 (VM), United States District Court, Southern District of New York.  In all of the

foregoing matters I was appointed sole counsel for the respective plaintiff classes.
All of these litigations involved unpaid wage claims.  I was also appointed class
counsel in *Maraffa v. NCS Inc*., Eighth Judicial District Court, State of Nevada,
Case No. A504053 (2005), Dept. III.  I was appointed sole plaintiffs' class counsel
in that case for a class of plaintiffs seeking damages for improper wage
garnishments. I was also appointed class co-counsel in the following cases:
*Klemme v. Shaw,* Docket CV-S-05-1263 (PMP-LRL), United States District Court,
District of Nevada, in that case representing a class of persons making claims for
unpaid health fund benefits under ERISA; *Williams v. Trendwest,* Docket CV-S-
05-0605 (RCJ/LRL); *Westerfield v. Fairfield Resorts,* Docket CV-S-05-1264
(JCM/PAL); *Leber v. Starpoint*, Docket CV-S-09-01101 (RLH/PAL); and *Brunton
v. Berkeley Group,* Docket CV-S-08-1752 (PMP/PAL), United States District
Court, District of Nevada, on behalf of classes of salespersons denied overtime
wages, minimum wages, and commissions; *Allerton v. Sprint Nextel*, Docket CV-
S-09-1325 (RLH/GWF), United States District Court, District of Nevada, on behalf
of classes of telephone call center workers denied overtime wages and other
wages; *Elliott v. Leatherstocking Corporation*, Docket 10-cv-00934 (MAD-DEP),
United States District Court, Northern District of New York, on behalf of classes
of hotel resort workers denied overtime wages and other wages; *Jankowski v.
Castle Construction*, Docket CV-01-164, United States District Court, Eastern
District of New York, on behalf of a class of construction workers denied overtime

wages; *Levinson v. Primedia*, Docket 02 Civ. 2222 (DAB), United States District Court, Southern District of New York, on behalf of a class of Internet website guides for unpaid commissions due under contract and *Hallissey v. America Online,* Docket 99-CV-03785 (KTD), United States District Court, Southern District of New York, on behalf of a class of Internet "volunteers" for unpaid minimum wages.   The experience of my co-counsel, Mark Thierman, who has been practicing law for 44 years, greatly exceeds mine and he has served as class counsel in a far larger number of wage and hour litigations.


       I have read the foregoing and affirm the same is true and correct.


Affirmed this  21st day of December, 2020

                                         _____/s/ *Leon Greenberg*
                                         Leon Greenberg, Esq.