LEON GREENBERG PROF. CORP..
Leon Greenberg     #8094
2965 South Jones Boulevard
Suite E-3
Las Vegas, NV 89146
Tel:  (702) 383-6085
Fax:  (702) 385-1827
Leongreenberg@overtimelaw.com

THIERMAN BUCK LLP
Mark R. Thierman #8285
Joshua Buck #12187
7287 Lakeside Drive
Reno, NV 89511
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

QUY NGOC TANG and JOSEPH CESARZ, and all persons whose names are set forth in Exhibit A, individually and on behalf of all others similarly situated,

              Plaintiffs,

vs.

WYNN LAS VEGAS, LLC,

              Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:18-cv-00891-APG-GWF

**MOTION TO BE CONDITIONALLY RELIEVED AS COUNSEL**

Counsel for plaintiffs Quy Ngoc Tang and Joseph Cesarz ("Named Plaintiffs"), on behalf of themselves and all persons who filed a consent to join this action pursuant to 29 U.S.C. § 216(b) (collectively "Plaintiffs"), bring this motion pursuant to by Local Rule 11-6 (b) to be conditionally relieved as counsel for any

1

plaintiffs that decline to participate in the Settlement that has been negotiated in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Nature of Case and its Relevant Posture

In addition to the two Named Plaintiffs there are 514 Fair Labor Standards Act ("FLSA") "opt in" plaintiffs in this case.   Plaintiffs' counsel brings this motion in tandem with the parties' simultaneously filed joint motion seeking the Court's approval of their proposed Settlement of this case (the "Approval Motion").   One of the conditions of that Settlement is that this case be dismissed in its entirety for all plaintiffs by a final judgment.  That Settlement is of an "opt in" nature, meaning if it is approved by the Court it will only result in the resolution of the claims of those plaintiffs who affirmatively and voluntarily agree to execute a release.  As discussed in the Approval Motion, the Settlement will result in a final judgment and complete dismissal of this case without compromising or impairing the FLSA claims of any of the 514 "opt in" plaintiffs who do not accept such Settlement.  It does so by dismissing, without prejudice, any such "non-settling" plaintiffs' claims with a statute of limitations toll so their claims can be recommenced in another action.

This motion is brought by plaintiffs' counsel along with the Approval Motion to address the quandary or conflict posed by their expected inability to secure an affirmative agreement to the Settlement from each of their 514 FLSA "opt in"

plaintiffs, as discussed *infra*.  Such counsel seeks to have the Court appropriately relieve plaintiffs' counsel of any obligation to provide further legal representation to such persons.

## ARGUMENT

I.     **THE PROPOSED SETTLEMENT WILL CREATE CIRCUMSTANCES EITHER REQUIRING PLAINTIFFS' COUNSEL TO BE RELIEVED FOR NON-SETTLING PLAINTIFFS OR ALLOWING THEM TO BE RELIEVED**

### A.     The Settlement is proper in respect to its impact on the <u>relationship between plaintiffs' counsel and their clients.</u>

The Settlement's terms are discussed in the Approval Motion.  The Settlement's requirement this case be concluded by a final judgment of dismissal as to all claims of all 514 "opt in" plaintiffs is a condition imposed by the settlement to which Defendant agreed.

Plaintiffs' counsel has ensured that the Settlement, which they support and are recommending to all of the plaintiffs, will dismiss without prejudice the claims of their clients who do not accept the Settlement.  The claims of any non-settling plaintiffs will be subject to a 30 day statute of limitations toll, further ensuring those claims may be brought in a promptly commenced new case without any diminution of their value.   None of the "opt in" plaintiffs have paid any fees to plaintiffs' counsel or any expenses in this litigation and none have been required to participate in discovery or expend time or energy in the prosecution of this case.

The Settlement does not infringe, by its terms, upon the duties owed by

plaintiffs' counsel to the 514 "opt in" plaintiffs.   The Settlement guards and fully preserves the legal rights of every plaintiff.  An "opt in" plaintiff who declines to accept the Settlement, and must promptly commence a new lawsuit to pursue their FLSA claims (if they still seek to pursue them) will not suffer any loss in the value of those claims or the loss of any time or expense they have invested in the prosecution of this case.  The Settlement does not require plaintiffs' counsel to limit their representation of such non-settling plaintiffs in such potential future cases and therefore does not violate Nevada Rules of Professional Conduct Rule 5.6.

**B.    As a practical matter the Settlement cannot be consummated unless plaintiffs' counsel is relieved as counsel for the non-settling plaintiffs**

Given that there are 514 "opt in" plaintiffs in this case it is seems certain that at least one, and presumably more, of those plaintiffs will not execute the necessary release and acceptance form to participate in the Settlement.  Some of those plaintiffs will be unreachable or deceased.  Others, out of sheer inattentiveness or other reasons, may decline to return a Settlement acceptance form or respond to plaintiffs' counsel's inquiries about doing so.  Based on defendant's records two of the plaintiffs in this case, Ricky Takeya and Dilek Phipps, improperly "opted in" to this case and were not employed as table games dealers during the relevant time period.  They would receive nothing from the Settlement and have no claims to release and as a result may not care about

1  authorizing the dismissal of their claims.  If they fail to do so they will remain

2  plaintiffs and plaintiffs' counsel will be charged with a duty to represent them.

3       Plaintiffs' counsel cannot agree to the dismissal of the claims of their clients

4  (opt in plaintiffs) who do not sign a Settlement acceptance form or otherwise

5  communicate their consent to having their claims in this case dismissed.   It seems

6  likely there will be at least one such opt in plaintiff who will fail to affirmatively

7  authorize the dismissal of their claim.  And the Settlement, pursuant to its terms,

8  cannot be consummated unless the claims of every single plaintiff in this case are

9  dismissed.   As a result, the only fair solution for the parties, and plaintiffs' counsel,

10  is to relieve plaintiffs' counsel (upon proper notice to all "opt in" plaintiffs) of their

11  representation of any plaintiffs who decline to authorize the dismissal of their

12  claims.

13  **C.  There is a conflict posed for plaintiffs' counsel between their duties to the plaintiffs who accept the Settlement and those who reject it; such circumstances create a situation that either allows them to be relieved as counsel for the non-settling plaintiffs or requires it.**

14       As discussed in the Approval Motion, plaintiffs' counsel believes the

15  proposed Settlement is very favorable under the circumstances and should be

16  accepted by all of the plaintiffs.  They are recommending its acceptance to all of

17  their clients and would fundamentally disagree with any of the plaintiffs who elect

18  to reject the Settlement and proceed with the prosecution of their claims in this

19  case.  That fundamental disagreement provides an appropriate basis pursuant to

Nevada Rules of Professional Conduct Rule 1.16(b) for the Court to relieve plaintiffs' counsel as the attorney for any plaintiffs who do not accept the Settlement.   Such withdrawal of representation, to be accompanied by a dismissal of that plaintiffs' claims from this case without prejudice, will be accomplished "without material adverse effect on the interests of the client" as required by such rule.   Accordingly, it is proper for the Court to relieve plaintiffs' counsel as counsel for any such non-settling plaintiff on that basis.

The Settlement's condition that this case be dismissed for all of the 514 "opt in" plaintiffs also requires plaintiffs' counsel to withdraw from representing, in this case, plaintiffs who decline to accept the Settlement pursuant to Nevada Rules of Professional Conduct Rule 1.16(a)(1).   Plaintiffs' counsel was separately retained by each of those 514 plaintiffs and has a duty to independently represent each one and follow their instructions.   Each of those 514 plaintiffs has the right to reject any settlement of their individual claims and instruct their counsel to take their claims to trial.

An irreconcilable conflict will arise if even one of the 514 "opt in" plaintiffs were to reject the Settlement and instruct plaintiffs' counsel to proceed to trial in this case on their claim.   The Settlement has been agreed to by the two named plaintiffs and plaintiffs' counsel anticipates that a strong majority of their other clients, the opt in plaintiffs in this case, will accept the Settlement.   Yet by following, as they must, the instructions of even one of those 514 "opt in" plaintiffs

to reject the Settlement and proceed to trial plaintiffs' counsel would render the Settlement unattainable for all of their other clients who want plaintiffs' counsel to secure that Settlement.

Following the instructions of even one plaintiff/client to proceed to trial in this case, while other plaintiff/clients want to consummate the Settlement, would cause plaintiffs' counsel to violate the Nevada Rules of Professional Conduct Rule *See,* NRPC Rule 1.7(a)(1) (An attorney "shall not represent a client" when the "representation of one client will be directly adverse to another client")   Either the client seeking to go to trial in this action with plaintiffs' counsel, or the clients seeking to have plaintiffs' counsel consummate the Settlement, will have their objective obstructed by plaintiffs' counsel's actions (such clients will have "directly adverse" interests).   Accordingly, plaintiffs' counsel, as a result of that violation created of Rule 1.7(a)(1), would have to be relieved from representing one of those now adverse clients or groups of clients.  *See*, NRPC Rule 1.16(a)(1) (Attorney "shall withdraw from representation of a client" if it would result in a violation of another rule of professional conduct).

## II.   THE COURT SHOULD APPROVE THE DISTRIBUTION OF A NOTICE OF MOTION OF PLAINTIFFS' COUNSEL'S REQUEST TO BE RELIEVED FOR ANY NON-SETTLING PLAINTIFFS AND AUTHORIZE RESPONSES TO THE SAME

Local Rule 11-6(b) states an attorney who seeks to withdraw "must file a motion or stipulation and serve it on the affected client" and the affected client

"may" but need not file a response to that motion within 14 days of its filing "unless the court orders otherwise."   It is submitted under LR 11-b(6) the Court can regulate the distribution of notice to a client of an attorney's intention to be relieved as counsel and the response process for clients to that request.


Plaintiffs' counsel are requesting that the Court direct the distribution of a concise form of motion to conditionally be relieved as counsel to all 514 FLSA "opt in" plaintiffs in this case in the form annexed as Exhibit "A."   That form would be distributed with the Settlement notice and acceptance forms discussed in the Approval Motion and is intended to clearly advise any plaintiffs who decline to accept the proposed Settlement of their attorneys' request to be relieved.   It provides a time period that will be far in excess of the 14 days allowed otherwise under LR 11-b(6) for those persons to file objections to that request.  It also advises them of their rights under the terms of the proposed Settlement to continue to pursue the claims they have made in this case by filing a new lawsuit.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CONCLUSION**

Wherefore, the motion of plaintiffs' counsel to be conditionally relieved as counsel for any non-settling plaintiffs and distribute a Court approved notice of that motion should be granted.

Respectfully submitted,

DATED:   December 21, 2020                    LEON GREENBERG PROF. CORP.

By:  _/s/ Leon Greenberg_
Leon Greenberg      #8094
2965 South Jones Boulevard
Suite E-3
Las Vegas, NV 89146
Tel:  (702) 383-6085

Attorneys for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on this   21ST day of   December        , 2020, the undersigned, served a copy of the foregoing **MOTION** pursuant to the Electronic Case Filing system of the United States District Court, District of Nevada on the following parties:

*/s/ Leon Greenberg*

EXHIBIT "A"

1  LEON GREENBERG PROF. CORP..          JAMES P. KEMP
2  Leon Greenberg     #8094             NSB# 6375
   2965 South Jones Boulevard           7435 West Azure Drive #110
3  Suite E-3                            Las Vegas, NV 89130
   Las Vegas, NV 89146                  Tel: (702) 358-1183
4  Tel:  (702) 383-6085
5
6  THIERMAN BUCK LLP
   Mark R. Thierman #8285
7  Joshua Buck #12187
   7287 Lakeside Drive
8  Reno, NV 89511
9
10 Attorneys for Plaintiffs

11            **UNITED STATES DISTRICT COURT**
12              **DISTRICT OF NEVADA**

13 QUY NGOC TANG and JOSEPH        )  Case No. 2:18-cv-00891-APG-GWF
   CESARZ, and all persons whose names )
14 are set forth in Exhibit A, individually )  **NOTICE OF MOTION TO BE**
   and on behalf of all others similarly )  **CONDITIONALLY**
15 situated,                         )  **RELIEVED AS COUNSEL**
                                     )
16            Plaintiffs,            )
   vs.                               )
17                                   )
   WYNN LAS VEGAS, LLC,             )
18                                   )
            Defendant.               )
19 _____ )
   _____
20
21      TO:    (Name and Mailing Address of Opt In Plaintiff)

22      YOU ARE RECEIVING THIS NOTICE ALONG WITH A "NOTICE OF
23 SETTLEMENT IN WYNN TIP POOLING CASES" EXPLAINING YOUR
   RIGHT TO PARTICIPATE IN A PROPOSED SETTLEMENT OF THIS CASE.
24 **IF YOU HAVE DECIDED TO ACCEPT THAT SETTLEMENT AND ARE**
   **SIGNING AND RETURNING A "SETTLEMENT OFFER AND RELEASE"**
25 **FORM YOU SHOULD IGNORE THIS NOTICE AS IT DOES NOT APPLY**
26 **TO YOU.**
27
28      IF YOU ARE _**NOT**_ RETURNING A "SETTLEMENT OFFER AND
   RELEASE" FORM REGARDING THE PROPOSED SETTLEMENT OF THIS

1

CASE OR INTEND TO REJECT THAT PROPOSED SETTLEMENT YOU
SHOULD READ THIS NOTICE.  IT ADVISES YOU OF THE REQUEST OF
YOUR ATTORNEYS IN THIS CASE TO BE RELIEVED AS YOUR
ATTORNEYS SO THIS CASE MAY BE DISMISSED AND THE PROPOSED
SETTLEMENT COMPLETED.  THAT DISMISSAL WILL NOT PREVENT
YOU FROM PROCEEDING WITH THE CLAIMS YOU HAVE MADE IN THIS
CASE, BUT TO DO THAT YOU WILL HAVE TO FILE A NEW LAWSUIT
WITHIN A LIMITED AMOUNT OF TIME AND YOUR CURRENT
ATTORNEYS ARE NOT REQUIRED TO ASSIST YOU WITH DOING THAT.

### Why does this notice apply to me if I am not accepting the proposed Settlement of this case?

When you filed a claim as part of this lawsuit against the Wynn Casino for
tips allegedly owed to you and other casino table games dealers you agreed to be
represented by the three attorneys listed at the top of the first page of this notice
(Leon Greenberg, J.P. Kemp and Mark Thierman).  Those attorneys have
negotiated a proposed Settlement of this case and are recommending that you and
all of the other plaintiffs in this case (all of the Wynn dealers who joined this case)
accept that settlement.  The terms of that Settlement are explained in the other
papers you are receiving with this notice.

You do not have to accept the proposed Settlement of this case.  But the
attorneys representing you in this case believe they cannot continue to represent
you in this case, and do not want to continue to represent you, if you do not want to
accept that Settlement.  One of the conditions of that Settlement is that this entire
case be dismissed for all of the over 500 Wynn dealers who have joined this case.
The attorneys who represent you believe, based on that condition of the Settlement,
it would be conflict of interest under the Nevada Rules of Professional Conduct for
attorneys, Rule 1.7(a)(1) for them to continue to represent anyone who does not
accept the Settlement  They believe that conflict of interest, and their strong belief
all of the plaintiffs in this case should accept that Settlement, either requires or
allows the Court, pursuant to Nevada Rules of Professional Conduct for attorneys,
Rules 1.16(a)(1) and 1.16(b), to relieve them as the attorney for any plaintiff who
refuses to accept that settlement.   In compliance with that belief, the attorneys who
represent you in this case are asking the Judge to relieve them as your attorneys if
you are not agreeing to the Settlement of this case and are not signing and
returning a "Settlement Offer and Release" form.

**What can I do in response to this notice if I am not**
**accepting the proposed Settlement of this case?**

The purpose of this notice is to ensure you are advised of your rights and your attorneys' request to be relieved as your attorneys if you choose to not accept the proposed Settlement. The Court in this case must decide whether to grant that request of your attorneys. The Court currently plans to decide that request on INSERT DECISION DATE. The Court has not yet decided whether to grant that request.

You do not have to do anything in response to this notice. You have the right to tell the Court of any objections you have to your attorneys' request to be relieved as your attorneys. The Court will consider any objections you have to that request. But if you want the Court to consider those objections you must make them in writing and have them filed with the Court, and delivered to your attorneys at the three addresses listed at the top of page one of this notice, no later than INSERT DATE 21 DAYS PRIOR TO DECISION DATE. The Court is located at Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101 and the Judge who will decide the request of your attorneys to be relieved as your attorney is United States District Judge Andrew P. Gordon. You should not telephone or attempt to speak with the Judge or his staff directly and may want to seek assistance from an attorney regarding the filing any objections you may want to make.

**If I am not accepting the proposed Settlement of this case**
**and the Court grants my attorneys' request to be relieved**
**can I still have the Court to decide the claims I made in this case?**

A decision by the Court granting your attorneys' request to be relieved as your attorneys does not change your right to have the Court decide the claims you made in this case. It only means those attorneys have no further responsibility to take any action on your behalf. The proposed Settlement contains terms that will allow you to fully pursue those claims by filing a new lawsuit within a limited amount of time. If you file that new lawsuit within 30 days from the date a final judgment is entered in this case, you will have the right to pursue with equal force all of the claims you made in this case. If you wait beyond that time period to file such a new case you may not. If you are not accepting the proposed Settlement and the Court grants your attorneys' request to be relieved as your attorneys you may want to find another attorney to assist you in pursuing your claims in a new lawsuit. Your current attorneys have not agreed assist you in filing any such new lawsuit and are not required to assist you with doing so.